**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**Stephen M. Bressler** (State Bar No. 009032)
Direct Dial: 602.262.5376
Email: SBressler@lewisroca.com

**Andrew Jacobsohn** (State Bar No. 037792)
Direct Dial: 602.262.5782
Email: AJacobsohn@lewisroca.com

*Attorneys for Interpleader Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Transamerica Life Insurance Company,

Interpleader Plaintiff,

v.

Tayjalaya S. Williams, Brittany A. Retzlaff, Collin A. Retzlaff and Denise A. Hollas,

Interpleader Defendants.

No.

**COMPLAINT IN INTERPLEADER**

Plaintiff Transamerica Life Insurance Company files this Interpleader Complaint against Defendants Tayjalaya S. Williams, Brittany A. Retzlaff, Collin A. Retzlaff and Denise A. Hollas to resolve competing claims to the death benefit in a life insurance policy.

**PARTIES**

1. Transamerica is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Cedar Rapids, Iowa. Transamerica is authorized to transact business in the State of Arizona.

2. Upon information and belief, Tayjalaya S. Williams is a citizen of the State of Arizona, presently residing in Yuma, Arizona. Upon further information and belief, Tayjalaya S. Williams is the widow of decedent and insured Thomas Retzlaff (the "Insured").

3. Upon information and belief, Brittany A. Retzlaff is a citizen of the State of



LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Arizona, presently residing in El Mirage, Arizona. Upon further information and belief, Brittany A. Retzlaff is the daughter of the Insured.

4. Upon information and belief, Collin A. Retzlaff is a citizen of the State of Arizona, presently residing in El Mirage, Arizona. Upon further information and belief, Collin A. Retzlaff is the son of the Insured.

5. Upon information and belief, Denise A. Hollas is a citizen of the State of Arizona, presently residing in El Mirage, Arizona. Upon further information and belief, Denise A. Hollas was previously married to and was later divorced from the Insured.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Transamerica and the Defendants, and because of the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) because it is the judicial district in which one or more of the Defendants resides, and because a substantial part of the events giving rising to the claim occurred in this district.

**GENERAL ALLEGATIONS**

8. On August 21, 2018, Transamerica issued a life insurance policy insuring the life of Insured with a death benefit of $100,000.00 – Policy No. 6600534140 (the "Policy," attached as **Exhibit A**). There were no contingent beneficiaries. The Policy specifies that if the interest of all primary beneficiaries ends before payment of the death benefit, the death benefit is to be paid to the Insured's estate. *See* **Exhibit A** at 4.

9. In the application that was attached to and became part of the Policy, the Insured designated Brittany A. Retzlaff, Collin A. Retzlaff and Denise A. Hollas as the primary beneficiaries. Brittany A. Retzlaff was to receive 45% of the death benefit, Collin A. Retzlaff was to receive 45% of the death benefit, and Denise A. Hollas was to receive 10% of the death benefit.

10. During the lifetime of the Insured, Transamerica received change of

beneficiary requests (attached as **Exhibit B**). Specifically, on November 10, 2020, Transamerica updated the Policy pursuant to Insured's change of beneficiary request to name Collin A. Retzlaff and Denise A. Hollas as the only primary beneficiaries. This change specified that Collin A. Retzlaff was to receive 90% of the death benefit, and Denise A. Hollas was to receive 10% of the death benefit.

11. On June 1, 2021, Transamerica updated the Policy pursuant to a change of beneficiary request to name Tayjalaya S. Williams and Collin A. Retzlaff as the only primary beneficiaries. *See* **Exhibit B**. This change specified that Tayjalaya S. Williams was to receive 75% of the death benefit, and Collin A. Retzlaff was to receive 25% of the death benefit.

12. On August 28, 2021, the Insured married Tayjalaya S. Williams. A copy of the Record of Marriage is attached as **Exhibit C.**

13. Four days after getting married, the Insured was murdered on September 1, 2021 in El Mirage, Arizona. A copy of the Insured's Certificate of Death is attached as **Exhibit D**. The Arizona Department of Health Services ruled the Insured's death a homicide. *See* **Exhibit D**.

14. On September 2, 2021, one day after the Insured was murdered, Transamerica received a beneficiary change request to name Tayjalaya S. Williams as the sole beneficiary, to receive 100% of the death benefit. This request was dated August 28, 2021. Transamerica was unable to verify the authenticity of the signature of the Insured, and has not executed this change. *See* **Exhibit B**.

15. Upon information and belief, the El Mirage Police Department is conducting a murder investigation into the Insured's death. Detectives from the El Mirage Police Department informed Transamerica that neither Collin Retzlaff nor Tayjalaya S. Williams have been cleared of involvement in the death of the Insured. Specifically, on February 1, 2022, Transamerica spoke with the El Mirage police department, who stated that Collin Retzlaff was not cleared of involvement, and that Tayjalaya S. Williams was the prime suspect.





LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

16. Transamerica continued to communicate with the El Mirage police department. On August 30, 2023, Detective Jason Vargas of the El Mirage police department advised Transamerica that their investigation had not changed and that they were still unable to clear Collin Retzlaff of involvement. On October 10, 2023, Detective Joe Johnston again advised Transamerica that the investigation remained ongoing.

17. As a result of Insured's death, the $100,000 death benefit ("Policy Benefits") became payable.

18. The federal common law and the laws of every jurisdiction nationwide prohibit a beneficiary who was responsible for the death of an insured from profiting from her own wrongs. *See e.g.*, *Egelhoff v. Egelhoff*, 532 U.S. 141, 152 (2001) (citing *Riggs v. Palmer*, 115 N.Y. 506 (1889)), and noting in dictum that the principles underlying state slayer statues "are well established in the law and ha[ve] a long historical pedigree").

19. Further, Arizona's "slayer statute" provides that "[a] person who feloniously and intentionally kills the decedent forfeits all benefits …with respect to the decedent's estate, including an intestate share, an elective share, an omitted spouse's or child's share, a homestead allowance, exempt property and a family allowance. If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed that person's intestate share." A.R.S. § 14-2803(A). The statute further provides that the felonious and intentional killing of the decedent revokes any revocable (a) disposition or appointment of property made by the decedent to the killer in a governing instrument and (b) nomination of the killer in a governing instrument, nominating or appointing the killer to serve in any fiduciary or representative capacity, including a trustee or agent. Ariz. Rev. Stat. Ann. § 14-2803 (B). Courts have held that this statute applies to life insurance policies, as well. *See*, *e.g.*, *Protective Life Ins. Co. v. Mizioch*, 2011 WL 587963, at *3 (D. Ariz. Feb. 10, 2011) (finding Arizona's slayer statute prohibits one "who feloniously and intentionally kills the decedent" from obtaining any benefits from the decedent's estate, including any applicable life insurance policies); *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 57–58 (Ct. App. 2009) (holding that under Arizona's slayer statute wife responsible for murder of her

husband not entitled to any portion of his life insurance proceeds). Arizona's slayer statute does not require a conviction to render a beneficiary ineligible to collect death benefit proceeds and instead a civil determination under the preponderance of the evidence standard would also render a beneficiary ineligible. *See* A.R.S. § 14-2803(F).

20. Denise A. Hollas claimed entitlement to the Policy Benefits on December 11, 2021. A copy of Denise A. Hollas's claim request is attached as **Exhibit E**.

21. Brittany A. Retzlaff claimed entitlement to the Policy Benefits on December 13, 2021. A copy of Brittany A. Retzlaff's claim request is attached as **Exhibit F**.

22. Collin A. Retzlaff claimed entitlement to the Policy Benefits on December 14, 2021. A copy of Collin A. Retzlaff's claim request is attached at **Exhibit G**.

23. Tayjalaya S. Williams claimed entitlement to the Policy Benefits on or about October 19, 2023. A copy of Tayjalaya S. Williams's claim request is attached at **Exhibit H**.

**INTERPLEADER**

24. Transamerica is ready, willing, and able to pay the Policy Benefits.

25. But Transamerica cannot determine without peril the proper beneficiary to whom the Policy Benefits are owed.

26. Transamerica claims no beneficial interest in the Policy Benefits, and Transamerica is instead a mere stakeholder.

27. Unless the potentially conflicting claims of the Defendants are disposed of in a single proceeding, Transamerica may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy Benefits.

28. Transamerica requests permission to pay the Policy Benefits into the Registry of the Court upon issuance of an order authorizing the deposit of the interpleader funds.

29. Transamerica is entitled to and seeks an order enjoining the Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any

LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

action in any state or federal court against Transamerica for the recovery of any claim, in whole or in part, regarding the Policy Benefits.

30. Transamerica should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees pursuant to A.R.S. §12-341.01 and costs for the services rendered in prosecuting this interpleader action.

**PRAYER FOR RELIEF**

Wherefore, Transamerica requests that this Court enter a judgment in its favor and against the Defendants as follows:

a. That the Policy Benefits be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the direction of this Court;

b. That the Court adjudicate the issue of who among the Defendants is rightfully entitled to the Policy Benefits;

c. That the Court enter an order enjoining each of the Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against Transamerica for the recovery of any claim, in whole or in part, regarding the Policy Benefits;

d. That an award be made to Transamerica out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Transamerica is compelled to expend in the prosecution of this interpleader lawsuit;

e. That Transamerica be dismissed with prejudice from this action and discharged from any and all further liability with respect to, affecting, or in any way relating to the Policy Benefits; and

f. That Transamerica be awarded such other and further relief as the Court may deem just and proper.

LEWIS ROCA
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

DATED this 23rd day of February, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Andrew Jacobsohn*
Stephen M. Bressler
Andrew Jacobsohn
*Attorneys for Interpleader Plaintiff Transamerica Life Insurance Company*