# EXHIBIT A



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

**(Referred to as the Company, we, our or us)**

TLSB**15**

**Policy Number:**  6600534140

**Initial Face Amount:**      $100,000

**Policy Date:**         AUG 21, 2018

**Insured:** TOM C RETZLAFF

**Owner(s):** TOM C RETZLAFF

We will pay the death benefit to the Beneficiary if the Insured dies while this policy is In Force.   All payments are subject to the provisions of this policy.

Signed for the Company at Cedar Rapids, Iowa on the Date of Issue.

Jay Orlandi, Secretary                    Blake Bostwick, President

**10 DAY RIGHT TO CANCEL** - You may cancel this policy by delivering or mailing a Written Request to us or to the agent from whom it was purchased.   You must return the policy to us or the agent before midnight of the 10th day after the day you receive it (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery).   Your Written Request given by mail and return of the policy by mail are effective on being postmarked, properly addressed and postage prepaid.  We must return all payments made for this policy, including any fees or charges, within 30 days after we receive notice of cancellation and the returned policy.

If you are terminating or borrowing from another life insurance policy owned by you in connection with your purchase of this policy, then this policy may be considered a replacement policy.  If this policy is a replacement policy, your right to cancel is extended to midnight of the 30th day after the day you receive it (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery).

**Term Insurance to the Policy Anniversary at the Insured's Age 105**
**Level Death Benefit Payable at Death of the Insured**
**Prior to the Policy Anniversary at the Insured's Age 105**

**Premiums Payable During the Life of the Insured to the**
**Policy Anniversary at the Insured's Age 105**

**Premiums are Subject to Changes as Stated in the Schedules of**
**Premiums Provision, But Will Not Exceed Specified Guaranteed Premiums**

**See Schedule of Guaranteed and Non-Guaranteed Premiums in the Policy Data for Amount of Premiums**

**Nonparticipating – No Dividends**

**If you have a complaint, you can contact your State Insurance Department at:**
(602)364-2499   AZ

ICC16 TL24                              Page 1

This policy is a legal contract between you and the Company.

**READ YOUR POLICY CAREFULLY**

**GUIDE TO POLICY PROVISIONS**

Assignment of the Policy ............................................................................................. 4
Beneficiary Rights ..................................................................................................... 4
Change of Beneficiary ................................................................................................ 4
Conformity with Interstate Insurance Product Regulation standards................................. 7
Death Benefit ........................................................................................................... 4
Definitions................................................................................................................ 3
Dividends................................................................................................................. 8
Grace Period for Paying Premiums............................................................................... 6
Incontestability of the Policy....................................................................................... 7
Interest from Date of Death ........................................................................................ 5
Misstatement of Age or Sex ....................................................................................... 7
Ownership Provisions ................................................................................................ 4
Payment of the Death Benefit..................................................................................... 5
Policy Contract ......................................................................................................... 6
Policy Data............................................................................................................... 2
Policy Date............................................................................................................... 2
Premiums ................................................................................................................ 5
Proof of Death .......................................................................................................... 5
Reinstatement .......................................................................................................... 6
Riders ..................................................................................................................... 7
Schedule of Premiums ............................................................................................ 5-6
Settlement Provisions ................................................................................................ 8
Suicide .................................................................................................................... 7
Termination of Insurance............................................................................................ 7
Your Rights .............................................................................................................. 8

DUPLICATE

P O L I C Y   D A T A

|  |  |
|---|---|
|  | AUG 21 2018   POLICY DATE |
| EXPIRY DATE      AUG 21 2071 | 52   AGE OF INSURED |
| INSURED      TOM C RETZLAFF | 6600534140   POLICY NUMBER |
|  |  |
| FACE AMOUNT      $100,000 | AUG 21 2018   DATE OF ISSUE |
| SEX OF INSURED      MALE | LAST DATE TO |
| OWNER      THE INSURED | AUG 21 2033   CONVERT |
| FIRST PREMIUM | STANDARD   CLASS OF RISK |
| INCREASE DATE      AUG 21 2033 | NON-SMOKER |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CHARGE FOR ANY ADDITIONAL BENEFITS WHICH ARE PROVIDED BY RIDER IS SHOWN
BELOW.   ONLY A BRIEF DESCRIPTION IS GIVEN.   THE COMPLETE PROVISIONS ARE
INCLUDED IN THE RIDER.

| RIDER NUMBER | SCHEDULE OF ADDITIONAL BENEFITS | ANNUAL PREMIUM* |
|---|---|---|
| ------------ | ------------------------------ | -------------- |
|  | NONE | NO CHARGE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOTAL ANNUAL PREMIUM ON POLICY DATE                    $475.00*

*THE "ANNUAL PREMIUM" AND "TOTAL ANNUAL PREMIUM ON POLICY DATE" LISTED ON
THIS PAGE ARE THE AMOUNT YOU WILL PAY PER YEAR ONLY IF YOU CHOOSE THE ANNUAL
PREMIUM PAYMENT MODE.   THE AMOUNT YOU PAY PER YEAR MAY BE HIGHER IF YOU PAY
PURSUANT TO ANY OTHER PAYMENT MODE.

INITIAL PREMIUM AMOUNT AND MODE           $40.85 MONTHLY       PAC
          TOTAL PAYMENTS PER YEAR                              $490.20

                         SCHEDULE OF PREMIUMS
TOTAL FIRST YEAR PREMIUMS (SEE FOLLOWING PAGES FOR PREMIUMS FOR LATER YEARS):

| POLICY YEAR | ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY |
|---|---|---|---|---|
| YEARS 1 - 15 | $475.00 | $242.25 | $122.31 | $40.85 |

| TOTAL PAYMENTS |  |  |  |  |
|---|---|---|---|---|
| PER YEAR | $475.00 | $484.50 | $489.24 | $490.20 |

THE SCHEDULE OF PREMIUMS ABOVE IS FOR PAC BILLING ONLY.   A SCHEDULE OF
PREMIUMS FOR OTHER PAYMENT MODES WILL BE PROVIDED ON REQUEST.

P O L I C Y   D A T A   ( C O N T I N U E D )

SCHEDULE OF NON-GUARANTEED PREMIUMS
- ANNUAL PREMIUMS* -

| POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS | POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS |
|---|---|---|---|
| AUG 21 2019 | $475.00 | AUG 21 2045 | $10,323.00 |
| AUG 21 2020 | 475.00 | AUG 21 2046 | 11,658.00 |
| AUG 21 2021 | 475.00 | AUG 21 2047 | 13,183.00 |
| AUG 21 2022 | 475.00 | AUG 21 2048 | 14,928.00 |
| AUG 21 2023 | 475.00 | AUG 21 2049 | 16,950.00 |
| AUG 21 2024 | 475.00 | AUG 21 2050 | 19,300.00 |
| AUG 21 2025 | 475.00 | AUG 21 2051 | 22,023.00 |
| AUG 21 2026 | 475.00 | AUG 21 2052 | 25,160.00 |
| AUG 21 2027 | 475.00 | AUG 21 2053 | 28,735.00 |
| AUG 21 2028 | 475.00 | AUG 21 2054 | 32,693.00 |
| AUG 21 2029 | 475.00 | AUG 21 2055 | 36,948.00 |
| AUG 21 2030 | 475.00 | AUG 21 2056 | 41,403.00 |
| AUG 21 2031 | 475.00 | AUG 21 2057 | 45,700.00 |
| AUG 21 2032 | 475.00 | AUG 21 2058 | 46,375.00 |
| AUG 21 2033 | 2,585.00 | AUG 21 2059 | 49,408.00 |
| AUG 21 2034 | 2,853.00 | AUG 21 2060 | 52,644.00 |
| AUG 21 2035 | 3,163.00 | AUG 21 2061 | 57,011.00 |
| AUG 21 2036 | 3,530.00 | AUG 21 2062 | 61,052.00 |
| AUG 21 2037 | 3,965.00 | AUG 21 2063 | 65,352.00 |
| AUG 21 2038 | 4,478.00 | AUG 21 2064 | 69,931.00 |
| AUG 21 2039 | 5,068.00 | AUG 21 2065 | 74,802.00 |
| AUG 21 2040 | 5,735.00 | AUG 21 2066 | 78,675.00 |
| AUG 21 2041 | 6,470.00 | AUG 21 2067 | 83,303.00 |
| AUG 21 2042 | 7,278.00 | AUG 21 2068 | 88,204.00 |
| AUG 21 2043 | 8,170.00 | AUG 21 2069 | 93,386.00 |
| AUG 21 2044 | 9,173.00 | AUG 21 2070 | 98,873.00 |

THE "SCHEDULE OF NON-GUARANTEED PREMIUMS" ON THIS PAGE SHOWS THE AMOUNT YOU PAY PER YEAR ONLY IF YOU CHOOSE THE ANNUAL PREMIUM PAYMENT MODE.  THE AMOUNT YOU PAY PER YEAR MAY BE HIGHER IF YOU PAY PURSUANT TO ANY OTHER PAYMENT MODE.

*INCLUDES ANNUAL POLICY FEE OF $30.00.  POLICY FEE MAY BE HIGHER IF YOU PAY PURSUANT TO ANY PAYMENT MODE OTHER THAN ANNUAL.

P O L I C Y   D A T A   ( C O N T I N U E D )

SCHEDULE OF GUARANTEED PREMIUMS
- ANNUAL PREMIUMS* -

| POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS | POLICY YEAR BEGINNING | POLICY EXCLUDING RIDERS |
|---|---|---|---|
| AUG 21 2019 | $475.00 | AUG 21 2045 | $10,323.00 |
| AUG 21 2020 | 475.00 | AUG 21 2046 | 11,658.00 |
| AUG 21 2021 | 475.00 | AUG 21 2047 | 13,183.00 |
| AUG 21 2022 | 475.00 | AUG 21 2048 | 14,928.00 |
| AUG 21 2023 | 475.00 | AUG 21 2049 | 16,950.00 |
| AUG 21 2024 | 475.00 | AUG 21 2050 | 19,300.00 |
| AUG 21 2025 | 475.00 | AUG 21 2051 | 22,023.00 |
| AUG 21 2026 | 475.00 | AUG 21 2052 | 25,160.00 |
| AUG 21 2027 | 475.00 | AUG 21 2053 | 28,735.00 |
| AUG 21 2028 | 475.00 | AUG 21 2054 | 32,693.00 |
| AUG 21 2029 | 475.00 | AUG 21 2055 | 36,948.00 |
| AUG 21 2030 | 475.00 | AUG 21 2056 | 41,403.00 |
| AUG 21 2031 | 475.00 | AUG 21 2057 | 50,509.00 |
| AUG 21 2032 | 475.00 | AUG 21 2058 | 57,872.00 |
| AUG 21 2033 | 2,585.00 | AUG 21 2059 | 67,898.00 |
| AUG 21 2034 | 2,853.00 | AUG 21 2060 | 82,249.00 |
| AUG 21 2035 | 3,163.00 | AUG 21 2061 | 88,530.00 |
| AUG 21 2036 | 3,530.00 | AUG 21 2062 | 99,030.00 |
| AUG 21 2037 | 3,965.00 | AUG 21 2063 | 99,030.00 |
| AUG 21 2038 | 4,478.00 | AUG 21 2064 | 99,030.00 |
| AUG 21 2039 | 5,068.00 | AUG 21 2065 | 99,030.00 |
| AUG 21 2040 | 5,735.00 | AUG 21 2066 | 99,030.00 |
| AUG 21 2041 | 6,470.00 | AUG 21 2067 | 99,030.00 |
| AUG 21 2042 | 7,278.00 | AUG 21 2068 | 99,030.00 |
| AUG 21 2043 | 8,170.00 | AUG 21 2069 | 99,030.00 |
| AUG 21 2044 | 9,173.00 | AUG 21 2070 | 99,030.00 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE "SCHEDULE OF GUARANTEED PREMIUMS" ON THIS PAGE SHOWS THE AMOUNT YOU
PAY PER YEAR ONLY IF YOU CHOOSE THE ANNUAL PREMIUM PAYMENT MODE.  THE AMOUNT
YOU PAY PER YEAR MAY BE HIGHER IF YOU PAY PURSUANT TO ANY OTHER PAYMENT MODE.

*INCLUDES ANNUAL POLICY FEE OF $30.00.  POLICY FEE MAY BE HIGHER IF YOU PAY
PURSUANT TO ANY PAYMENT MODE OTHER THAN ANNUAL.

## DEFINITIONS

| | |
|---|---|
| **Age** | A person's age in years on his or her last birthday, unless otherwise specified. For purposes of this policy, the Insured's Age changes on each Policy Anniversary. |
| **Beneficiary** | A person designated to receive all or a portion of the death benefit on the death of the Insured. You may name both a Primary and Contingent Beneficiary. A Primary or Contingent Beneficiary named on the application may be changed as provided in this policy. |
| **Date of Issue** | The date this policy is prepared in our office. The Date of Issue is shown in the Policy Data. The Date of Issue may or may not be the same as the Policy Date. |
| **Expiry Date** | The date on which coverage under this policy expires. The Expiry Date is the Policy Anniversary at the Insured's Age 105 and is shown in the Policy Data. |
| **Face Amount** | An amount used in determining the amount of this policy's death benefit. The Face Amount is shown in the Policy Data. The actual amount we pay on the death of the Insured may be adjusted as described in this policy. |
| **In Force** | Insurance coverage is in effect and has not terminated. |
| **Insured** | The person whose life is insured under this policy. The Insured is identified in the Policy Data. |
| **Lapse** | Termination of this policy at the end of the grace period due to non-payment of premiums. If this policy Lapses, the Insured's life will no longer be insured under the terms of this policy. |
| **Monthly Policy Date** | The day of each month coinciding with the Policy Date. If there is no day in the calendar month that coincides with the Policy Date, the Monthly Policy Date of that month will be the first day of the following month. |
| **Policy Anniversary** | The same day and month as the Policy Date for each year this policy remains In Force. |
| **Policy Date** | The date the coverage is effective under this policy. We will use the Policy Date to determine the premium due dates, Monthly Policy Dates, Policy Anniversaries and, Policy Years. The Policy Date is shown in the Policy Data. |
| **Policy Year** | The 12-month period directly preceding a Policy Anniversary. |
| **Reinstate** | To restore coverage after this policy has Lapsed, in accordance with the Reinstatement provision. |
| **Rider** | An attachment to this policy that provides an additional benefit. |
| **Written Request** | A signed request in a form satisfactory to us that is received at our Administrative Office. |
| **You** and **your** | The owner(s) of this policy. The owner(s) as of the Date of Issue are shown in the Policy Data. Ownership may be transferred as provided in this policy. Following a transfer of ownership, you and your will refer to the new owner(s). |

## OWNERSHIP

| | |
|---|---|
| **Owner of the Policy** | The owner may exercise all rights under this policy during the Insured's lifetime, including the right to transfer ownership subject to applicable law and regulation. If ownership is shared by more than one person, all such persons must act together to exercise a right.  Unless otherwise specified, if a co-owner dies during the Insured's lifetime, the co-owner's interest in this policy will pass to the remaining co-owners.  If the owner or all co-owners die during the Insured's lifetime, ownership will pass to the contingent owner, if one has been named; otherwise, ownership will pass to the owner's estate.  You may change the owner by filing a Written Request with us.  We will not be bound by any change of ownership until we record it in our records.  Unless otherwise specified by you, the change will then take effect as of the date the change is signed by you, subject to any payments made or actions taken by us prior to our recording of the change. |
| **Assignment of the Policy** | You may assign this policy by filing a Written Request with us.  We will not be bound by any assignment until we record it in our records.  Unless otherwise specified by you, the assignment will then take effect on the date the assignment is signed by you, subject to any payments made or actions taken by us prior to our recording of the assignment.  We assume no responsibility for the validity or effect of any assignment of this policy or of any interest in it.  Any death benefit which becomes payable to an assignee will be payable in a single sum and will be subject to proof of the assignee's interest and the extent of the assignment. |

## THE BENEFICIARY

| | |
|---|---|
| **Who Receives the Death Benefit** | When the death benefit is payable under this policy, we will pay it to the Primary Beneficiary named by you in accordance with this policy.  If no Primary Beneficiary has been designated, or if the interest of all designated Primary Beneficiaries has ended before we make payment of the death benefit, we will pay the death benefit to the Contingent Beneficiary, if one has been named.  If the interest of all designated Primary and Contingent Beneficiaries has ended before we make payment of the death benefit, we will pay the death benefit to you.  If you are not living at that time, we will pay the death benefit to your estate.

Unless you specify otherwise, the following will apply:

1. If any Beneficiary dies before the Insured, at the same time as the Insured, or within 30 days after the Insured, that Beneficiary's interest in the death benefit will end, except as to any death benefits we have already paid to that Beneficiary.
2. If a Beneficiary is a partnership, we will pay the death benefit to the partnership as it existed when the Insured died. |
| **How to Change a Beneficiary** | You may name or change a Primary or Contingent Beneficiary while the Insured is living by sending us a Written Request.  The change will not be effective until we record it in our records.  Even if the Insured is not living when we record the change, the change will take effect as of the date it was signed, unless otherwise specified by you.  However, any benefits we pay before we record the change will not be subject to the change.

A Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary. |

## THE DEATH BENEFIT

| | |
|---|---|
| **Amount of the Death Benefit** | The amount of the death benefit is equal to the Face Amount.  The amount of the death benefit may be affected by the Misstatement of Age or Sex provision of this policy. |

## PAYMENT OF THE DEATH BENEFIT

**Proof of Death**

We will pay any benefit payable because of death when we receive due proof that the Insured's death occurred while this policy was In Force. The proof must be sent to us at our Administrative Office. We will send appropriate forms to the Beneficiary upon request. Any of our agents will help the Beneficiary fill out the forms without charge.

**Adjustments to the Death Benefit**

Before paying the death benefit we will add to the amount of the payment the amount of any portion of a paid premium which applies to a period beyond the Insured's date of death (excluding any premiums waived under any Rider attached to this policy). We will also adjust the amount of the payment in accordance with any attached Riders, subject to their terms.

We will reduce the amount of the payment by any amount necessary to provide insurance to the date of the Insured's death occurring during a grace period.

**Interest from Date of Death**

We will pay interest on the death benefit under this policy after we receive due proof of the Insured's death. We will pay interest on the death benefit from the date of death to the date of payment. The annual interest rate will be at least the greater of 1% or the rate paid by us on funds left on deposit as of the date of death of the Insured. We will pay additional interest at a rate of 10% annually, beginning with the date that is 31 calendar days from the latest of items 1, 2 and 3 below to the date payment is made: 1. The date we receive due proof of the Insured's death. 2. The date we receive sufficient information to determine our liability, the extent of our liability and the appropriate payee legally entitled to the death benefit. 3. The date that legal impediments to payment of the death benefit that depend on the action of parties other than us are resolved and sufficient evidence is provided to us. Legal impediments include, but are not limited to: a) The establishment of guardianships and conservatorships; b) The appointment and qualification of trustees, executors and administrators; and c) The submission of information required to satisfy state and federal reporting requirements. If the death benefit includes a refund of premiums received by us after the Insured's death and we do not refund those premiums within 30 days after we receive due proof of the insured's death, we will pay interest on such refund from the date of death to the date of payment. The interest rate will be determined by us, but will never be less than 1% annually.

## PREMIUMS

**Premiums**

To keep this policy in force, each premium must be paid in advance. Premiums should be sent to our Administrative Office or as otherwise instructed by us. We will give you a receipt if you ask for one. The first premium is due on the Policy Date. Subsequent premiums are payable while the Insured is living and within the grace period. If a part of the premium ceases to be payable under the provisions of a Rider, the premium will be reduced accordingly. The mode of premium payment may be changed on any Policy Anniversary to any other mode shown in the Policy Data.

**Schedule of Premiums**

Premiums for this policy (excluding premiums for certain Riders) will remain level until the First Premium Increase Date shown in the Policy Data. Beginning on the First Premium Increase Date, premiums will increase annually.

The Policy Data includes two schedules of annual premiums. For any Policy Year after the First Premium Increase Date, we may charge a lower premium than the guaranteed annual premium, but we will not charge a higher annual premium. Any lower annual premium will be in effect for one year and will apply to all policies having the same plan, issue year, class of risk, face amount, sex, and premium schedule as the this policy.

ICC16 TL24                                        Page 5

The Schedule of Non-Guaranteed Premiums shown in the Policy Data is based on our current premium scale, but is not guaranteed. Any change in the non-guaranteed premium rates will be prospective and will be subject to our expectation as to future cost factors. Such cost factors may include, but are not limited to: mortality; expenses; interest; persistency; regulatory changes; and any applicable federal, state and local taxes.

The semi-annual, quarterly and monthly premiums for each Policy Year will be determined on the same basis used to determine the initial semi-annual, quarterly and monthly premiums.

**Grace Period**

If premiums are not paid when they are due, this policy will Lapse. We will allow a period of 31 days after the premium due date for payment of each premium after the first premium. This means that if a premium is not paid on or before the date it is due, you may pay that premium during the 31 day period immediately following the due date. The insured's life will continue to be insured during this 31 day period. During the grace period, we will not charge any interest on the premium due. If you do not pay the premium due before the end of the grace period, this policy will Lapse and all coverage will terminate. You will have the entire grace period within which to remit payment. Any payments sent by U.S. mail must be post marked within the grace period. If the Insured dies during the grace period before the premium is paid, we will deduct the portion of the premium required to provide insurance from the premium due date to the date of the Insured's death from the death benefit payable under this policy.

**Reinstatement**

If this policy Lapses, you may Reinstate it as provided in this section. Any Reinstatement must be made during the lifetime of the Insured and within three years from the end of the grace period. Before we Reinstate your policy, we will require:

1. Your Written Request to Reinstate this policy,
2. The Insured's written consent to Reinstatement,
3. Evidence of insurability satisfactory to us that the Insured is insurable at the same class of risk/substandard rating/flat extra as applied to this policy immediately prior to Lapse.
4. Payment of all overdue premiums with interest from the due date of each premium. The interest rate is 6% per annum, compounded annually.

The date of Reinstatement will be the Monthly Policy Date on or following the date the application for Reinstatement is approved by us, so long as the Insured is still living.

## GENERAL PROVISIONS

**This Policy is Our Contract with You**

This policy is issued in consideration of the application and the payment of premiums as provided in this policy.

This policy, any amendment(s) or endorsement(s), and a copy of the application(s) and any questionnaires for issuance or Reinstatement of the policy attached to it contain the entire contract between you and us. Any statements made in such application(s), questionnaires or any amendments either by you or by the Insured will, in the absence of fraud, be considered representations and not warranties. Also, any written statement made either by you or by the Insured will not be used to void this policy nor defend against a claim under this policy unless the statement is contained in the application(s), questionnaires or any amendments thereto.

We reserve the right to add future Riders or endorsements to this policy, except where prohibited by law.

**Conformity with Interstate Insurance Product Regulation Standards**

This policy was approved under the authority of the Interstate Insurance Product Regulation Commission and issued under the Commission standards. Any provision of this policy that is in conflict with these standards on the Policy Date is amended to conform to these standards on the Policy Date.

**Incontestability**

We cannot contest this policy, except for non-payment of premium or fraud (when such a defense is permitted by the applicable law in the state where the policy will be delivered or issued for delivery), after it has been In Force during the lifetime of the Insured for two years after the later of:

1. The Date of Issue; and
2. The effective date of Reinstatement of this policy.

If this policy is Reinstated, the original contestability period will continue to apply. In addition, a new two year contestability period will apply from the date of Reinstatement with respect to statements made in the application for Reinstatement.

The Insured, the owner and the Beneficiary are obligated to cooperate in any contestability investigation that we may conduct, including supplying us with necessary authorizations for medical and other information.

**Riders**

Riders, if any, are listed in the Policy Data. Any Rider will become a part of this policy and will be subject to all of the terms and conditions of this policy, unless we state otherwise in the Rider. In a Rider:

1. References to the Policy Specifications Page means the Policy Data; and
2. References to this policy's Specified Amount mean the Face Amount.

**Amount Payable Is Limited in the Event of Suicide**

If the Insured, whether sane or insane, dies by suicide within two years from the Date of Issue, our liability will be limited to an amount equal to the premiums paid for this policy.

If this policy is Reinstated, a new two year period will apply beginning on the date of Reinstatement. If the Insured, whether sane or insane, dies by suicide within two years from the Reinstatement date, our liability will be limited to an amount equal to the premiums paid from the date of Reinstatement.

**Misstatement of Age or Sex**

If there is a misstatement of the Insured's date of birth or sex in the application, we will adjust the death benefit to that which the premiums paid would have purchased at the correct Age or sex.

**Who Can Make Changes in the Policy**

No change or waiver of any of the provisions of this policy will be valid unless made in writing by us and signed by an officer of the Company. Any change or waiver must be signed by our President or a Vice President together with our Secretary. No agent or other person has the authority to change or waive any provision of this policy.

**Termination of Insurance**

This policy will terminate and all benefits under it will cease on the earliest of the following:

1. The date we receive your Written Request to terminate; or
2. The Expiry Date; or
3. The date this policy Lapses; or
4. The date this policy is converted pursuant to a Conversion Option Endorsement; or
5. The date of the Insured's death.

Our acceptance of a premium for any period after the date of termination of this policy will create no liability by us with respect to this policy, nor will it constitute a waiver of the termination. Any premium paid for this policy following its termination will be refunded.

| | |
|---|---|
| **No Dividends are Payable** | This is nonparticipating insurance.  It does not participate in our profits or surplus.  We do not distribute past surplus or recover past losses by changing the rates or charges. |
| **Your Rights** | During the Insured's lifetime and unless otherwise provided in this policy, you have the exclusive right to assign this policy and to exercise every right, privilege and option this policy grants or that we allow. |
| | To exercise any of these rights, or to apply for the death benefits or any benefits under this policy, communicate with our nearest representative or directly with our Administrative Office.  Contact your agent if you desire additional services or information.  Please notify us promptly of any change of address. |

## SETTLEMENT PROVISIONS

| | |
|---|---|
| **Lump Sum Payment** | When the death benefit is payable, we will pay it in a lump sum, unless a settlement option is elected. |
| **Settlement Options** | During the Insured's lifetime, you may request that we pay the death benefit under one of the following settlement options.  We will also use any other method of payment that is agreeable to you and us.  After the Insured's death, a Beneficiary may elect to receive such Beneficiary's share of the death benefit under a settlement option.  However, you may provide that the Beneficiary will not be permitted to change the settlement option you have selected.   If a settlement option is requested, we will send you a written notice which will state the terms and conditions under which the payments will be made.  The notice will include a statement regarding the value of the proceeds and to whom any remaining proceeds will be paid following the death of the person receiving the payments. |
| **Annuity** | We will use the benefit as a single premium to buy an annuity.  The annuity may be payable to one or two payees.  It may be payable for a guaranteed period, or for life with or without a guaranteed period as long as we agree to it.  The annuity payment will not be less than what our newly issued immediate annuity contracts with the same features are then paying. |
| **Benefit Deposited With Interest** | We will hold the benefit on deposit with us and it will earn interest.  Such interest will be at a rate declared by us from time to time, but not less than an annual interest rate of 1%, and may differ from the rate we pay under other options.  We will pay the earned interest monthly, quarterly, semi-annually or annually, as requested.  The payee may withdraw part or all of the benefit and earned interest at any time. |
| **Conditions** | Settlements of less than $10,000 will be paid in a lump sum and may not be applied under any settlement option.  We may change the payment frequency if payments under an option become less than $100. |
| | A corporation may receive payments under a life income option only if the payments are based on the life of the surviving spouse or dependent of the Insured. |
| **Payments Exempt from the Claims of Creditors** | To the extent permitted by law: |

1. No payment of the death benefit or interest we make will be subject to the claims of any creditor; and
2. If you provide that the option selected cannot be changed after the Insured's death, the payments will not be subject to the debts or contracts of the person receiving the payments.



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

(Referred to as the Company, we, our, or us)

### TERMINAL ILLNESS ACCELERATED DEATH BENEFIT RIDER

We have issued this rider as a part of the policy to which it is attached. Except as otherwise specifically set forth below, it is subject to all of the terms of the policy.

**NOTICE: Benefits advanced under this rider may be taxable in certain circumstances. As with all tax matters, you should consult with your tax advisor regarding the tax treatment of receiving an Accelerated Death Benefit.**

**The policy's benefits and values, as well as any benefits and values provided by affected riders, will be reduced if an Accelerated Death Benefit is paid. Benefits and values (if applicable) include without limitation: face amounts of the policy, rider and endorsement benefits of any affected riders and endorsements, policy and rider values, cash surrender values, death benefit and premiums. Payment of an Accelerated Death Benefit may affect eligibility for Medicaid or other government benefits and entitlements.**

| | |
|---|---|
| **Rider Benefit** | If the Insured becomes Terminally Ill while the policy and rider are in effect, you may elect to receive an Accelerated Death Benefit payment subject to the provisions of the policy and this rider and the following conditions:<br><br>1. The Insured must be certified by a Physician as being a Terminally Ill individual within 30 days of the Accelerated Death Benefit request; and<br>2. The policy and rider must be in effect at the time of your Accelerated Death Benefit request; and<br>3. The Face Amount of the policy at the time the Accelerated Death Benefit request is received must be at least $25,000; and<br>4. We must receive the written consent of all irrevocable Beneficiaries (if any) and all assignees (if any) in a form acceptable to us. |
| **Definitions** | **Accelerated Death Benefit** is a portion of the policy death benefit that is paid prior to the death of the Insured due to the Insured's Terminal Illness. The payment of an Accelerated Death Benefit reduces the Face Amount and benefits and values of the policy and any affected riders and endorsements and the death benefit payable to the Beneficiary(ies) upon death.<br><br>**Available Death Benefit** means the amount payable under the policy upon the death of the Insured, plus one of the following, if applicable:<br><br>1. In the case of a single life policy, the rider death benefit payable under a Base Insured Rider, if any.<br><br>2. In the case of a joint last survivor policy, the benefit payable under a Joint Insured Term Rider, if any.<br><br>Available Death Benefit does not include amounts payable under any other riders not expressly named above.<br><br>**Election Percentage** means a percentage of the Available Death Benefit, selected by you, in accordance with the Maximum Accelerated Death Benefit provision. |

**Immediate Family Member** means one of the following members of your or the Insured's family: spouse (including common law spouse) or civil union partner and anyone who is related to the individual or his or her spouse or civil union partner (including adopted, in-law and step-relatives). This includes a parent, grandparent, child, grandchild, brother, sister, aunt, uncle, first cousin, nephew or niece.

**Insured** means only the Insured covered under the policy to which this rider is attached. It does not include any other individuals covered under other riders.

**Physician** means any person bearing the designation of Medical Doctor (M.D.) or Doctor of Osteopathy licensed within the United States and practicing within the scope of his or her United States license issued by the jurisdiction in which such person's services are rendered. Physician does not include:

1. You, the Insured, or an Immediate Family Member; or

2. A person who lives with you, the Insured, or an Immediate Family Member; or

3. A person in the same medical practice as you, the Insured, or an Immediate Family Member; or

4. A business partner of you, the Insured, or an Immediate Family Member.

**Terminally Ill** means that the Insured has a medical condition, resulting from bodily injury or disease, or both, which is expected to result in the death of the Insured within 12 months of diagnosis.

The condition:
1. must be demonstrated by clinical, radiological, laboratory or other evidence of the medical condition which is satisfactory to us; and
2. must not be curable by any means available to the medical profession.

**Amount of Accelerated Death Benefit**

If the Insured becomes Terminally Ill while the policy and rider are in effect, you may request acceleration of any amount between $5,000 and the maximum Accelerated Death Benefit as outlined below. If we approve a request for an Accelerated Death Benefit that is less than the maximum Accelerated Death Benefit we allow, any future death benefit accelerated will not exceed the remaining balance of the maximum Accelerated Death Benefit.

The Accelerated Death Benefit payment we make to you will be less than the amount of the Available Death Benefit which you request to accelerate, but never less than the Election Percentage multiplied by the difference between the Policy Value, if any, and any Loan Balance. The Accelerated Death Benefit payment will be calculated as A minus B minus C minus D where A, B, C, and D are determined as follows:

A. The actuarial present value of the amount of the Available Death Benefit which you request to accelerate, which will be calculated as described below.

B. Any amount necessary to provide insurance to the date of the Accelerated Death Benefit payment if we make the payment during a grace period or after the policy has lapsed.

C. The Loan Balance, if any, at the time the Accelerated Death Benefit is paid, multiplied by the Election Percentage.

D. An administrative charge for each Accelerated Death Benefit request. The administrative charge for each Accelerated Death Benefit request as of January 1, 2016 is $350, but will be subject to future increases based on cumulative annual cost-of-living increases as measured by the Consumer Price Index for All Urban Consumers (CPI) since January 1, 2012.

Cumulative annual cost of living increases will not exceed 5% per calendar year. In the event that the CPI is no longer published, a substantially similar index will be used, subject to the approval of the Interstate Insurance Product Regulation Commission. In no event will the administrative charge for each Accelerated Death Benefit request exceed $1,000.

**Present Value of Accelerated Death Benefit**

The actuarial present value of the amount of the Available Death Benefit which you request to accelerate will be based on a discount which reflects the early payment of the Accelerated Death Benefit amount. We assume a 12-month period for this purpose. The annual interest rate we use will be a discount rate that is the greater of:

1. The current yield on 90-day U.S. Treasury bills; or

2. The Moody's Corporate Bond Yield Average-Monthly Average Corporates as of the date of your request as published by Moody's Investors Service, Inc., or any successor thereto. In the event that the Moody's Corporate Bond Yield Average-Monthly Average Corporates is no longer published, a substantially similar average, established by regulation issued by the state insurance commissioner will be used.

**Maximum Accelerated Death Benefit**

The maximum death benefit you may accelerate because the Insured is Terminally Ill over the lifetime of the Insured is equal to the lesser of:

1. 100% of the Available Death Benefit; or

2. A maximum Accelerated Death Benefit amount declared by us. This amount will never be less than $500,000. You may contact our Administrative Office to obtain the current maximum Accelerated Death Benefit amount.

**Coordination between Accelerated Death Benefit Options**

If the Insured qualifies for an Accelerated Death Benefit under another rider to the policy and makes claim for benefits under two or more Accelerated Death Benefit riders at the same time, benefits will first be payable under this rider.

**Effect of the Accelerated Death Benefit Payment on the Policy**

After an Accelerated Death Benefit is paid, the policy's benefits and values, as those amounts exist on the date the Accelerated Death Benefit is paid, will be reduced by the Election Percentage. This includes, but is not limited to, the following amounts: Face Amount of the policy, death benefit, rider and endorsement benefits for affected riders and endorsements, Policy Value, Cash Surrender Value and Loan Balance.

The premium and/or charges and monthly deductions, as applicable, for the policy and any affected riders will also be adjusted after an Accelerated Death Benefit is paid. If the rider is attached to a fixed premium policy, the adjusted premium will equal the appropriate premium rate applied to the reduced Face Amount plus any applicable policy fee. If the rider is attached to a flexible premium policy, monthly deductions and affected fees and charges will be reduced in accordance with the reduced Face Amount. If the rider is attached to a flexible premium policy with a No Lapse Guarantee, any Minimum Monthly No Lapse Premium will be adjusted in accordance with the reduced Face Amount. Rider charges will be reduced in accordance with the reduced rider benefit.

We will provide you with information showing the reduced Face Amount, benefits, values, charges and new premium resulting from the Accelerated Death Benefit payment.

**Limitations**

1. In no event will the total of all of the death benefits accelerated under this and any other Accelerated Death Benefit Rider exceed 100% of the Available Death Benefit.

2. We will not pay any Accelerated Death Benefit under this policy for a Terminal Illness that is caused by or contributed to by, or results directly or indirectly from, a suicide attempt or intentionally self-inflicted injury while sane or insane.

3. You may not request an Accelerated Death Benefit:
   a) If required by law to use the Accelerated Death Benefit to meet the claims of creditors, whether in bankruptcy or otherwise; or
   b) If required by a government agency to use the Accelerated Death Benefit in order to apply for, obtain, or otherwise keep a government benefit or entitlement.

**Notice of Claim**   We must receive a written Accelerated Death Benefit request at our Administrative Office within 60 days after the Physician's diagnosis of the Terminal Illness, or as soon as reasonably possible. The request should include the name of the Insured, the policy number, and must be signed and dated by you.

**Claim Forms**   We will send you claim forms for filing proof of loss within 15 days of the date we receive written notice of a claim. If the forms are not furnished to you within 15 days after giving notice, you shall be deemed to have complied with the proof of loss requirements provided you submit to us within 90 days after the certification of the Insured's Chronic Illness written proof covering the character and the extent of the occurrence or loss.

**Proof of Loss**   We must receive written proof of the Insured's Terminal Illness before we make an Accelerated Death Benefit payment. This proof must include a properly completed claim form and a Physician's certification acceptable to us. We may request additional medical information from the Physician submitting the certification or any Physician we consider qualified.

**Physical Examination**   While a claim is pending, we reserve the right to obtain a second medical opinion and to have the Insured examined at our expense. In the event that the second medical opinion differs from the diagnosis indicated by the Insured's own Physician, a third mutually acceptable Physician may be consulted at our expense. The benefit will be payable according to the opinion of the third Physician.

**Payment of Accelerated Death Benefit**   After we have received proof of loss satisfactory to us, we will determine the Accelerated Death Benefit payment amount. The payment amount will be less than the amount of the Available Death Benefit you request to accelerate. If you agree to the payment amount, we will immediately pay you or the assignee, the amount of the Accelerated Death Benefit in a lump sum. If the Insured dies while the policy is In Force but before any Accelerated Death Benefit payment is made, we will instead pay the entire death benefit of this policy in accordance with the policy provisions.

Upon receipt of proof of loss, and upon payment of the Accelerated Death Benefit, we will send you and any irrevocable beneficiary a statement that informs you of the amount of the payment available or elected and shows you any effect that the payment of the Accelerated Death Benefit would have on the policy's Face Amount, policy and rider values, death benefit, Loan Balance and premiums.

**Termination**   This rider will terminate on the earliest of the following dates or events:

1. The date the maximum Accelerated Death Benefit has been accelerated; or
2. The date the policy lapses or otherwise terminates; or
3. The date the policy is surrendered or continued under any nonforfeiture option; or
4. The next Monthly Policy Date following the date you request termination of this rider; or
5. The date of the Insured's death.

Termination of this rider will not affect any claim for benefits for Terminal Illness occurring while the rider was in effect.

ICC16 TI08                          Page 4

**Reinstatement**          If the policy is reinstated, this rider may be reinstated at the same time; however, we will not pay any benefit for a Terminal Illness that is first diagnosed by a Physician prior to the reinstatement date.

**Consideration**          We have issued this rider in consideration of the application and payment of the premiums.

**No Additional Cost Prior to Election**          There is no additional cost for the Accelerated Death Benefit prior to election of the Accelerated Death Benefit.

**Legal Actions**          No legal action may be brought to recover any payment requested under this rider within 60 days after written proof of Terminal Illness has been given to us (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery). No such action may be brought after three years from the time written proof of the Insured's Terminal Illness has been given to us (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery). This legal actions provision shall be amended to comply with the laws of the state where the policy was delivered or issued for delivery.

**Incontestability**          The provisions of the policy relating to incontestability apply to this rider.

**Tax Qualification**          This rider is designed to provide a federal income tax-free Accelerated Death Benefit.  To that end, the provisions of this rider and the policy to which it is attached are to be interpreted to ensure or maintain such tax qualification, notwithstanding any other provisions to the contrary.  We reserve the right to amend this rider and the policy to which it is attached to reflect any clarifications that may be needed or are appropriate to maintain such qualifications, or to conform this rider and the policy to which it is attached to any applicable changes in the tax qualification requirements.  You will be sent a copy of any such amendment.

**No Dividends Are Payable**          This rider does not participate in our profits or surplus.

**Nonforfeiture Values**          This rider does not have cash values or loan values.

**Rider Date**          The Rider Date of this rider will be the Policy Date, unless we inform you in writing of a different date.

Signed for us at our home office.

Jay Orlandi, Secretary                    Blake Bostwick, President



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

(Referred to as the Company, we, our or us)

### CONVERSION OPTION ENDORSEMENT

We have issued this endorsement as a part of the policy to which it is attached.  Except as otherwise specifically set forth below, it is subject to all of the terms of the policy.

**Endorsement Benefit**   While the policy is In Force and the Insured is alive, the policy may be converted to any plan of permanent insurance then made available by us for such purpose.  The conversion must occur prior to the earlier of the following:

1.  The First Premium Increase Date shown in the Policy Data; or
2.  The Insured's 70th birthday.

At least one plan of insurance will be made available for conversion. Evidence of insurability will not be required for a new policy with the same, or lower, face amount at the time the request for conversion is made.

**Conversion Conditions**   The conversion is subject to the following conditions:

1.  We must receive a Written Request no later than 30 days after the earlier of:

   a.  The First Premium Increase Date shown in the Policy Data; or
   b.  The Insured's 70th birthday.

2.  Unless you request otherwise, the policy date of the new policy will be the date we receive your application for the conversion accompanied by the first premium, or the Insured's 70th birthday,whichever is earlier.

3.  The face amount of the new policy may be for an amount up to the face amount of this policy at the time the request for conversion is made, but no less than our then published minimum for the plan selected.

4.  If the conversion is exercised within two years from the later of the issue date or reinstatement date of the original policy, the incontestability and suicide provisions will apply to the new policy for the balance of that two year period.  If the new policy includes an increase in coverage for which evidence of insurability was given, new incontestability and suicide provisions will apply with respect to the increased amount.   Any later reinstatement of the new policy will result in new incontestability and suicide periods.

5.  Premiums for the original policy must be paid to the date of conversion. The premium for the new policy will be at our published rate for the plan selected at the time of conversion. We will use the Insured's age on the date of conversion to determine this rate.  The new policy will be issued at the class of risk of this policy, if available. If such is not available at the time of conversion, the new policy will be issued at the class of risk available which is most similar to the class of risk of this policy.

6.  Premiums must be received at our Administrative Office within 31 days of receipt of the conversion application.  If premiums are not received within

the allotted time frame the conversion application will be cancelled and the original policy will continue in accordance with its terms.

7. Until the new policy becomes effective, the original policy will continue In Force subject to its provisions. The original policy will automatically terminate when the new policy becomes effective. In no event will we provide insurance under both the original policy and a new policy at the same time.

8. No supplemental benefits in the policy may be converted under this endorsement.

9. Benefits provided by rider to the policy may be converted, if the rider provides for conversion, subject to the terms and limitations as defined in the rider.

Signed for us at our home office.

Secretary                                          President

MVR
SQ#WC14010

 **TRANSAMERICA** LIFE INSURANCE COMPANY

Transamerica Life Insurance Company
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499

GA # 13593
**Individual Life Insurance
Application For One Life
Part 1**

---

Proposed Insured: Tom C. Retzlaff _____ Mr. ____ Mr./Mrs./Ms./Dr.
       First            Middle     Last       Suffix

Birthdate: ▊▊ 1966 ____ Age 52 ___ Birth Place: MN _____ Male ☒ Female ☐
    Mo.   Day     Yr.

Soc. Sec. No.: ▊▊5528 _____ U.S. Citizen ☒ Yes ☐ No If no, complete Residency & Travel Questionnaire

Employer: _____
                                                                     Area Code & Work Phone

Occupation: Retired

Annual Income $40,000 _____ Net Worth $ _____

Residence: 11833 W Rosewood Dr El Mirage, AZ 85335-2321 _____ (210) 317-9800
        No. & Street (Cannot be a P.O.Box)   City       State     Zip     Country   Area Code & Home Phone

Owner's Name: _____ Birthdate: _____
(If other than Proposed Insured)                                       Mo.     Day      Yr.

If Trust, provide name and date of Trust: _____

Relationship to Proposed Insured: _____

Address: _____
        No. & Street (Cannot be a P.O. Box)   City       State     Zip     Country   Soc. Sec. or Tax No.

U.S. Citizen ☐ Yes ☐ No If no, VISA Type/Immigration Status: _____ E-mail: _____
                                                          (Not for Policy/Billing Notices)

Beneficiary's Name and Relationship to Proposed Insured: Brittany A Retzlaff      Daughter      45.00%

Collin A Retzlaff        Son              45.00%

Address: _____
        No. & Street (Cannot be a P.O.Box)   City       State     Zip     Country   Date of Trust, if Applicable

1. Plan Applied For: Trendsetter Super 20 _____ Kind Code: _____

2. Risk Classification:   Preferred Plus/Select ☒    Preferred ☐    Standard Plus ☐    Standard ☐
                        Extra Rating of ☐               Other ☐ _____

3. Nicotine Classification: Nicotine ☐    Non-Nicotine ☒

4. Amount Applied For $ 100,000

5. Additional Benefits by Rider: ☐ Waiver of Premium/Waiver Provision ☐ Accident Indemnity $ _____ ☐ Other _____ $ _____

6. Premium Payment Mode: ☐ Annual    ☐ Semi-Annual    ☐ Quarterly    ☒ Monthly    ☐ Other _____
                       ☒ PAC    ☐ Direct Bill

7. Complete for Flexible Premium Plans:
      Required Premium Per Year (RAP)   $ _____
      Planned Periodic Premium         $ _____
      + Initial Lump Sum                $ _____
      = Total Initial Premium            $ _____

8. If the Automatic Premium Loan (APL) provision is available, do you want the provision to be in effect? ☐ Yes ☒ No (APL will be in effect unless no is checked.)

9. Do you have any existing life insurance or annuities? If none, check this box ☐. If yes, please list the policies below.
    a. Do you intend to discontinue, replace or change insurance with any company if the life insurance applied for is issued? Please indicate yes or no in the chart.

| Type of Coverage (Personal / Business / Employer Provided / Group) | Company/Policy Number | Face Amount | Replacement? | Initial |
|---|---|---|---|---|
| American Amicable Life Insurance | | $ | ☐ Yes ☒ No |  |
| | | $ | ☐ Yes ☐ No | |
| | | $ | ☐ Yes ☐ No | |

    b. Total Accidental Death Insurance inforce with all companies: $ _____

**APPLICATION (NB)**
continued on next page

APA400113TAZ

* D T 0 0 8 *

10. Is any application for life insurance pending with any other company? ☐ Yes ☒ No
    If yes, give company name, amount applied for and total amount to be placed. _____

11. Are there any life insurance policies on the life of the Proposed Insured that you do not own, including but not limited to any that you have sold or settled? ☐ Yes ☒ No   If yes, give insurance company name, owner's name, and amount of insurance of each policy.
    _____

12. Mail Additional Premium Notices To: _Tom C. Retzlaff_ _____
    Address: _Po Box 46424, Phoenix, AZ 85063_ _____

| No. & Street | City | State | Zip | Country |

**Initial**



| | Yes | No | **"You" means any person proposed to be insured.** |
|---|---|---|---|
| | ☐ | ☒ | 13. Have you ever participated in, or within the next two years do you intend to participate in, hang-gliding, sky diving, parachuting, ultralight flying, vehicle racing, scuba diving, mountain or rock climbing, rodeos, competitive skiing or snowboarding, extreme sports or other hazardous activities? If yes, complete Sports and Hazardous Activities Questionnaire. |
| | ☐ | ☒ | 14. Do you plan to travel in the next 12 months for business or pleasure to a destination outside the U.S., Canada, Western Europe, Hong Kong, Australia or New Zealand?  If yes, complete Residency & Travel Questionnaire. |
| | | | 15. Have you used nicotine at any time?       Date Last Used |
| | ☐ | ☒ | Cigarettes           _____ |
| | ☐ | ☒ | Cigar/Pipe/Chewing Tobacco     _____ |
| | ☐ | ☒ | Other             _____ |

16. Driver's License #: __D04629635_____    State: _AZ_____
    In the past five years, have you been convicted of or pleaded guilty to:

| | Yes | No | |
|---|---|---|---|
| | ☐ | ☒ | a. Moving violations? If yes, give dates and type. _____ |
| | ☐ | ☒ | b. Driving under the influence of alcohol and/or other drugs? If yes, give dates. _____ |
| | ☐ | ☒ | c. Reckless driving? If yes, give dates. _____ |
| | ☐ | ☒ | 17. Except as a passenger on a regularly scheduled flight, has the Proposed Insured flown within the past 2 years, or does the Proposed Insured have plans to fly in the future other than as a passenger? If yes, complete Aviation Questionnaire. |
| | ☒ | ☐ | 18. Have you ever been convicted of a felony, misdemeanor or infraction other than a traffic violation? If yes, provide full details including state and date of offense. |
| | ☐ | ☒ | 19. Are you a member of the armed forces including reserves? Intend to become a member? Any deployment orders outside U.S.? If yes, give full details. |
| | ☐ | ☒ | 20. Is the Proposed Insured currently in bankruptcy or has the Proposed Insured been the subject of any voluntary or involuntary bankruptcy proceeding pending within the last 12 months? If yes, please provide full details including Chapter 7, 11, or 13, date filed, and date of discharge and dismissal, if any. |

**Remarks:** Give details for any questions answered yes

INITIAL PREMIUM EFT _____

CURRENT POLICY DATE _____

_____

_____

_____

I, the Proposed Insured, and I, the Owner if different, hereby represent that the statements and answers given in this application are true and correct on the date such policy is received and accepted. I/we agree: (1) this application shall consist of Part 1, Part 2, and any required application supplement(s)/amendment(s), and shall be the basis for any contract issued on this application; (2) except as otherwise provided in the conditional receipt, if issued, with the same Proposed Insured as on this application, any contract issued on this application shall not take effect until after all of the following conditions have been met: (a) the full first premium is paid, (b) the Owner has personally received the contract during the lifetime of and while the Proposed Insured is in good health, and (c) all of the statements and answers given in this application must be true and complete as of the date of Owner's personal receipt of the contract and that the contract will not take effect if the facts have changed; (3) no waiver or modification shall be binding upon Transamerica Life Insurance Company (the Company) unless in writing and signed by the President or a Vice President and the Secretary or an Assistant Secretary.

I/we understand that omissions or misstatements in this application could cause an otherwise valid claim to be denied under any contract issued from this application.

APA400113TAZ

* D T 0 0 9 *

SQ#WC14010

POL # 6600534140

## NOTICE TO CONSUMER

The death benefit on many business related life insurance policies will be taxable to you under Section 101(j) of the Internal Revenue Code to the extent it exceeds the premiums and other considerations paid by you for the policy unless the written Notice and Consent is obtained prior to policy issue and certain other requirements of such section are met. These policies are often referred to as Employer-Owned Life Insurance Policies but can also include policies owned by others such as affiliates and business owners.

You are advised to consult with your qualified tax advisor prior to purchasing this policy.

## AUTHORIZATION TO OBTAIN INFORMATION

Transamerica Life Insurance Company (the Company)

I hereby authorize any licensed physician, medical or dental practitioner, hospital, clinic, pharmacy, pharmacy benefit manager, health maintenance organization or other medical or medically related facility, insurance company, MIB, Inc. ("MIB"), employer, consumer reporting agency, or government body that has any personal information or record of my health, to give personal information to Transamerica Life Insurance Company, or its reinsurers. Personal information means health records (including mental health records), criminal and driving records, prescription drug records, alcohol or drug use records, insurance claim and application records and financial and employment records.

This authorization will be valid for 30 months, but I understand that I may revoke it at any time by giving written notice to the Company at the above address. I understand that there are limitations on my right to revoke this authorization. Any action taken in reliance on this authorization will be valid if such action has been taken prior to receipt of notice of revocation. If this authorization is used to collect information in connection with a claim for benefits, it will be valid for the duration of the claim. If the law of my state so provides, my authorization may not be revoked during a contestable investigation. I also understand that my revocation of this authorization will not result in the deletion of codes in the MIB database if such codes are reported by the Company (or the Company becomes obligated to report such codes to MIB) while this authorization is in force. I understand that I, or my authorized representative, has the right to receive a copy of the authorization if requested.

I acknowledge receipt of the Notice of Disclosure of Information. I understand that if an investigative consumer report is ordered in connection with this application, I may elect to be interviewed in connection with the preparation of the report and, upon request, I will be provided with a copy of the report. I elect to be interviewed if an investigative consumer report is prepared. ☒ Yes  ☐ No

## PLEASE MAKE CHECKS PAYABLE TO THE COMPANY. DO NOT MAKE CHECKS PAYABLE TO THE AGENT OR LEAVE PAYEE SPACE BLANK.

Amount paid with this Application $_____ ☐ Check #_____ ☐ Credit Card (Complete Credit Card Order Confirmation Form)

Signed at _____ Phoenix, AZ _____ on ____ 9 Aug 18 ____ ,
City-State                                            Date

X _____                        X ____ Callo Rtoff ____
Signature of Proposed Insured (or parent or guardian if Proposed Insured is a minor)     Witness to Signature of Proposed Insured

Signed at _____ on _____
City-State                                            Date

X _____                        X _____
Signature of Owner (if other than Proposed Insured)        Witness to Signature of Owner

If Owner is a Corporation, an authorized officer, other than the Proposed Insured must sign as Owner, give corporate title and full name of corporation below.

_____                        X ____ Charan Singh ____
                                         Signature of Licensed Producer

_____

APM00113TAZ

*Transamerica Life Insurance Company*
Administrative Office, 4333 Edgewood Road NE, Cedar Rapids, IA 52499

## Supplemental Information to the Application for Life Insurance

Proposed Primary Insured Name:  Tom C. Retzlaff                    Social Security Number: ████5528

| ADDITIONAL INFORMATION | | |
|---|---|---|
| Question Number | Name of Proposed Insured | Details to General and Medical Questions (Diagnosis, Dates, Durations, and Medications, Dosages, Frequency) Medical Facilities & Physicians Names, Addresses, Phone Numbers |
| 13. | Scuba // Scuba details: 15 years ago // | |
| 18. | Probation or parole:Have been on probation/parole // Felony Convicted: Carrying Weapons Vilolation // Parole end date: 199601 / / Felony Convicted Date: 199601 // Felony state: TX // | |
| | Beneficiary - Primary Continued: Primary: Denise A Hollas; Ex-Spouse; 10.00%; ████1964 | |

Dated at   Phoenix, AZ                    this ✓ 23   day of ✓ July , 18
            City                    State                        Month        Year

_____
Signature of Proposed insured

_____
Signature of Proposed Owner (if other than Proposed Insured)

_____
Signature of Parent or Legal Guardian (if Proposed Insured is Under 18 years of age)

_____
Signature of Additional Insured

Signature of Agent

SA-ADINFO 0805

SQ#WC14010


**TRANSAMERICA®**
LIFE INSURANCE COMPANY

Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Mailing Address: 4333 Edgewood Road NE
Cedar Rapids, IA 52499

## Beneficiary/Additional Insured Information Form

**PRIMARY INSURED**

| 1. Last Name   Retzlaff | First Name   Tom | 2. SS# Last 4 Digits   5528 |
|---|---|---|

**OWNER - if other than Primary Insured**

| 1. Last Name | First Name | 2. TIN/SS# Last 4 Digits |
|---|---|---|

**ADDITIONAL/OTHER PROPOSED INSURED - if applicable**

| 1. Last Name | First Name | | M.I. |
|---|---|---|---|
| 2. Address (Cannot be a P.O. Box) | | City | |
| State | Zip Code | 3. Home Phone ( ) | 4. Social Security Number |

**PRIMARY BENEFICIARY - please provide any information not provided in the base application. If more space is needed use an additional form. Must equal 100% or will be divided equally.**

Initials

| Name / Address | DOB | Percent | Relationship | Phone # SSN / Tax ID# |
|---|---|---|---|---|
| Brittany A Retzlaff | ▉987 | 45.00% | Daughter | 0558 ▉4908 |
| Collin A Retzlaff | ▉990 | 45.00% | Son | 7679 ▉962 |
| Denise A Hollas | ▉964 | 10.00% | Ex-Spouse | 5215 ▉6939 |
| | | | | |

**CONTINGENT BENEFICIARY - please provide any information not provided in the base application. If more space is needed use an additional form. Must equal 100% or will be divided equally.**

| Name / Address | DOB | Percent | Relationship | Phone # SSN / Tax ID# |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**AGENT**

☒ I attest that, on behalf of the Company, I requested all information above and the applicant provided the information completed on the form. The applicant was unable/declined to provide any information missing from the form.

Date   23 July 2018

Producer or Agent Signature

Owner Signature

DMF 2014

DUPLICATE

SQ#WC14010
POL# 6600534140



**Transamerica Life Insurance Company**
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499

**Application Supplement**
Sports and Hazardous
Activities Questionnaire

Proposed Insured: Tom C. Retzlaff
Social Security No: ___ 5528 ___ Date of Birth: ___ 1966

Please answer each question.

**1. Scuba Diving**
☐ No, I do not participate. ☒ Yes, I do participate.
Number of times per year: ___ 2012 ___ Locations of activity: ___
Type of equipment used: ___
Depth in feet: Average ___ Maximum ___ Number of times per year to Maximum depth? ___
How will your participation change in the next 24 months? ___ None at all

**2. Aeronautics.** Includes hang-gliding, soaring, sky diving, ballooning, ultralight flying, parachuting, etc.
☒ No, I do not participate. ☐ Yes, I participate in: ___
Number of times per year: ___
Locations of activity: ___
Type of equipment used: ___
Do you belong to a club or association? ☐ Yes ☐ No   If yes, give name: ___
How will your participation change in the next 24 months? ___

**3. Powered racing or competitive vehicles.** Includes motorcycles/ATV's, automobiles/cart racing, powerboats, snowmobiling, etc.
☒ No, I do not participate. ☐ Yes, I do participate in: ___
Number of times per year: ___ Locations of activity: ___
Racing Classification: ___
Type and description of vehicle used: ___
Describe race and track: ___
Attained speeds: Maximum ___ Average ___
How will your participation change in the next 24 months? ___

**4. Mountain or Rock Climbing**
☒ No, I do not participate. ☐ Yes, I do participate in: ___
Number of times per year: ___ Locations of activity: ___
Rock Climbing Classification: ___
What type of equipment is used: ___
Do you participate in ice and snow climbing? ☐ Yes ☐ No
How will your participation change in the next 24 months? ___

**5. Rodeos, Competitive Skiing or Snowboarding**
☒ No, I do not participate. ☐ Yes, I do participate in: ___
Number of times per year: ___ Locations of activity: ___
Describe activities: ___
How will your participation change in the next 24 months? ___

**6. Any Other Extreme Sports or Hazardous Activities**
☒ No, I do not participate. ☐ Yes, I do participate in: ___
Number of times per year: ___ Locations of activity: ___
Describe activities: ___
How will your participation change in the next 24 months? ___

It is represented that the statements and answers given in this supplement to the application are true, complete and correctly recorded. It is agreed that this supplement shall be a part of the application to the Company for insurance on the life of the Proposed Insured.

Signed at ___ Phoenix, AZ ___ on ___ 16 Aug 13

_____      _____
Witness                                      Proposed Insured

**AGREEMENT OF OWNER IF OTHER THAN PROPOSED INSURED**
The Owner agrees to be bound by all statements, answers, and agreements made by the Proposed Insured in this supplement to the application. If the Owner is a corporation, an authorized officer, other than the Proposed Insured, must sign as Owner, giving corporate title and full name of corporation.

Signed at ___ on ___

_____
Witness

Corporate Title: ___

Corporation Name: ___                    Owner

MPC1510087

rG

# TRANSAMERICA
### LIFE INSURANCE COMPANY

Transamerica Life Insurance Company
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499

GA # _____
**Application Part 2**
**Health History**
☐ Paramedical  ☐ Medical

File # _____

| | | |
|---|---|---|
| 1. Proposed Insured: *(Print Full Name)* Thomas betzlaff | 2. Date of Birth: Month ___ Day ___ Year 19010 | 3. Social Security # ___ 58 |

**4. Name/Address/Phone of primary care physician:**

Name: VA Hospital          Address: 050 E Indian School Rd

Phone: (002) 277-5551      City/St/Zip: Phoenix AZ 85012

Date and reason for last visit: June 2018; Scab removal from © ear; KU normal

Give complete details of all yes answers to questions 5 - 8, including but not limited to all dates, diagnoses, duration, outcome, treatments and medications prescribed and the names and addresses of all hospitals, attending physicians, health care providers and clinics. If additional space is required, attach sheet(s) of paper – signed, dated and witnessed.

| 5. HAVE YOU EVER HAD, BEEN TOLD BY A MEMBER OF THE MEDICAL PROFESSION THAT YOU HAVE, OR BEEN DIAGNOSED WITH OR TREATED FOR: | Yes | No | Details: |
|---|---|---|---|
| a. Seizure, fainting, stroke, loss of consciousness, tremor, paralysis, multiple sclerosis, epilepsy, or any disease or abnormality of the brain? | ☐ | ☒ | 5a- Nov. 2017; enlarge Prostate; VA Hospital; see #4 PSA normal now. |
| b. High blood pressure, heart attack, murmur, palpitation, or anemia or any disease or abnormality of the heart, blood vessels or blood? | ☐ | ☒ | 5e- Gone June 2019 VA hospital dissolved CT scan. |
| c. Asthma, chronic bronchitis, pneumonia, emphysema, tuberculosis or any disease or abnormality of the lungs, bronchial tubes or respiratory system? | ☒ | ☐ | #5F- Diabetes June 2013; VA- 650 E Indian Sambl Phxaz 85012 |
| d. Ulcer, colitis, hepatitis, cirrhosis, or any disease or abnormality of the esophagus, stomach, intestines, rectum, gallbladder or liver? | ☐ | ☒ | Also had weight loss Surgery March 3 2014 @ VA. No complications |
| e. Sugar, protein or blood in urine, sexually transmitted disease, stone or any disease or abnormality of the kidney, bladder, prostate, breasts, ovaries or reproductive system? | ☒ | ☐ | |
| f. Diabetes or any abnormality of the thyroid, adrenal, pituitary or other glands? | ☒ | ☐ | |
| g. Arthritis, gout, connective tissue disease, back trouble or any disease or abnormality of the joints, muscles or bones? | ☐ | ☒ | |
| h. Any disease or abnormality of the eyes, ears, nose, throat or skin? | ☐ | ☒ | |
| i. Cancer, tumor, polyp or cyst? | ☐ | ☒ | 5k-Depression; 2005; Rx Zoloft for 2 years. VA Hospital; 650 N indian |
| j. Any physical deformity or amputation? | ☐ | ☒ | |
| k. Anxiety, depression, suicide attempt or any psychiatric, mental or emotional condition or disorder? | ☒ | ☐ | Doesn't take since 2007. |
| l. Have you ever been diagnosed or treated for any immune deficiency disorder, Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC)? | ☐ | ☒ | |
| m. Have you ever tested positive for the presence of HIV antibodies, antigens or the virus? | ☐ | ☒ | |

| 6. | Yes | No | |
|---|---|---|---|
| a. Within the past ten years, have you ever used sedatives, amphetamines, barbiturates, morphine, cocaine/crack, methamphetamine, Ecstacy (MDMA), heroin, marijuana, LSD, PCP, any hallucinogenic drug or narcotic drug except as prescribed by a physician? | ☐ | ☒ | 7c- ER visit for flu. VA-650 E Indian School PHX AZ temaflu for Rx. 85012. |
| b. Have you ever been treated or counseled or been advised to seek treatment or counseling for the use of alcohol, drugs or other substance or joined an organization for alcohol or drug dependence or abuse? | ☐ | ☒ | |

| 7. OTHER THAN WHAT YOU HAVE ALREADY DISCLOSED, WITHIN THE PAST FIVE YEARS HAVE YOU: | Yes | No | |
|---|---|---|---|
| a. Consulted, been examined or been treated by any physician or practitioner? | ☐ | ☒ | 7F-Blake @ pmky VA Hospital 650 E indan cod 277-5551. got it tapped. 85012 |
| b. Had or been advised to have an X-ray, electrocardiogram, laboratory test or other diagnostic study? | ☐ | ☒ | |
| c. Had observation or treatment at a clinic, hospital or other medical facility? | ☒ | ☐ | #11-Retired; |
| d. Had or been advised to have a surgical procedure? | ☐ | ☒ | |
| e. Had dizziness, shortness of breath, pain or pressure in the chest, or persistent fever? | ☐ | ☒ | |
| f. Had any injury requiring treatment? | ☒ | ☐ | |

MPM31008TAZ                    Page 1 of 3                    TG

*DT224*

**Application Part 2 Continued**

File # _____

8.

*dad - prostate cancer @ age 75; currently 88.*

| | | Yes | No |
|---|---|---|---|
| a. | Have any of your parents, brothers, sisters, or grandparents ever had cancer, diabetes, heart disease, mental illness or attempted suicide? | ☒ | ☐ |
| b. | Has your weight changed by more than 15 pounds in the past year? | ☐ | ☒ |
| c. | Has any application for life, health, disability or long term care insurance been declined, withdrawn, postponed, rated, modified, issued with exclusion rider, cancelled or non-renewed? | ☐ | ☒ |
| d. | Are you now pregnant? | ☐ | ☒ |

9. **OTHER THAN THOSE ALREADY DISCLOSED, ARE YOU CURRENTLY TAKING ANY PRESCRIPTION, VITAMIN, SUPPLEMENT OR OVER-THE-COUNTER MEDICATION?**  ☐ Yes  ☒ No  *If yes, list all and indicate why.*

10. **FAMILY RECORD:** Show age and present health, or if deceased, show age at death and cause of death.

| | Age if Living | Present Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | 88 | Great! | | |
| Mother | | | 61 | unknown |
| Brothers # 1 | 50 | Great! | | |
| Sisters # 0 | | | | |

11. **WITHIN THE PAST FIVE YEARS HAVE YOU USED NICOTINE IN ANY FORM?** ☐ Yes ☒ No *If yes, indicate type, frequency and date last used.* _____

12. **FOR THE LAST 180 DAYS, HAVE YOU BEEN ACTIVELY AT WORK ON A FULL TIME BASIS AT YOUR USUAL PLACE OF BUSINESS OR EMPLOYMENT?** ☐ Yes ☒ No *If no, provide complete details.*
*Retired; doesn't work anymore.* tw

| | | Yes | No |
|---|---|---|---|
| 13. | Do you participate in regular weekly exercise? | ☒ | ☐ |
| 14. | Do you participate in athletics *(Team or Individual)?* | ☒ | ☐ |
| 15. | Have you ever used any tobacco products? | ☐ | ☒ |
| 16. | Do you get regular examinations by your health care provider? | ☒ | ☐ |
| 17. | Do you get regular annual dental checkups? | ☒ | ☐ |
| 18. | Do you clean your house or do yard work? | ☒ | ☐ |
| 19. | Do you have a pet? | ☒ | ☐ |
| 20. | Are you a member of a social group or volunteer for charity work? | ☒ | ☐ |

It is represented that the statements and answers given above are true, complete, and correctly recorded. To the extent allowed by law, I waive my rights to prevent disclosure of any knowledge or information about the above questions. This waiver applies to any health care provider, physician, hospital, official or employee, or other person who has attended or examined me, or who has been consulted by me. This waiver is made on behalf of myself and any person who shall have or claim any interest in any contract of insurance issued on this application.

Signed at (City/State) _Phoenix AZ_     on _07.02.2018_

_____
Signature of Vendor Representative
or Physician

_____
Signature of Proposed Insured

_Tom Retzoff_
Print name of Proposed Insured

MPM31008TAZ                          Page 2 of 3

**Transamerica Life Insurance Company**
Administrative Office, 4333 Edgewood Road NE, Cedar Rapids, IA 52499

## Supplemental Information to the Application for Life Insurance

Proposed Primary Insured Name: _Thomas Retzlaff_    Social Security Number: ▮▮▮▮ _5528_

| ADDITIONAL INFORMATION | | |
|---|---|---|
| Question Number | Name of Proposed Insured | Details to General and Medical Questions (Diagnosis, Dates, Durations, and Medications, Dosages, Frequency) Medical Facilities & Physicians Names, Addresses, Phone Numbers |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**ADDITIONAL INFORMATION**

Dated at _Phoenix_ _AZ_ this _02_ day of _July_, _2018_
    City          State                              Month        Year

_____
Signature of Proposed Insured

_____
Signature of Proposed Owner (if other than Proposed Insured)

_____
Signature of Parent or Legal Guardian (if Proposed Insured is Under 18 years of age)

_____
Signature of Additional Insured

_____
Signature of Agent/Registered Rep/Witness/Vendor Rep

SA-ADINFO 0114T

DUPLICATE

**TRANSAMERICA®**

Transamerica Life Insurance Company
HOME OFFICE: Cedar Rapids, Iowa
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

### Application Amendment

**Life Insured:    MR. TOM C RETZLAFF**

**The Application for Policy No. 6600534140**    **is amended as follows:**

Life Application Part I Question 1: Plan applied for:
   Plan Name: Super Trendsetter 15 Yr. Level
   Risk Class: Standard Non-Smoker

Sports and Hazardous Activities Questionnaire Question 1:
   Yes, Past activity only.  No future plans.

Life Application Part I Beneficiary's Name:
   BRITTANY A RETZLAFF

I/We declare that I/we have, in an identical manner, completed and signed the copy of this amendment that is attached to and made part of the Policy/Certificate issued by the Company.

It is agreed that this amendment shall be part of the application for the policy.

Signed at  _Phoenix  AZ_                         on  _8-30-2018_
                  (City, State)                                              Date (mm/dd/yyyy)

_____                _____
Signature of Proposed Insured                            Signature of Owner
                                                        **(Officer signature other than proposed insured, if
                                                        owner is a corporation)**

                                                        _Colby Ratliff_
_____                _____
Signature of Other Proposed Insured                     Witness (can be Licensed Producer)

_____                _____
Signature of Other Proposed Insured                     Signature of Licensed Producer

APE1-1008



**TRANSAMERICA®**
4333 Edgewood Rd NE
Cedar Rapids, IA 52499

Transamerica Life Insurance Company
HOME OFFICE: Cedar Rapids, Iowa
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

MR. TOM C RETZLAFF
PO BOX 46424
PHOENIX AZ 85063-6424

September 04, 2018

File Number:    6600534140
Insured(s):    MR. TOM C RETZLAFF

Dear Tom C Retzlaff

Thank you for your recent purchase of this life insurance coverage. Since everyone is
concerned with getting the most value for their money, Transamerica Life Insurance Company
is pleased to advise you that the policy date for your coverage has been advanced to September 04, 2018
The due date of all premiums will be based upon the new policy date.

Please keep this letter with your policy.

If you have any questions or need additional assistance, please contact our office at (800) 295-3990.

Sincerely,

New Business and Underwriting Department

cc: 13593
    1086635    CHARAN J SINGH



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678



**Term Insurance to the Policy Anniversary at the Insured's Age 105**
**Level Death Benefit Payable at Death of the Insured**
**Prior to the Policy Anniversary at the Insured's Age 105**

**Premiums Payable During the Life of the Insured to the**
**Policy Anniversary at the Insured's Age 105**

**Premiums are Subject to Changes as Stated in the Schedules of**
**Premiums Provision, But Will Not Exceed Specified Guaranteed Premiums**

**See Schedule of Guaranteed and Non-Guaranteed Premiums in the Policy Data for Amount of Premiums**

**Convertible in Accordance with Conversion Option Endorsement**
**Nonparticipating – No Dividends**

ICC16 TL24