Tayjalaya S. Williams

2240 S Elks Lane, Unit 13

Yuma, Arizona 85364

928-408-1422

Tayjalayastormwilliams@gmail.com

April 8th, 2024

United States District Court

District of Arizona

401 West Washington Street, Phoenix, AZ 85003

Case No. 2:24-cv-00379-ROS

**_Transamerica Life Insurance Company plaintiff v. Tayjalaya S. Williams_**

**INTERPLEADER DEFENDANT**

**Defendant Pro Se Motion:**

    1. Appearance by Telephone

    2. Response to Plaintiff's Motion

    3. Objection to Transamerica's Attorney Fees

    4. Summary Judgment

    5. Motion to Strike

    6. Collin Retzlaff's Summons Response

Dear Honorable Judge Roslyn O Silver:

I Tayjalaya S. Williams, the defendant in the above-captioned case, respectfully submit this Pro Se motion to request permission to appear by telephone for any conferences in this case, Objection to Transamerica Attorney fees, summary of judgment and Motion to Strike.

1. **Appearance by Telephone**

I respectfully request permission to appear by telephone for any scheduled hearings or conferences in this case. Due to my residence in Yuma, Arizona, the commute to the courthouse would pose significant challenges for me. Appearing by telephone would enable me to effectively participate in the proceedings without the need for travel.

2. **Objection to Transamerica's Request for Attorney's Fees and Costs from Interpleaded Funds**

I request that the court deny Transamerica's request for attorney's fees in the amount of $9,690.70 and costs of $405.00 from the interpleaded funds of the $100,000.00 insurance policy. Nowhere in the insured's policy contract does it stipulate that Transamerica's attorney's fees would be paid from the death benefit. Alternatively, I argue that if Transamerica is awarded attorney's fees, those fees should not be deducted from the policy death benefit. **Instead, alternative sources for payment, such as Transamerica's own funds or a separate fund established for legal expenses, should be considered.** Furthermore, considering Transamerica's role as an "innocent stakeholder" when Transamerica **3+ year delay in processing the claim and failure to communicate effectively with all parties** involved should preclude them from being entitled to reimbursement for their attorney's fees request. Transamerica attorney's fees are not justified, that they are excessive, and that they are not properly supported by *law or contract.*

### 3. *Summary Judgment*

- ❖ *Statement Material facts (per LRCiv 56.1(a)).*

In accordance with *Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1(a)*, respectfully request summary judgment in my favor. I assert that there are no genuine issues of material fact, and I am entitled to judgment as the 100% sole beneficiary based on irrefutable documentation provided in my evidence affidavit. (**Exhibit B**). Furthermore, the evidence presented in Thomas Retzlaff policy (**Exhibit 1.A**) specifically acquired from the communication from Transamerica's TAClaims department to me via email, clearly outlines the <u>contractual and legal basis for my entitlement as the beneficiary</u>. The document states unequivocally, *"Even if insured (Thomas Retzlaff) is not living when we record the change, the change will take effect as of the date it was signed unless otherwise specified."* This provision confirms that the change of beneficiary remains valid and effective from the date it was signed which was **August 28th, 2021,** by my late husband without any explicit instructions to the contrary.

- ❖ **Lack of Evidence Presented by Transamerica**

I deny the allegations made by Transamerica questioning the validity of the beneficiary designations. Despite their assertions in the summons allegations, Transamerica has failed to provide any evidence or factual basis to support their claim. The mere assertion of invalidity without supporting evidence is insufficient to create a genuine issue of material fact. Furthermore, there is no evidence to suggest any impropriety or lack of capacity on the part of my late husband in making the beneficiary designation. To the contrary, all available evidence indicates that Mr. Retzlaff made the designation, willingly and with full understanding of its implications.

**Validity of Beneficiary Designations**

Brittany Retzlaff was removed as a beneficiary on **November 10th, 2020**, and Denise Hollas on **June 1st, 2021**, prior to Thomas's passing on **September 1st, 2021**. Therefore, their claims should not be considered in the proceedings Which further proves Brittany Retzlaff and Denise Hollas irrelevance to the case and no genuine issue in material fact.

4. <u>**Motion to strike**</u>

    ❖ **Refutation of Collin Retzlaff's False Claims**

Collin Retzlaff allegations are offensive and inflammatory, as they falsely impugn my reputation without any factual basis. They serve no legitimate purpose in the legal proceedings and are intended to provoke an emotional response rather than contribute to the resolution of the case. Collin Retzlaff's statement attempts to attribute malicious intent to my character and actions without any supporting evidence:

*I.* Making false claims of my whereabouts and my communication with the El mirage Police Department around the time of my late husband's passing.

*II.* Statements such as "Tay believed, Tay wrote, or Tay used" it suggests that Collin is attributing beliefs or opinions onto me (Tayjalaya Williams) without providing concrete evidence or factual basis of such false statements in his summons response.

*III.* Collin Retzlaff's false allegations in paragraph 23 to 25 stated "it is believed that Tay Williams was committing fraud using debt cards in other people's names and potentially receiving illegal funds through illicit means". When it is irrelevant to the case and no factual basis or evidence to backup such prejudice claim.

*IV.* Collin Retzlaff's false statements about my Boxer/Shar-pei being "extremely aggressive", and statements about the times I did and did not have my dog with me, when it is irrelevant to the case and no factual basis or evidence to backup such claims.

**V.** False hearsay claims of a Secret affair/Man, when I have told the El mirage detectives on record of all the few people that I have ever invited over the 13022 W Columbine Drive, which was all ***blood related relatives.*** Which either way is irrelevant to the case and Collin Retzlaff having no factual basis or evidence to backup such claims.

***Collin Retzlaff's response is designed to prejudice the court against me and distract from the relevant legal issues in the matter.*** Collin Retzlaff's statements is not only inflammatory but also potentially damaging to the ongoing criminal investigation into the insured's death. By making false statements. Collin Retzlaff's only goal seems to be to divert attention from the critical issues at hand. Which is who and what (The Insured) my late husband Thomas would have wanted the finalized beneficiary designation to be before his passing. And that beneficiary designation was made in accordance with the wishes. Thomas Retzlaff's designation of me as the 100% sole beneficiary was a deliberate choice made by my late husband, and my **evidence affidavit reflecting Thomas's wishes.**

❖ ***Strike Transamerica & Collin Retzlaff's Prime Suspect Allegations***

Transamerica and Collin Retzlaff's <u>only relevant argument presented</u> has no basis in hearsay claiming that I am the "**prime suspect**" in my late husband's case. When I have spoken to **Detective Vanorski, on March 11th, 2024, to confirm that I was never identified as a prime suspect in my late husband's case.** Furthermore, <u>*I have not been formally charged or convicted in the three years since my late husband's investigation began.*</u> And was told by detective Vanorski to have the **court contact him at 623-500-3035 for further clarification of Transamerica false claim of me being labeled as "Prime Suspect ".** I object and deny all claims of me Tayjalaya Williams, being labeled prime suspect and respectfully ask the court to remove this unsubstantiated claim from the record, as it is irrelevant and potentially prejudicial to the case.

<u>**Motion For Relief**</u>

1. <u>**Permission to appear by telephone for any scheduled hearings or conferences in this case.**</u>

   Given the challenges posed by commuting from my out-of-town residence, appearing by telephone would enable me to effectively participate in the proceedings without undue burden. Your consideration of this request is greatly appreciated.

2. <u>**The court deny Transamerica's request for attorney's fees to be paid out from the death benefit.**</u>

   Transamerica's motion for attorney's fees and costs are not justified, that they are excessive, and that they are not properly supported by law or contract. And that if Transamerica is awarded attorney's fees, those fees should not be deducted from the policy death benefit. Instead, alternative sources for payment, such as Transamerica's own funds or a separate fund established for their legal attorney expenses.

3. <u>**Rule 56 Summary judgment in my favor, pursuant to Federal Rule of Civil Procedure 56.**</u>

   Finding that there are no genuine issues of material fact *(per LRCiv 56.1(a))* and that I am entitled to judgment as 100% sole beneficiary with proof documentation that is a matter of law. (**Exhibit 1.A** and **Exhibit B**)

4. <u>**The court strike Transamerica's and Collin Retzlaff's prime suspect hearsay scandalous allegations**</u>.

   Which will likely to cause prejudice and confusion if allowed to remain in the record. **Potentially damaging** to the ongoing criminal investigation.

5. **<u>The court strike the Collin Retzlaff's hearsay scandalous allegation summons response.</u>**

Collin's false allegations serve no legitimate purposes in the legal proceedings and are likely to cause prejudice and confusion if allowed to remain on record potentially damaging the ongoing criminal investigation:

- Making false claims of my whereabouts and my communication with the El mirage Police Department around the time of my late husband's passing.

- Statements such as "Tay believed, Tay wrote, or Tay used" it suggests that Collin is attributing beliefs or opinions onto me (Tayjalaya Williams) without providing concrete evidence or factual basis of such false statements in his summons response.

- Collin Retzlaff's false allegations in paragraph 23 to 25 stated "it is believed that Tay Williams was committing fraud using debt cards in other people's names and Potentially receiving illegal funds through illicit means etc..". When it is irrelevant to the case and no factual basis or evidence to backup such prejudice claim.

- Collin Retzlaff's false statements about my Boxer/Shar-pei being "extremely aggressive", and statements about the times I did and did not have my dog with me, when it is irrelevant to the case and no factual basis or evidence to backup such prejudice claims.

- False hearsay claims of a Secret affair/Man when I have told the detectives on record of all the few people that I have ever invited over the 13022 W Columbine Dr. residence. When regardless it is irrelevant to the case and Collin Retzlaff having no factual basis or evidence to back up such malicious claims.

<u>DATED this 8th day of April 2024</u>

By: /s/ *[signature]*
Pro Se
Tayjalaya S. Williams
Defendant