UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Transamerica Life Insurance Company,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>Tayjalaya S. Williams, Brittany A. Retzlaff, Collin A. Retzlaff and Denise A. Hollas,<br><br>    Interpleader Defendants. | No. 2:24-cv-00379-ROS<br><br>**PROPOSED JOINT CASE MANAGEMENT REPORT** |

The parties and counsel for the parties have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and submit the following Joint Case Management Report pursuant to the Court's March 29, 2024, Order:

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

Andrew Jacobsohn on behalf of Plaintiff, Transamerica Life Insurance Company. Anthony Montoya on behalf of Defendants, Brittany A. Retzlaff and Denise A. Hollas. Tayjalaya S. Williams, Defendant, representing herself pro se and Collin A. Retzlaff, Defendant, representing himself pro se.

**2. Parties in the Case:**

Interpleader Plaintiff is Transamerica Life Insurance Company. Interpleader Defendants are Tayjalaya S. Williams, Brittany A. Retzlaff, Collin A. Retzlaff, and Denise A. Hollas.

**3. Nature of the Case:**

This interpleader arises out of a dispute over the $100,000 death benefit in a life insurance policy issued to Thomas Retzlaff, who is now deceased. The defendants have made competing claims to the death benefit.

**4. Jurisdictional Bases:**

This case has jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction

exists because the parties are diverse and the amount in controversy exceeds $75,000.

### a. Statements of Citizenship:

Plaintiff is a citizen of Iowa, as it is incorporated in and has its principal place of business in Iowa. All Defendants are citizens of the State of Arizona.

### b. Amount in Dispute:

$100,000

**5. Parties Not Served:**

None.

**6. Amending Pleadings or Adding Parties:**

Neither Plaintiff nor Defendant expect to amend the pleadings or add additional parties.

**7. Contemplated Motions:**

Plaintiff filed its Motion to Deposit at doc. 20. Defendant Williams filed a response at doc. 21. The other Defendants have not yet responded.

**8. Consent to Magistrate:**

Defendant Tayjalaya Williams, appearing pro se, expresses her willingness to consent to the jurisdiction of a magistrate judge for certain aspects of the case, including pretrial matters and procedural issues. Defendant believes that utilizing a magistrate judge could expedite the legal process and facilitate efficient resolution of the case. However, Defendant Williams acknowledges that this consent is contingent upon the agreement of a parties involved.

**9. Related Cases:**

None.

**10. Electronically Stored Information ("ESI"):**

The parties do not anticipate issues with the preservation of electronically stored information. The parties agree to preserve relevant information, whether in electronic form or otherwise, and will work together to determine the most efficient means of production.

**11.  Claims of Privilege/Work Product:**

As a pro se litigant, Defendant Tayjalaya Williams respectfully requests that certain personal information, including her residential address, be treated as confidential and subject to protective measures during this litigation. Due to the insured's death being homicide and still an active investigation, Defendant does not want her new address to be publicly disclosed, as it could pose a safety risk and result in undue hardship.

Defendant requests that any documents or filings containing sensitive personal information be filed under seal or redacted to prevent public disclosure. Alternatively, Defendant seeks permission to provide her address directly to the court under separate cover for internal use only, if necessary.

Defendant appreciates the court's attention to this matter and requests any necessary accommodations to ensure the protection of her privacy and safety throughout the legal proceedings.

**12.  Federal Rules of Evidence 502(d):**

The parties do not believe an order under Federal Rules of Evidence 502(d) is warranted in this case.

**13.  Necessary Discovery:**

    **a.**  Anticipated Written Discovery:

    Defendant Tayjalaya Williams, appearing pro se, has already filed a motion for summary judgment in this case filed April 10th, 2024. As such, Defendant does not anticipate any further written discovery currently. Defendant's motion for summary judgment asserts Defendant's firm belief that she is the sole primary beneficiary of the policy in question. This belief is supported by the existing evidence

and legal arguments presented to the court. Defendant contends that there are no Genuine issues of material fact in dispute regarding her status as the primary beneficiary.

Defendant, representing herself without legal counsel, believes that resolution of the case through summary judgment will promote efficiency and avoid the need for protracted litigation. Defendant remains open to addressing any outstanding discovery requests previously submitted by the opposing party, if applicable, and will cooperate in good faith to resolve any remaining discovery matters.

**b. Limitations:**

Defendant Tayjalaya Williams, appearing pro se, seeks to expedite the resolution of this case and minimize the discovery process in pursuit of summary judgment. Defendant anticipates minimal written discovery, if any, as she firmly believes that the case can be decided based on the existing evidence and legal arguments before the court.

Given Defendant's Williams assertion that she is the sole primary beneficiary of the policy in question and her motion for summary judgment filed on 4/10/24, Defendant contends that further written discovery is unnecessary and would only serve to prolong the proceedings unnecessarily.

**c. Depositions:**

Pro Se Defendant Tayjalaya Williams requests to limit each deposition to one hour for efficiency and cost management.
Response:
Plaintiff's request for four-hour depositions is noted. Defendant

maintains the request to limit depositions to one hour and seeks agreement from Plaintiff. Considering this objective, Defendant Tayjalaya Williams respectfully requests that any remaining discovery deadlines be expedited to facilitate the summary judgment process. Defendant is committed to cooperating in good faith with any reasonable requests for discovery that may arise but emphasizes the importance of efficiency and a timely resolution of the case.

14. **Proposed Deadlines:**

    a. **Expert Disclosures:**

    N/A

    b. **Completion of Expert Depositions:**

    N/A

    c. **Engage Good Faith Settlement Talks:**

    April 24th, 2024

    d. **Dispositive Motions:**

    Defendant Tayjalaya Williams has already filed a response to Plaintiff's Motion on April 10th, 2024, which indicates:

- Appearance by Telephone
- Response to Plaintiff's Motion
- Objection to Transamerica's Attorney Fees
- Summary Judgment
- Motion to Strike Transamerica and Collin Retzlaff's false hearsay allegations.

15. **Jury Trial Request:**

In the draft report, it is stated that I, Defendant Tayjalaya S. Williams, have requested a trial by jury. However, I wish to clarify that I have requested a bench

trial in my Summons response to this case under "Request for Relief".

I believe there may have been a misunderstanding or miscommunication regarding this matter, and I respectfully request that the draft report be amended to accurately reflect my trial preference as a bench trial:

I Pro Se Defendant Tayjalaya Williams request a Bench Trial NOT Trial by Jury.

**16.   Settlement Prospects and Methods:**

Plaintiff takes no position on a referral of this matter to a settlement conference. However, The Defendant, Tayjalaya Williams, asserts that she is the sole primary beneficiary of the policy in question. She is not open to negotiation regarding this matter and firmly believes that she is entitled to the entire proceeds of the policy.

Request for Summary Judgment: Given the clarity of the Defendant's claim and the lack of genuine dispute regarding her entitlement to the policy proceeds, Tayjalaya Williams requests that the court grant summary judgment in her favor as the sole primary beneficiary.

Legal Basis for Summary Judgment: Tayjalaya Williams contends that summary judgment is appropriate in this case because there are no genuine issues of material fact in dispute, and she is entitled to judgment as a matter of law. She requests that the court evaluate the evidence and legal arguments presented and render a decision accordingly.

No Need for Settlement Negotiation: As Tayjalaya Williams maintains her position as the sole primary beneficiary and seeks summary judgment, she does not see the necessity or benefit of engaging in settlement negotiations with the other parties involved in the case.

**17.   Other Matters:**

The parties understand that they must comply fully with the Federal and Local Rules of Civil Procedure, including that all filings must comply with local Rules of Civil Procedure 7.1 and 7.2. The parties understand that they must endeavor to minimize the expense of discovery.

DATED this 12th day of April 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Stephen M. Bressler
Andrew Jacobsohn
Attorneys for Interpleader Plaintiff Transamerica Life Insurance Company

MONTOYA LAW OFFICE

By: /s/ Anthony R. Montoya
Attorneys for Defendants: Brittany A. Retzlaff and Denise A. Hollas

PRO SE DEFENDANTS

By:  Tayjalaya S. Williams

By: Collin A. Retzlaff

DATED this 29th day of April, 2024.