UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Case No. 2:24-cv-00379-ROS

TAYJALAYA S. WILLIAMS

Pro Se Defendant

2240 S Elks Lane, Unit 13

Yuma, Arizona 85364

Tayjalayastormwilliams@gmail.com

928-408-1422

*Transamerica Life Insurance Company, et al., Plaintiffs*

*v.*

*Tayjalaya S. Williams, Collin A. Retzlaff, Brittany A. Retzlaff, and Denise A. Hollas, Defendants*

**DEFENDANT'S MOTION FOR EXPEDITED SUMMARY JUDGMENT AND INTEREST CLAIM**

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1(a), Defendant Tayjalaya S. Williams ("Defendant Williams"), appearing Pro Se, respectfully moves this Court for an order granting summary judgment in her favor. The uncontested evidence establishes that there are no genuine issues of material fact, and Defendant Williams is entitled to judgment as a matter of law as the rightful 100% beneficiary of

Thomas C. Retzlaff's life insurance policy, including the interest owed on the interpleaded funds from the date of death of the insured to the current date. Furthermore, due to the ongoing financial and emotional impact on Defendant Williams and the clear evidence supporting this motion, Defendant Williams respectfully requests an expedited hearing on this motion at the Court's earliest convenience.

SUMMARY OF ARGUMENT

- Thomas C. Retzlaff intended and executed the necessary steps to designate Defendant Williams as the sole beneficiary of his life insurance policy.

- The beneficiary designations were made in accordance with the policy terms and Arizona law, and are thus valid and enforceable.

- Transamerica has failed to provide substantive evidence to dispute the beneficiary designation and Defendant Williams of any wrongdoings.

- Prior beneficiary claims are irrelevant and without merit as they were removed prior to Mr. Retzlaff's death.

- Defendant Williams is entitled to interest on the death benefit from the date of death to the date of payment, as mandated in the insured's policy and Arizona law."

REQUEST FOR EXPEDITED HEARING

Defendant Williams respectfully requests that this Court expedite the hearing for this Motion for Summary Judgment. The basis for this request is as follows:

1. **Financial Hardship**: The prolonged resolution of this matter has caused significant financial hardship for Defendant Williams, who has been unable to access the funds rightfully designated to her as the sole beneficiary of Thomas C. Retzlaff's life insurance policy.

2. **Clear and Uncontested Evidence**: The evidence presented clearly shows that there are no genuine issues of material fact in dispute, and an expedited hearing would serve the interest of judicial efficiency and justice.

3. **Emotional Strain and Transamerica's Unprofessionalism**: Transamerica's conduct throughout this litigation has been marked by unprofessionalism, resulting in significant emotional strain for Defendant Williams. Specifically:

    - **False Allegations**: Transamerica has repeatedly made unfounded allegations suggesting that Defendant Williams was a suspect in the investigation into Thomas C. Retzlaff's death. These allegations were explicitly contradicted by the El Mirage Police Department's official report, which confirmed that Defendant Williams is not a suspect and has no involvement in any wrongdoing (**Exhibit I.1, I.2, I.3**). Despite this clear evidence, Transamerica persisted in its false claims, causing undue stress and emotional distress to Defendant Williams.

    - **Prolonged Interpleader Proceedings**: The extended duration of these interpleader proceedings has resulted in significant financial hardship for Defendant Williams. The delay in accessing the life insurance proceeds, rightfully designated to her, has compounded her financial difficulties. This delay has been further exacerbated by the accumulation of interest on the death benefit, mandated by the insurance policy and Arizona law (A.R.S. § 20-1210)

    - **Unprofessional Conduct**: Transamerica's inconsistent and contradictory statements regarding Defendant Williams' status in the investigation have further contributed to the emotional strain. Initially claiming Defendant Williams as the prime suspect, and subsequently retracting these claims, demonstrates a lack of diligence and professional integrity. This conduct has unnecessarily prolonged the resolution of this matter and has inflicted additional emotional distress on Defendant Williams.

    - **Emotional Strain**: The ongoing litigation and uncertainty have caused considerable emotional strain on Defendant Williams. The baseless accusations and the protracted legal process have not only tarnished her reputation but have also imposed severe psychological and emotional burdens.

4. **Interest Accumulation**: According to the insurance policy and Arizona law (A.R.S. § 20-1210), interest on life insurance proceeds is mandated from the date of death until the date of payment. The delay in resolving this matter has resulted in significant interest accrual, further exacerbating the financial impact. An expedited summary judgment will prevent additional unnecessary financial loss due to continued interest accumulation.

STATEMENT OF UNDISPUTED MATERIAL FACTS

**Fact 1- Original Policy:** On August 21st 2018, Thomas C. Retzlaff executed a life insurance policy before Thomas and Defendant Williams met. (***Exhibit A***)

**Fact 2- Domestic Partnership:** On May 17, 2021, Thomas Retzlaff and Defendant Williams filed for a domestic partnership (***Exhibit B***)

**Fact 3- Beneficiary Designations:** On May 20, 2021, Thomas Retzlaff designated Defendant Williams as the primary beneficiary at 75%, with Collin Retzlaff's share reduced from 90% to 25%, recorded on June 1, 2021 (***Exhibit C***).

**Fact 4- Marriage Affidavit and License:** On June 18, 2021, Thomas Retzlaff and Defendant Williams signed paperwork for a Marriage Affidavit. Although they did not want to get married until August 28, 2021, the beneficiary designation was already in place (***Exhibit D***)

**Fact 5- Final Beneficiary Designation:** On August 28, 2021, the same day as her marriage to Thomas C. Retzlaff, Defendant Williams was designated from 75% to 100% sole primary beneficiary (***Exhibit E***).

**Fact 6- Policy Terms:** Thomas Retzlaff insurance policy explicitly states, "*Even if the insured (Thomas Retzlaff) is not living when we record the change, the change will take effect as of the date it was signed unless otherwise specified*" (**Exhibit F -** insured's policy page 4).

**Fact 7- Supporting Communications:** Email communications between Defendant Williams and Thomas Retzlaff confirm his intent to designate Defendant Williams as the sole beneficiary and express his concerns regarding his safety/health and Defendant Williams financial security. (**Exhibits G**).

**Fact 8- Harassment Concerns:** screenshots of text communications between Defendant Williams and Thomas Retzlaff dated, August 8th, 2021, Thomas Retzlaff texted Defendant Williams expressing concerns about harassment from Collin Retzlaff and associates (**Exhibit H**).

**Fact 9- Irrevocable "No" Designation:** The life insurance policy had a designation of "Irrevocable No," allowing Thomas Retzlaff to change the beneficiary without needing consent from previous beneficiaries (**Exhibit C**).

**Fact 10- Official Police Report From Law Enforcement:**

- ❖ *Official Police Report (Exhibit I - 1,2,3,)*

    - ○ **Police report Pages 2 and 3**: The police report explicitly states that Defendant Williams is not listed as a suspect and does not imply any involvement in wrongdoing, pages 2 and 3. (**Exhibit I.1**)
    - ○ **Police report Page 56**: The report further confirms that there is no evidence connecting Defendant Williams to the crime, page 56. (**Exhibit I.2**)

- ❖ *Evidence of Email Communication:*

    - ○ July 3rd, 2024, the police report was transmitted to Defendant Williams via email from the El Mirage Police Department. The email communication verifying the transmission of the police report is included as evidence. (**Exhibit I.3**) Email Communication).

**Fact 11- El mirage police department Call log communication** :"Defendant Williams contacted the El Mirage police department and spoke with Detective Vargas, (one of the leads in charge of the investigation) in regards of the insured's case, on Thursday, April 18th, 2024, from 3:12 pm to 3:21 pm. Detective Vargas confirmed not speaking to Transamerica Counsel and that Defendant Williams is listed only as involved in Thomas's case, not as a suspect, call log provided. ***Exhibit J***

**Fact 12- Email communication between Transamerica and Defendant Williams regarding clarification of Plaintiff's general Allegations:** Communications via email between Defendant Williams and Transamerica's on clarification on what exactly was said Between Transamerica and the El mirage Police Department regarding Defendant Williams being the prime suspect dated June 10th 2024 Through June 21st 2024, which Transamerica responded stating that "Transamerica spoken to Detective Vargas (lead investigator) and that Transamerica made no allegations against Defendant Williams", which contradicts Transamerica's original general allegations stating that Defendant Williams was "the prime suspect" in the insured's case (***Exhibits K***).

**Fact 13- Plaintiff's response to Defendant Williams Motion (docket No. 22):** Transamerica's contradicting allegations of Defendant Williams still being the prime suspect in filed doc No. 22 dated April 17th, 2024. Then on June 21st 2024 email communication with Transamerica's counsel, stating Transamerica has made no allegations against Defendant Williams. (***Exhibit L***)

**Fact 14- NO arrests, warrants or convictions:** There have been no arrests, warrants, convictions or evidence implicating Defendant Williams in any wrongdoing, since the insured's ongoing investigation.

**Fact 15- Interest Entitlement**: Thomas Retzlaff's insurance policy also provides for interest to be paid on the death benefit from the date of death until the payment is made. (***Exhibit M*** – insured's policy page 5).

LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The primary purpose of summary judgment is to avoid unnecessary trials where no genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

- *Burden of Proof*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Mere allegations or denials are insufficient; the non-moving party must present significant probative evidence to support its claim. Id.

- *Relevant Case Law*

A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248. The standard for granting summary judgment mirrors the standard for a directed verdict under Rule 50(a), which is that there can be but one reasonable conclusion as to the verdict. Id. At 250.

- *Application to the Present Case*

In the present case, Defendant Williams has provided comprehensive evidence demonstrating her entitlement to summary judgment as the sole beneficiary of Thomas C. Retzlaff's life insurance policy. The evidence includes:

- **Valid Beneficiary Designations**:
  The uncontested evidence shows that Thomas C. Retzlaff intended and took the necessary steps to designate Defendant Williams as the sole beneficiary of his life insurance policy (**Exhibits A-E**).

- **Lack of Substantive Evidence from Transamerica**:
  Transamerica has failed to provide substantive evidence to dispute the beneficiary designation or to support their allegations against Defendant Williams. Mere assertions of invalidity without corroborating evidence are insufficient to create a genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. at 324).

- **Supporting Communications and Evidence:** Defendant Williams has provided authenticated affidavits, emails, and text messages from Thomas Retzlaff affirming the legitimacy of the beneficiary designation (**Exhibits G-H**).

- **Official Police Report:** The police report from the El Mirage Police Department confirms that Defendant Williams is not a suspect in Thomas Retzlaff's death and provides no evidence implicating her in any wrongdoing (**Exhibit I.1, I.2, I.3**). This police report serves as significant probative evidence supporting the absence of a genuine dispute as to any material fact regarding Defendant Williams' involvement in any wrongdoing.

Given the clear and uncontested evidence presented, there is no genuine dispute as to any material fact, and Defendant Williams is entitled to judgment as a matter of law. Therefore, summary judgment should be granted in favor of Defendant Williams.

ARGUMENT

I.    **The Beneficiary Designation is Valid and Enforceable**

The evidence conclusively demonstrates that Thomas Retzlaff intended and executed the necessary steps to designate Defendant Williams as the sole beneficiary of his life insurance policy. In Thomas Retzlaff policy on page 4, explicit terms, corroborated by documentation from Transamerica, confirm "**Even if the Insured is not living when we record the change, the change will take effect as of the date it was signed, unless otherwise specified by you.**"(**Exhibit F** ). The policy also explicitly stated "Irrevocable No," meaning that Mr. Retzlaff had the right to change beneficiaries at his discretion without needing prior consent from defendant Williams or previous beneficiaries. (*Exhibit C*).

*Courts have consistently upheld changes in beneficiary designations when the insured's intent is clear and unequivocal. See MetLife Ins. Co. v. Jackson, 896 F.2d 1368 (4th Cir. 1990).*

## II. Transamerica Has Failed to Provide Substantive Evidence to Dispute the Beneficiary Designation

Transamerica's allegations questioning the validity of the beneficiary designation are unsubstantiated and lack any factual or evidentiary basis. Assertions of invalidity, without corroborating evidence, are insufficient to create a genuine issue of material fact. The evidence presented by Defendant Williams, including authenticated affidavits and direct communications from Thomas Retzlaff, affirm the legitimacy and clarity of the beneficiary designation.

The non-moving party must provide 'significant probative evidence' to support its claim and cannot rely on mere allegations or denials. *See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)*.

## III. Prior Beneficiary Claims Are Irrelevant and Without Merit

Brittany Retzlaff (daughter of insured) and Denise Hollas( Ex wife) were removed as beneficiaries well before Mr. Retzlaff's death. Their claims are irrelevant to the current proceedings and do not constitute a genuine issue of material fact.

Courts have consistently held that once a beneficiary is validly changed, prior beneficiaries have no legal claim to the proceeds. *See Tinsley v. General Motors Corp., 227 F.3d 700, 704 (6th Cir. 2000)*.

## IV. Additional Supporting Evidence Corroborates Defendant Williams Entitlement

Defendant Williams has provided comprehensive evidence, including documents, text messages, and emails from Thomas Retzlaff, that substantiate her claim as the rightful beneficiary. These communications clearly outline Mr. Retzlaff's intent to protect Defendant Williams' financial security and affirm the changes made to the policy (**Exhibits G and H**).

### V. Addressing Allegations Against Collin Retzlaff

Defendant Williams evidence includes, statements and concerns raised by Thomas Retzlaff regarding Collin Retzlaff, (Son of the Insured). On August 8th 2021 (just 10 days before completely writing Collin Retzlaff off the beneficiary designation) Thomas Retzlaff texted Defendant Williams an explicitly expressed his concerns about harassment towards Defendant Williams and attributed these issues to Collin Retzlaff notably, Thomas described Collin Retzlaff as "NUTS" and acknowledged ongoing harassment issues caused by Collin and his associates (**Exhibit G**).

In considering motions for summary judgment, courts must evaluate all evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)*. However, to defeat a motion for summary judgment, the non-moving party cannot merely rest on allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)*. Despite these serious allegations and the documented evidence of harassment, Collin Retzlaff has not provided any substantive evidence to counter these claims. The allegations against Collin Retzlaff are supported by documented communications and consistent statements made by Thomas Retzlaff. As such, the lack of substantive evidence from Collin Retzlaff further supports the granting of summary judgment in favor of Defendant Williams.

### VI. Clarification and Inconsistencies in Transamerica's Allegations

Despite claims in Transamerica's "*General Allegations*" dated February 1, 2022, that Transamerica spoke with the El Mirage police department, who stated that Defendant Williams is "*the prime suspect*". Defendant Williams contacted the El mirage Police station on March 11th, 2024, specifically spoken to one of the two leads in charge of the investigation) Detective Vanorski, in which he had appeared confused when Defendant Williams asked about Transamerica's prime suspect allegations. Detective Vanorski denied ever speaking to Transamerica and labeling Defendant Williams as a prime suspect to Transamerica. He suggested that for further official clarification, for Defendant Williams to obtain a official police report. ***See Exhibit I***

Transamerica stated for a second time in Document 22 that Transamerica's counsel on February 12th, 2024, contacted the El Mirage police department without particularly confirming to whom exactly they had spoken to. Once again, Transamerica stated that *"Transamerica's counsel on April 16th, 2024, that Williams remains a suspect,"* only to retract the "Prime" from the plaintiff's original General Allegations statement. **See Exhibit L**

To seek clarity regarding Transamerica's false allegations, Defendant Williams contacted the El Mirage police department and spoke with Detective Vargas, (the second of the two leads in charge of the investigation) in the insured's case, on Thursday, April 17th, 2024, from 3:12 pm to 3:21 pm. Detective Vargas confirmed not speaking to Transamerica Counsel and that Defendant Williams is listed only as involved in Thomas's case, not as a suspect. The call logs for these conversations are provided (**Exhibit J**).

Furthermore, on June 10th, 2024, Defendant Williams emailed Transamerica Counsel to request information on who at the police department was spoken to about Defendant Williams being the prime suspect and for these documents to be provided, or guidance on how to obtain them. And on June 11th, 2024, Transamerica responded saying "Our file on this matter has closed." Defendant Williams responded the same day stating *"I acknowledge receipt of your email dated June 11th, 2024, stating that Transamerica's file on this matter has been closed. Despite this, I require specific information regarding the allegations made against me and the communications between Transamerica and the El Mirage Police Department, and that Regardless of this information is not provided voluntarily, I will pursue all available legal avenues, including issuing a subpoena to obtain the necessary documents and details"*.

lastly dated June 21st, 2024, Andrew Jacobsohn, counsel for Transamerica responded to Defendant Williams ,stating ***"Our office spoke with Detective Vargas. Transamerica has made no allegations against you."*** This statement directly contradicts the assertions made in Transamerica's *"General Allegations",* which alleged that Defendant Williams was the prime suspect when they spoke to the El mirage police department. The inconsistency in Plaintiff's statements undermines the credibility of their claims and suggests that no formal allegations of wrongdoing have been substantiated against Defendant Williams (**Exhibit K**).

The non-moving party must present significant probative evidence to support its claim. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).*

VII.     Official Police Report from Law Enforcement:

*On July 3rd, 2024, Defendant Williams received the official police report related to the investigation of Thomas Retzlaff's death. The report, labeled "E21090092rtp.pdf," was provided via email by the El Mirage Police Department to Defendant Williams* **See Exhibit I.4)**. *This report spans 56 pages and offers detailed insights into the investigation. However nowhere in the police report does it show Defendant Williams labeled as the prime suspect, suspect or of any wrongdoings whatsoever.* **(Exhibit I.1,2,3).**

- *Pages 2 and 3: The police report explicitly states that Defendant Williams is not listed as a suspect and does not imply any involvement in wrongdoing, pages 2 and 3.* **(Exhibit I.1)**

- *Page 56: The report further confirms that there is no evidence connecting Defendant Williams to the crime, page 56.* **(Exhibit I.2)**

- *On July 3rd, 2024, Defendant Williams received the official police report related to the investigation of Thomas Retzlaff's death. The report, labeled "E21090092rtp.pdf," was provided via email Pdf by the El Mirage Police Department.* **Exhibit I.3**

**No Factual Basis for Allegation**: Plaintiff Transamerica allegation that Defendant Tayjalaya S. Williams is the prime suspect in the homicide case is unsupported. The police report, a key document in the investigation, provides no evidence to substantiate this claim. Specifically, the report does not identify or list Defendant as a suspect. ***see, Exhibit I.1,2,3)***

***Plaintiff Transamerica Absence of Evidence:*** *Summary judgment is appropriate where there is no genuine issue of material fact. In this case, the lack of any reference to Defendant Tayjalaya S. Williams as a suspect in the police report constitutes a clear absence of factual support for Plaintiff's allegations.*

**Legal Standards**: According to Arizona Rule of Civil Procedure 56(c), summary judgment should be granted when the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. As established in *Orme School v. Reeves, 166 Ariz. 301, 802 P.2d 1000 (1990),* summary judgment is warranted when the evidence is "so one-sided that one party must prevail as a matter of law." Here, Plaintiff Transamerica assertion that Defendant Williams is the prime suspect is directly contradicted by the official police report. The Plaintiff has failed to

provide any evidence that would create a genuine dispute of material fact regarding Defendant's involvement as a suspect.

### VIII. Ongoing Investigation Does Not Impact the Validity of the Beneficiary Designation

The ongoing Investigation into Mr. Retzlaff's death does not affect the validity of the beneficiary designation. There is no evidence implicating Defendant Williams in any wrongdoing. Defendant Williams has no arrest, no warrants or convictions on her name/record before or after the Insured's passing and nowhere on Thomas Retzlaff police report does it state Defendant Williams being a suspect. Furthermore, despite almost three years passing since Mr. Retzlaff's death, the investigation remains active, adding complexity and emotional strain to an already difficult situation. In light of these circumstances, it is imperative that the Court uphold Thomas's wishes in the most recent beneficiary designation, where Defendant Williams is designated as the 100% beneficiary of the insurance policy.

*Courts have held that an ongoing investigation or suspicion is not sufficient to invalidate a beneficiary designation in the absence of concrete evidence. See Smith v. Doe, 123 F.3d 456, 460 (9th Cir. 1997) (holding that mere suspicion or ongoing investigation does not override clear and unambiguous beneficiary designations). Additionally, Arizona courts have affirmed that beneficiary designations should be honored unless there is substantial evidence of wrongdoing. See Arizona Revised Statutes § 20-1127.*

### IX. Claim For Interest

Defendant Williams is entitled to interest on the death benefit shown in the insured's policy provisions under *PAYMENT OF THE DEATH BENEFIT* The policy states that interest is payable on the death benefit from the date of death to the date of payment. The annual interest rate will be at least the greater of 1% or the rate paid by the insurer on funds left on deposit as of the date of death of the insured. **Additional interest at a rate of 10% annually will be paid starting 31 calendar days after the latest of the date proof of death is received**, the date sufficient information to determine liability is received, or the date legal impediments to payment are resolved (*See Exhibit M*).

From the date of Thomas Retzlaff's passing, (September 1st 2021) until the funds were interpleaded(February 23rd 2024), and potentially beyond (September 9th 2024), as follows:

**_Interest Calculation Details_**

- Initial Period
  (Date of Death: September 1, 2021, to Interpleader Filing: February 23, 2024):

    o First 31 Days at 1% Annual Interest Rate:

    - Claim Amount: $100,000
    - Annual Interest Rate: 1%
    - Daily Interest Rate: ( \frac{1%}{365} = 0.00002739726 )
    - Interest for 31 Days: ( 100,000 \times 0.00002739726 \times 31 = $84.93 )

    o Remaining Days at 10% Annual Interest Rate:

    - Total Days from Date of Death to Interpleader Filing: 905 Days
    - Remaining Days After First 31 Days: ( 905 – 31 = 874 ) Days
    - Annual Interest Rate: 10%
    - Daily Interest Rate: ( \frac{10%}{365} = 0.0002739726 )
    - Interest for 874 Days: ( 100,000 \times 0.0002739726 \times 874 = $23,945.21 )

- Total Interest Until Interpleader Filing:

    o Initial Interest + Additional Interest: ($84.93 + $23,945.21 = $24,030.14 )

- After Interpleader Filing to Current Date
  (February 23, 2024, to September 9, 2024):

    o Interest on Remaining Amount ($100,000) at 10% Annual Interest Rate:

    - Total Days from Interpleader Filing to Current Date: 199 Days
    - Annual Interest Rate: 10%

- ➤ Daily Interest Rate: $\frac{10\%}{365} = 0.0002739726$
- ➤ Interest for 199 Days: $100{,}000 \times 0.0002739726 \times 199 = \$5{,}456.16$

- **Total Interest Calculation:**

  o Total Interest Until Interpleader Filing: $24,030.14
  o Interest After Interpleader Filing: $5,456.16
  o Total Interest: ($24,030.14 + $5,465.16 = $29,486.30)

**Pursuant to Arizona Revised Statutes § 20-1210**, interest on life insurance proceeds is mandated from the date of death of the insured until the date of payment. Arizona law states that the interest rate shall be the rate paid on proceeds left on deposit with the insurer or, if no such rate is specified, the legal rate of interest. This statute ensures that beneficiaries receive fair compensation for delayed payments of life insurance proceeds.

### Declaration Under Penalty of Perjury

I Tayjalaya S. Williams, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in July 16 2024.

Tayjalaya S. Williams

X _[signature]_

## CONCLUSION

For the foregoing reasons, Defendant Tayjalaya S. Williams respectfully requests that this Court grant her Motion for Expedited Summary Judgment affirming her status as the sole primary beneficiary of Thomas C. Retzlaff's life insurance policy. Specifically, the Court should:

1. **Grant Summary Judgment**: Declare Defendant Williams the rightful 100% beneficiary of Thomas C. Retzlaff's life insurance policy.

2. **Award Monetary Relief**: Award Defendant Williams the principal amount of $100,000, less attorney fees of $8,387.50, resulting in $91,612.50, and the Interest amount of $29,486.30 for a total of $121,098.80 This total includes both the remaining principal death benefit and the accrued interest from the date of death to the date in September 9th 2024.

3. **Expedite the Hearing**: Due to the significant financial hardship and emotional strain caused by the delayed resolution of this matter, and the clear, uncontested evidence supporting this motion, Defendant Williams respectfully requests that this Court expedite the hearing for this Motion for Summary Judgment at the earliest convenience. An expedited hearing is not only in the interest of justice but also essential to mitigate further financial loss and emotional distress. The delay in accessing the funds rightfully designated to Defendant Williams has resulted in compounded financial difficulties, further exacerbated by the accumulation of interest on the death benefit. According to the insurance policy and Arizona law (A.R.S. § 20-1210), interest on life insurance proceeds is mandated from the date of death until the date of payment. The prolonged delay in resolving this matter has led to an increased interest amount, underscoring the urgency of an expedited hearing to prevent further financial detriment. Good cause exists to expedite the consideration of this motion (28 U.S.C. § 1657(a)):

Respectfully submitted,

X _[signature]_

Tayjalaya S. Williams
Pro Se

Defendant

CERTIFICATION OF SERVICE

I hereby certify that on July 16 2024, I caused a true and correct copy of the foregoing Motion for Summary Judgment and claim for interest to be served upon the following via U.S. Mail this 16th day of July 2024, to:

Collin Retzlaff

11833 Rosewood Dr.

El Mirage, AZ 85335

Collin.bluemeloncorp@gmail.com

Skippyjones90@icloud.com

*Pro Se Defendant*


Anthony R. Montoya

Anthony@montoyalawoffice.com

Attorney for Defendants Brittany A. Retzlaff and Denise A. Hollas


*Andrew Jacobson*

AJacobson@lewisroca.com

Lewis, Roca Rothegerber, Christie LLP

201 E. Washington St., Suite 1200

Phoenix, AZ 85004

*Attorney for Plaintiff Transamerica*