**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**Stephen M. Bressler** (State Bar No. 009032)
Direct Dial: 602.262.5376
Fax: 602.262.5747
Email: SBressler@lewisroca.com

**Andrew Jacobsohn** (State Bar No. 037792)
Direct Dial: 602.262.5782
Email: AJacobsohn@lewisroca.com

*Attorneys for Interpleader Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Transamerica Life Insurance Company,<br><br>             Interpleader Plaintiff,<br><br>      v.<br><br>Tayjalaya S. Williams, Brittany A. Retzlaff, Collin A. Retzlaff and Denise A. Hollas,<br><br>             Interpleader Defendants. | No. 2:24-cv-00379-ROS<br><br>**INTERPLEADER PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING JURISDICTION** |

Pursuant to this Court's Order (ECF No. 48), Interpleader Plaintiff Transamerica Life Insurance Company submits this brief addressing whether the Court has jurisdiction over this interpleader action, particularly once Plaintiff—the only diverse party in this action—is dismissed.

The Court retains jurisdiction over this matter to determine the respective rights of the Interpleader Defendants to the Policy Benefit after Transamerica is dismissed. Accordingly, together with this brief, Transamerica has brought a motion requesting final dismissal from this action at ECF No. 52.

**1.   Background – Transamerica deposited the proceeds and was discharged.**

This interpleader arises out of a dispute over the $100,000 death benefit in a life insurance policy that insured Thomas Retzlaff. Mr. Retzlaff later died in a homicide. The El Mirage Police Department is investigating the murder. The defendants have made competing claims to the death benefit.

125721298.2

1  Transamerica has not made any accusations about who is responsible for the
2  homicide.  The El Mirage Police Department detectives informed Transamerica that
3  neither Collin Retzlaff nor Tayjalaya S. Williams had been cleared of involvement in the
4  death of the Insured.  Shortly before filing this interpleader action, an investigator with
5  Plaintiff's counsel made another inquiry with the El Mirage Police Department and was
6  told the same thing.

7  Transamerica is ready, willing and able to pay the Policy Benefits, but cannot
8  adjudicate the competing claims advanced by the Interpleader Defendants without
9  potential exposing itself to liability. *Cf. Glass v. United States*, 506 F.2d 379 (10th Cir.
10 1974) (Veterans Administration's payment of life insurance policy proceeds to decedent's
11 wife before she was convicted of murder was premature; children, who were contingent
12 beneficiaries, had right to policy proceeds).

13 Interpleader actions proceed in two stages: (1) the Court "determines the right of
14 the party invoking the remedy to compel the claimants to litigate their claims to the stake
15 in one proceeding" and (2) then the Court determines "the respective rights of the
16 claimants to the stake." 7 Fed. Prac. & Proc. Civ. § 1714 (Wright & Miller 3d ed. Jun.
17 2024 Update).

18 At the first stage, Transamerica filed a motion to deposit the Policy Benefits,
19 compel the claimants to litigate their claims, and request a discharge, injunction, and other
20 related relief. ECF No. 20. The only aspect of the motion which any Interpleader
21 Defendant opposed was Transamerica's request for attorneys' fees. And on April 23,
22 2024, the Court granted the motion and ordered:

23 /   /   /

25 /   /   /

27 /   /   /

- 2 -

125721298.2

> IT IS FURTHER ORDERED pursuant to Local Rule 67.1(b)(2), Plaintiff shall deposit $91,616.45 (the "Policy Benefit") with the Clerk of Court.
>
> IT IS FURTHER ORDERED Defendants are permanently enjoined from commencing or prosecuting any other suit or action against Plaintiff for the collection of the Policy Benefit payable because of the death of Thomas Retzlaff, and from assigning, transferring, or otherwise disposing of the interest in the Policy Benefit until further order of this Court.
>
> IT IS FURTHER ORDERED upon deposit of the Policy Benefit with the Court, Plaintiff is discharged from any further proceedings in this action and from any and all liability arising out of any claim to the Policy Benefit.
>
> Dated this 23rd day of April, 2024.

ECF No. 26.[1]

Following the Court's order, Transamerica promptly deposited the Policy Benefit into an interest-bearing account on April 30, 2024 (ECF No. 30). Per the Court's order, Plaintiff Transamerica was then discharged from any further proceedings in this action and from any and all liability arising out of any claim to the Policy Benefit.

The interpleader then proceeded to the "second stage" where this Court determines the respective rights of the defendant claimants to the stake. *See, e.g.*, *Transamerica Life Ins. Co. v. Shubin*, 1:11-CV-01958-LJO, 2012 WL 5210583 (E.D. Cal. Oct. 19, 2012) (setting a hearing and briefing schedule for the interpleader defendants to set forth the factual basis for their claimed entitlement to the interpleaded funds).

**2.   Does the Court retain jurisdiction after Transamerica is discharged?**

The Court retains jurisdiction over the second stage of the interpleader action once Transamerica is dismissed, even though all Interpleader Defendants are residents of

---

[1] This relief is typical of interpleader. *See, e.g.*, *Penn-Star Ins. Co. v. Thee Aguila, Inc.*, No. CV219365PSGRAOX, 2022 WL 17224687 (C.D. Cal. Mar. 29, 2022), *aff'd sub nom. Penn Star Ins. Co. v. Aguila*, No. 22-55664, 2023 WL 7101931 (9th Cir. Oct. 27, 2023); *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-CV-01958-LJO, 2012 WL 2839704 (E.D. Cal. July 10, 2012), *report and recommendation adopted,* No. 1:11-CV-01958-LJO, 2012 WL 3236578 (E.D. Cal. Aug. 6, 2012); *Stonebreaker v. Pruco Life Ins. Co.*, 11CV871 WQH WVG, 2011 WL 5362067 (S.D. Cal. Nov. 4, 2011) (granting relief when primary beneficiary "had not been ruled out as a suspect in her husband's death").

1  Arizona.

2  "Diversity jurisdiction is based on the status of the parties at the outset of the
3  case[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). The Court
4  had jurisdiction over this action at the outset pursuant to 28 U.S.C. § 1332, because
5  Transamerica is a citizen of Iowa, all Interpleader Defendants are citizens of Arizona, and
6  the amount in controversy exceeds $75,000.

7  The Court's jurisdiction, "once obtained[,] continues regardless of the later
8  dismissal of [Transamerica], … consistent with the general approach taken to deciding
9  when diversity exists in other cases." 7 Fed. Prac. & Proc. Civ. § 1710 (Wright & Miller
10 3d ed. Jun. 2024 Update). To promote expeditious resolution of the "second stage," once
11 jurisdiction has been established at the first stage, "federal courts wisely have chosen to
12 proceed to the second stage of interpleader either on the notion that once diversity
13 jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is
14 discharged or by invoking the theory that there is ancillary jurisdiction over the second
15 stage of the interpleader." *Id.* (citations omitted).

16 Courts in the Ninth Circuit and others routinely address jurisdiction according to
17 this principle. *See, e.g.*, *Prudential Ins. Co. of Am. v. Wells*, No. CV-15-08170-PCT-DGC,
18 2016 WL 687135, at *3 n. 2 (D. Ariz. Feb. 19, 2016) (finding jurisdiction when Prudential
19 was from New Jersey and claimants were from Arizona, then, at a subsequent Order
20 entered May 2, 2016, retaining jurisdiction to adjudicate the claims); *Liberty Life Assur.*
21 *Co. of Boston v. Ramos*, No. CV-11-156-PHX-LOA, 2012 WL 10184 (D. Ariz. Jan. 3,
22 2012) (finding diversity jurisdiction pursuant to 28 U.S.C. § 1332 "even if some claimants
23 are citizens of the same state" because the stakeholder was diverse from all defendants,
24 then retaining jurisdiction to adjudicate the claims at *K.T. v. Ramos*, No. CV-11-156-
25 PHX-LOA, 2012 WL 443732 (D. Ariz. Feb. 13, 2012)); *Massachusetts Mut. Life Ins. Co.*
26 *v. Murdoch*, 56 F. Supp. 500, 502 (D. Or. 1944) ("[T]he preliminary controversy between
27 the plaintiff in interpleader and the defendants is a real one and [] such an action can be
28 maintained even though both alleged claimants are citizens of one state which is different

from that where plaintiff holds its citizenship."); *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747, 749 (5th Cir. 1977) ("Because diversity existed between the insurer and both interpleaded defendants, however, the district court properly retained jurisdiction even after the insurer disclaimed interest in the controversy.").

*CMFG Life Ins. Co. v. Smith*, No. CV 13-261 ABC (CWX), 2014 WL 12585794 (C.D. Cal. Mar. 3, 2014) is illustrative. Just like in this matter, the insurance company was diverse from all interpleader defendants. *See id.* at *1 (citing Fed. R. Civ. P. 22 and 28 U.S.C. § 1332). And just like how Transamerica deposited the Policy Benefit and was discharged from further proceedings and all liability, the insurance company was dismissed after depositing the policy proceeds. *See id.* After the insurance company's dismissal, the remaining claims were between two California citizens. *See id.* at *2. The *Smith* court raised the jurisdictional issue *sua sponte* and determined that it did have jurisdiction—and "[found] it appropriate as a practical matter to retain jurisdiction over the interpleader action to oversee the eventual disbursement of the policy funds." *Id.* In addition to the practical considerations, the *Smith* court noted that the time-of-filing rule "supports retaining jurisdiction over the interpleader action." *Id.*

Accordingly, the Court retains jurisdiction to adjudicate the Interpleader Defendants' respective claims to the Policy Benefit even after dismissing Transamerica.

DATED this 14th day of August, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/Andrew Jacobsohn*
   Stephen M. Bressler
   Andrew Jacobsohn
   *Attorneys for Interpleader Plaintiff Transamerica Life Insurance Company*