Tayjalaya S. Williams

2240 S Elks Ln unit 13

Yuma, Arizona, 85364

Tayjalayastormwilliams@gmail.com

928-408-1422

Pro Se Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Transamerica Life Insurance Company,**

**Interpleader Plaintiff,**

v.

**Tayjalaya S. Williams, Brittany A. Retzlaff,**

**Collin A. Retzlaff and Denise A. Hollas,**

**Interpleader Defendants.**

Case No. 2:24-cv-00379-ROS

**Response to Transamerica Life Insurance Company's Motion for Dismissal and Request to Defer Dismissal Pending Adjudication of Uncontested Summary Judgment and Claim of Interest**

TO THE HONORABLE COURT:

I, Tayjalaya S. Williams, appearing pro se, respectfully submit this response to Transamerica Life Insurance Company's ("Transamerica") Motion for Dismissal. I request that the Court deny or defer Transamerica's dismissal from these proceedings until all claims and issues, including the claim of interest on the policy, are fully resolved. In support of this response, I state the following:

## 1. Claim of Interest on the Policy

The policy in question includes a provision entitling the beneficiary to interest on the death benefit from the date of the insured's death until the funds are claimed. On July 19, 2024, I filed a Motion for Summary Judgment, which includes a claim for interest on the policy proceeds. This claim directly involves Transamerica, as they are responsible for calculating and disbursing the correct amount, including any applicable interest. This obligation is supported by **Arizona Revised Statutes (A.R.S.) § 20-464,** which requires insurers to pay interest on life insurance proceeds from the date of death until the date of payment, and by the case **Ransom v. Penn Mut. Life Ins. Co., 43 F. Supp. 95, 97 (D. Ariz. 1942),** which discusses the entitlement to interest under Arizona law.

## 2. Unfair Prejudice in Dismissing Transamerica

Dismissing Transamerica from this action before resolving the claim for interest would be premature and unfairly prejudicial. **Federal Rule of Civil Procedure 56** governs summary judgment and requires that all material facts be considered and resolved before a judgment is made. In this case, my Motion for Summary Judgment, which includes the claim of interest, raises significant material facts that have yet to be addressed by the Court or by Transamerica. Therefore, it would be inequitable to dismiss Transamerica from these proceedings before these claims are fully adjudicated. ***Transamerica remains responsible for addressing the interest provision, which is a material obligation under the policy.*** Until the Court adjudicates the

pending claim for interest, Transamerica's involvement is necessary to ensure that all funds, including any accrued interest, are properly calculated and distributed. Dismissing Transamerica at this stage would harm my ability to recover the full amount I am legally entitled to under the policy.

### 3. Failure of all parties to Respond to Summary Judgment

As of the date of this filing, neither Transamerica Life Insurance Company nor any of the other named defendants—Colin Retzlaff, Brittany Retzlaff, and Denise Hollas—have responded to my Motion for Summary Judgment, which was properly filed on July 19, 2024 (see doc.36). Importantly, none of the documents recently filed by these parties, including Transamerica's Motion for Dismissal and Supplemental Brief, even acknowledge the existence of my summary judgment motion, let alone contest its merits.

Summary judgment is designed to expedite the resolution of cases by avoiding unnecessary trials where there is no genuine dispute over material facts and where the moving party is entitled to judgment as a matter of law. **(See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))**. I have met my initial burden under this standard by presenting substantial evidence and clear legal arguments demonstrating that I am entitled to the life insurance proceeds, including interest as required by the policy and Arizona law.

The burden then shifted to the non-moving parties—Transamerica, Colin Retzlaff, Brittany Retzlaff, and Denise Hollas—to produce evidence or legal arguments showing that a genuine issue of material fact exists. **(See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986))**. Their collective failure to not only respond to the doc.41, Rule 26 scheduling order, but also to my summary judgment motion. Which is not merely a procedural oversight but a substantive concession by default. By failing to address or oppose the specific claims and evidence I have presented, these parties have effectively conceded that no genuine dispute exists regarding the material facts of this case. **(See Fed. R. Civ. P. 56(e)(2))**.

Moreover, none of the recently filed documents, including Transamerica's Motion for Dismissal and Supplemental Brief regarding jurisdiction, address or even reference my summary judgment

motion. This complete omission underscores the absence of any legitimate factual or legal challenge to the relief I have requested.

It is a well-established principle that courts should not grant motions for dismissal or take any action that would adversely affect a party's rights without first resolving all pending motions, particularly when those motions are unopposed. **(See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986))**. Granting Transamerica's motion for dismissal or taking any other dispositive action without first adjudicating my uncontested summary judgment motion, would result in manifest injustice. It would deprive me of the full and fair adjudication of my rights under the life insurance policy, including the claim for interest—a material obligation that Transamerica has entirely failed to address.

Therefore, I respectfully submit that the Court must require Transamerica and the other defendants to respond to defendant Williams pending Motion for Summary Judgment and claim of interest before considering any dismissal or other dispositive action in this case. To permit their dismissal at this juncture would not only undermine the integrity of the judicial process but would also unjustly deprive me of the relief to which I am clearly entitled based on the uncontested evidence and legal arguments I have presented.

### 4. Inconsistency in Allegations and Current Position

In the general allegations of this case, it was previously implied or stated that I was the prime suspect in the insured's homicide. However, in their current filings, including the Motion for Dismissal, Transamerica now only acknowledges my involvement in the investigation without alleging any wrongdoing on my part. This shift in their characterization of my role underscores the fact that I am not a suspect, nor have I engaged in any unlawful conduct. The Court should view this inconsistency critically, as it raises questions about the credibility and reliability of Transamerica's position. **(See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))**.

## 5. Involvement in the Homicide Case Does Not Implicate Wrongdoing or Disqualify Beneficiary Status

My involvement in the ongoing investigation of the insured's homicide does not, in any way, imply that I am a suspect or that I have engaged in any wrongdoing. I am not listed the prime suspect or suspect, nor have any allegations been made against me in relation to the insured's death. My involvement is purely as an interested party in the investigation. Legally, this does not disqualify me from collecting the life insurance proceeds as the designated beneficiary under the policy. The mere fact of being involved in an investigation, without any allegations or charges of wrongdoing, cannot be used to preclude my right to receive the insurance benefits that I am legally entitled to. **(See Slayer Rule (A.R.S. § 14-2803)**

## 6. Request for Relief

**Based on the foregoing, I respectfully request that the Court:**

1. Deny Transamerica's Motion for Dismissal until the Court has fully resolved the pending Motion for Summary Judgment and the claim for interest on the policy proceeds; or, in the alternative,

2. Defer ruling on Transamerica's dismissal until after a final determination is made regarding the claim of interest, ensuring that Transamerica fulfills all obligations under the policy.

Conclusion

For these reasons, I urge the Court to deny or defer Transamerica's dismissal from this action to prevent unfair prejudice and ensure the fair and complete resolution of all claims, including the claim for interest on the policy proceeds.

DATED this 17th Day of August 2024.

Respectfully submitted,

x _____
Tayjalaya S. Williams
Pro Se Defendant

Certificate of Service

I hereby certify that on this 17th day of August 2024, I caused a true and correct copy of the foregoing document to be sent via U.S. Postal Service, regular mail, with delivery expected within two business days, to the Clerk of Court for filing, and to the following parties:

Andrew Jacobsohn

Lewis Roca LLP – Phoenix

201 E Washington St., Ste. 1200

Phoenix, AZ 85004

602-262-5782

ajacobsohn@lewisroca.com

Attorneys for Interpleader Plaintiff Transamerica Life Insurance Company

Anthony R. Montoya

1228 E. Vogel Ave.

Phoenix, AZ 85020

646-248-6416

anthony@montoyalawoffice.com

AZ Bar #22322

Attorney for Defendants

Brittany Retzlaff and Denise Hollas


Collin A Retzlaff

11833 Rosewood Dr.

El Mirage, AZ 85335

Defendant

Pro Se


Tayjalaya S. Williams

X _/s/ Tayjalaya Williams_
Defendant
Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Transamerica Life Insurance Company,

Interpleader Plaintiff,

v.

Tayjalaya S. Williams, Brittany A. Retzlaff,

Collin A. Retzlaff, and Denise A. Hollas,

Interpleader Defendants.

Case No. 2:24-cv-00379-ROS

[PROPOSED] ORDER DENYING OR DEFERRING TRANSAMERICA'S MOTION FOR DISMISSAL

The Court, having considered Transamerica Life Insurance Company's Motion for Dismissal, the Response and Affidavit submitted by Defendant Tayjalaya S. Williams, and the entire record in this matter, hereby finds:

1. Defendant Tayjalaya S. Williams filed a Motion for Summary Judgment on July 19, 2024, which remains unopposed by Plaintiff Transamerica Life Insurance Company and Defendants Colin Retzlaff, Brittany A. Retzlaff, and Denise A. Hollas.

2. The issues raised in Defendant Williams's Motion for Summary Judgment, particularly regarding her entitlement to the life insurance proceeds and accrued interest under the policy, are material and must be adjudicated before any dismissal of Transamerica from this case.

3. Dismissing Transamerica without addressing the pending Motion for Summary Judgment would be premature and could result in undue prejudice to Defendant Williams by leaving her claims unresolved.

Accordingly, IT IS HEREBY ORDERED that:

1. Transamerica Life Insurance Company's Motion for Dismissal is DENIED; or, in the alternative,

2. Transamerica Life Insurance Company's Motion for Dismissal is DEFERRED until the Court has fully adjudicated Defendant Williams's Motion for Summary Judgment and resolved the claims regarding the life insurance proceeds and any applicable interest.

IT IS FURTHER ORDERED that the Clerk of the Court shall file this Order in the Court's docket.

IT IS SO ORDERED.

DATED this 17th day of August 2024.

_____

Honorable Roslyn O. Silver

United States District Judge