UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Transamerica Life Insurance Company,

Interpleader Plaintiff,

v.

Tayjalaya S Williams, et al.,

Defendants

Case No. 2:24-cv-00379-ROS

**Motion for Leave to File Sur-Reply and Sur-Reply to Transamerica Life Insurance Company's Reply in Support of Motion for Dismissal**

TO THE HONORABLE COURT:

1. Motion for Leave to File Sur-Reply

    Defendant Tayjalaya S. Williams, pro se, respectfully moves this Court for leave to file a sur-reply in response to the Reply filed by Transamerica Life Insurance Company in support of its Motion for Dismissal.

    Transamerica's reply introduces new arguments concerning the application of A.R.S. § 20-462©(3) and the purported discharge of liability following the deposit of the policy proceeds into an interest-bearing account. These arguments were not fully addressed in Transamerica's original motion and necessitate a response to ensure the Court has a complete understanding of the legal and factual issues involved. Specifically, Transamerica's interpretation of A.R.S. § 20-462©(3) and its

contention that it has been fully discharged from liability under the interpleader process require clarification and correction. Therefore, Defendant Williams respectfully requests that the Court grant leave to file the attached sur-reply.

2. Sur-Reply to Transamerica Life Insurance Company's Reply

Defendant Williams submits this sur-reply to address the new arguments presented by Transamerica Life Insurance Company in their reply filed on August 22, 2024.

## 1. Transamerica's Misinterpretation of A.R.S. § 20-462©(3) and the Obligation to Pay Interest

Transamerica's reliance on *A.R.S. § 20-462©(3)* as a basis for avoiding the payment of interest is a fundamental misinterpretation of Arizona law. This statute provides temporary relief from paying interest only when an insurer is genuinely unable to determine the rightful recipient of the payment. Transamerica's attempt to use this provision as a blanket excuse for not fulfilling their contractual obligations is legally unsound.

Transamerica's obligation to pay interest under *A.R.S. § 20-464* remains, especially given their extensive delay in filing the interpleader action. The statute unequivocally requires insurers to pay interest on life insurance proceeds from the date of the insured's death until the date of payment. This obligation does not disappear simply because Transamerica delayed its determination of the rightful beneficiary. Their argument not only distorts the statute's purpose but also disregards the basic principles of contract law that require them to honor all terms of the policy, including the payment of interest. Any argument by Transamerica that their delay was in 'good faith' is untenable. A delay of nearly two-and-a-half years far exceeds any reasonable standard of diligence and further underscores their attempt to sidestep their financial obligations under the policy.

## 2. Transamerica's Delayed Interpleader Filing and Misrepresentation of Beneficiary Status

Transamerica's argument is further undermined by their significant delay in filing the interpleader action and their misrepresentation of my status as a beneficiary:

- Transamerica's Delayed Interpleader:
  Let's be clear: Transamerica's nearly **two-and-a-half-year** delay in filing this interpleader action was a deliberate and calculated strategy. Their excuse of confusion over the rightful beneficiary is just another attempt to distract from the fact that they sat on their hands, hoping the problem would go away. It didn't. And now they want to pretend that this delay was out of their control. It wasn't. Their outright lie about my beneficiary status is even more reprehensible.

- Misrepresentation of Beneficiary Status:
  When I initially filed my claim as a beneficiary, Transamerica informed Defendant Williams, November 4th, 2021 (*see exhibit A*), that I was not a beneficiary and that the proceeds had already been claimed. This misrepresentation not only delayed my ability to assert my claim but also added to the overall delay in resolving this matter. Transamerica's misinformation directly caused unnecessary confusion. They intentionally misled me, claiming I wasn't a beneficiary, to buy themselves more time and avoid their financial obligations. This isn't just negligence—it's deception. They should be held fully accountable for the unnecessary interest that accrued due to their delay.

## 3. The Interpleader Process Does Not Exempt Transamerica from Fulfilling Its Contractual Duties

Transamerica's attempt to use the interpleader process as a shield against their contractual obligations is as transparent as it is futile. The law is crystal clear: the interpleader process does not absolve an insurer from paying interest. Their attempt to argue otherwise is not just legally baseless—it's insulting.

In *Ransom v. Penn Mut. Life Ins. Co., 43 F. Supp. 95, 97 (D. Ariz. 1942)*, the court explicitly recognized that the obligation to pay interest is distinct and separate from the determination of the rightful beneficiary. Similarly, *Sun Life Assurance Co. of Canada v. Wood, 529 F.2d 49, 53 (10th Cir. 1976),* reinforces that an insurer's duty to pay interest persists even when the principal is deposited with the court. Transamerica's suggestion that the interpleader filing somehow nullifies their obligation to pay interest is both legally and factually baseless. Moreover, in *Prudential Ins. Co. of Am. V. Hinkel,* the Arizona courts have clearly established that insurers cannot avoid their interest obligations through procedural tactics such as interpleader actions. This precedent underscores that Transamerica's reliance on such tactics is not just legally unsound but a transparent attempt to evade their contractual responsibilities.

### 4. Transamerica's Inconsistent Allegations and the Ongoing Homicide Investigation

Transamerica's inconsistent positions regarding my involvement in the ongoing homicide investigation are nothing more than a desperate attempt to muddy the waters. They first label me a "prime suspect" and now try to backtrack, claiming neutrality. This flip-flopping is a clear sign that they're grasping at straws to avoid paying what they owe.

On one hand, Transamerica seeks to distance itself by claiming neutrality in the matter, asserting they have made no accusations. On the other hand, they previously asserted that I was identified as the "prime suspect" by the El Mirage Police Department. These two positions are fundamentally incompatible.

> 18  Transamerica received a beneficiary change request to name Tayjalaya S. Williams as the
> 19  sole beneficiary, to receive 100% of the death benefit. This request was dated August 28,
> 20  2021. Transamerica was unable to verify the authenticity of the signature of the Insured,
> 21  and has not executed this change. *See* **Exhibit B**.
> 22       15.   Upon information and belief, the El Mirage Police Department is
> 23  conducting a murder investigation into the Insured's death. Detectives from the El Mirage
> 24  Police Department informed Transamerica that neither Collin Retzlaff nor Tayjalaya S.
> 25  Williams have been cleared of involvement in the death of the Insured. Specifically, on
> 26  February 1, 2022, Transamerica spoke with the El Mirage police department, who stated
> 27  that Collin Retzlaff was not cleared of involvement, and that Tayjalaya S. Williams was
> 28  the prime suspect.

If Transamerica truly took no position, they would not be making definitive claims about my alleged involvement. This inconsistency calls into question the integrity of Transamerica's entire narrative and suggests they are manipulating the facts to suit their legal strategy.

Such a stark contradiction undermines Transamerica's credibility and indicates that their representations to the Court are more about self-preservation than providing a consistent and truthful account. In *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986),* the Supreme Court emphasized the importance of credibility in assessing the validity of a party's claims. The Court should critically examine Transamerica's shifting allegations as indicative of a broader attempt to evade their contractual responsibilities under the policy.

> Case 2:24-cv-00379-ROS   Document 51   Filed 08/14/24   Page 2 of 5
>
> 1  Transamerica has not made any accusations about who is responsible for the
> 2  homicide. The El Mirage Police Department detectives informed Transamerica that
> 3  neither Collin Retzlaff nor Tayjalaya S. Williams had been cleared of involvement in the
> 4  death of the Insured. Shortly before filing this interpleader action, an investigator with
> 5  Plaintiff's counsel made another inquiry with the El Mirage Police Department and was
> 6  told the same thing.

This abrupt change is particularly troubling given that the homicide investigation remains active and unresolved. Transamerica's inconsistency on this matter not only undermines the reliability of their overall position but also suggests an opportunistic manipulation of the facts to suit their legal strategy. Such inconsistent and self-serving positions further erode Transamerica's credibility and should prompt the Court to scrutinize their motivations and representations closely.

### 5. Premature Dismissal Would Result in Significant Injustice

Transamerica is desperate to wash their hands of this case before they're forced to pay what they owe. But dismissing them now would be nothing short of a travesty.

It would leave me to pursue costly litigation just to recover the interest that they should have already paid. This Court should not reward Transamerica for their bad behavior.

Granting Transamerica's motion for dismissal at this juncture would result in a grave injustice. The claim for interest is not a peripheral issue; it is a central contractual right under the policy that remains unresolved. Dismissing Transamerica before adjudicating this claim would deny the full compensation that the rightful beneficiary is entitled to under Arizona law and the terms of the policy.

The Supreme Court, In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986),* emphasized that courts must ensure all genuine issues of material fact are fully adjudicated before dismissing a party. Here, dismissing Transamerica without resolving the interest claim would lead to an incomplete and unjust resolution of this case, depriving me of the full benefits owed under the policy.

### 6. I respectfully demand that the Court:

Considering Transamerica's continued efforts to evade their obligations, I respectfully request that this Court:

1. Deny Transamerica's Motion for Dismissal until the Court has fully resolved the pending Motion for Summary Judgment and the claim for interest on the policy proceeds; or, in the alternative,

2. Defer ruling on Transamerica's dismissal until after a final determination is made regarding the interest claim, ensuring that Transamerica does not escape their contractual duties.

3. Grant Defendant Williams Motion for Leave to File Sur-Reply and consider the arguments presented in this sur-reply.

    - If this case is transferred to state court, Transamerica should be dragged right along with it. They should not be allowed to duck out just because they

find it convenient. Their accountability must be preserved to prevent fragmented litigation and ensure justice is served.

Conclusion

For the foregoing reasons, Defendant Williams respectfully requests that the Court grant Defendant Williams Motion for Leave to File Sur-Reply and consider the arguments presented in this sur-reply. Addressing these new arguments is essential to ensure a fair and comprehensive adjudication of the issues before the Court.

Transamerica's obligations under the life insurance policy extend beyond the interpleader process, requiring them to pay interest according to *A.R.S. § 20-464* and the terms of the policy. Their ongoing delay, deception, and shifting narratives are part of a calculated strategy to avoid responsibility. Given these tactics, dismissing them now would lead to an incomplete and unjust resolution, directly contradicting the legal principles established in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, which mandates that all genuine issues of material fact must be adjudicated before any party is dismissed.

If the Court considers transferring this case to state court, Transamerica must be included in that transfer to ensure accountability and prevent fragmented litigation. Therefore, I respectfully request that the Court deny or defer their dismissal, and, if necessary, transfer all parties to state court to ensure a fair and comprehensive resolution of all claims.

DATED this 23 day of August 2024.

Respectfully submitted,

*/s/ Tayjalaya Williams*

Tayjalaya S. Williams

Pro Se

Defendant

*Exhibit A*

# TRANSAMERICA®

6400 C Street SW | Cedar Rapids, IA 52499 | transamerica.com

Tayjalaya Strom Williams
14979 N 149th lane
Surprise, AZ 85379-6125

November 4, 2021

Insured: Tom C Retzlaff
Policy/Certificate Number: 6600534140

Dear Tayjalaya Strom Williams:

We're sorry to hear of your loss According to our records, you are not the beneficiary of this policy. We've been in contact with the listed beneficiary to complete this claim.

If you need help or have questions, give us a call at 800-598-4626, weekdays 9 a.m. – 6 p.m. ET.

Warmest regards,

Transamerica

cc:   Selectquote Insurance Services