Anthony R. Montoya,
1228 E. Vogel Ave.
Phoenix, AZ 85020
anthony@montoyalawoffice.com
AZ Bar #22322
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Transamerica Life Insurance Company, <br><br> Plaintiff, <br><br> vs. <br><br> TAYJALAYA S. WILLIAMS, COLLIN RETZLAFF, BRITTANY A. RETZLAFF and DENISE A. HOLLAS <br> Defendants | No.: 2:24-cv-00379-ROS <br><br> **PROPOSED JOINT CASE MANAGEMENT PLAN** |

1. **PARTIES IN THE CASE:**

    After the dismissal of Plaintiff Transamerica Life Insurance, the remaining parties are all Interpleader Defendants: Brittany A. Retzlaff and Denise A. Hollas represented by Attorney Anthony R. Montoya, and Collin Retzlaff and Tayjalaya S. Williams, pro se.

2. **EFFORTS TO CONFER:**

    Interpleader defendants were able to confer and are agreement with this proposed plan.

3. **Nature of the Case:**

    This interpleader arises from a dispute over a $100,000 death benefit in a life insurance policy issued to Thomas Retzlaff, deceased. Defendants have made competing claims to the death benefit. While the interest claim against Transamerica has been dismissed, the remaining entitlement issues among the defendants continue to be actively contested. Defendant Williams's position is firmly based on the beneficiary designations and policy provisions established before the decedent's death, entitling her to 100% of the proceeds.

4. **Jurisdictional Bases:**

The case is under the jurisdiction of 28 U.S.C. § 1332 due to diversity of citizenship and an amount in controversy exceeding $75,000

5. **Amount in Dispute:**

Total amount in dispute, including interest and attorney fees: $122,574.50

- $100,000 with the death benefit, less attorney fees of $8,387.50, resulting in $91,612.50, and the Interest amount of $30,962.00 for a total of $122,574.50 This total includes both the remaining principal death benefit and the accrued interest from the date of death: September 1st 2021 to the date of October 4th 2024.

    ❖ **Total Interest Calculation**:
- Interest Until Interpleader Filing: $24,030.14
- Interest After Interpleader Filing: $6,931.86 (calculated from the interpleader filing date to October 4, 2024)
- Total Interest: $24,030.14 + $6,931.86 = $30,962.00

    ❖ **Total Amount Due**:
- Death Benefit: $100,000
- Total Interest: $30,962.00
- Subtotal: $100,000 + $30,962.00 = $130,962.00
- Less Attorney Fees: $130,962.00 - $8,387.50 = $122,574.50

6. **Parties Not Served:**

None.

PROPOSED JOINT CASE MANAGEMENT REPORT

**7. Amending Pleadings or Adding Parties:**

Defendants do not expect to amend the pleadings or add additional parties.

**8. Contemplated Motions:**

The prior summary judgment motion by Defendant Williams, which included comprehensive evidence supporting her claim as the sole beneficiary, was denied without prejudice. Despite this, Defendant Williams intends to file a renewed motion for summary judgment focused solely on her entitlement to the death benefit against the remaining interpleader defendants. This renewed motion will address any procedural concerns from the previous filing and continue to rely on the uncontested evidence of beneficiary designations, emails, and text messages that clearly demonstrate the intent of Thomas Retzlaff.

**9. Consent to Magistrate:**

Defendants consent to the jurisdiction of a magistrate judge for pretrial matters and procedural issues, contingent upon the agreement of all parties.

**10. Related Cases:**

None.

**11. Electronically Stored Information ("ESI"):**

All relevant electronically stored information, including emails and text messages, was previously disclosed by Defendant Williams in her initial summary judgment filing. Copies of this digital evidence were provided to all parties at that time. This evidence remains central to the claims and will continue to be referenced in ongoing proceedings. The parties agree that no further exchange of ESI is necessary at this stage, as all

pertinent information has already been shared and preserved in accordance with court protocols. Defendant Williams affirms her commitment to maintaining all disclosed ESI to support the resolution of the entitlement issues among the remaining defendants. No additional motions are currently anticipated by the other defendants.

12. **Discovery:**

    Defendant Williams has already submitted 14 exhibits with her prior summary judgment motion, including beneficiary designations, emails, text messages, and a police report, all supporting her claim as the sole beneficiary. Although the summary judgment was denied, this evidence remains relevant and will be relied upon in further proceedings. All exhibits have been fully disclosed, and no additional discovery is anticipated unless new issues arise that require targeted inquiry. The existing evidence is sufficient to address the key issues in this case.

13. **Depositions:**

    Request to limit each deposition to three hours for efficiency and cost management.

14. **Proposed Deadlines:**

    - Expert Disclosures: N/A
    - Completion of Expert Depositions: N/A
    - Good Faith Settlement Talks: Defendant Williams proposes conducting good faith settlement discussions by October 16th, 2024, to facilitate a quicker resolution of the case. However, counsel for Defendants Brittany A. Retzlaff and Denise A. Hollas prefers November 15th, 2024, as the date for these discussions.

PROPOSED JOINT CASE MANAGEMENT REPORT

- Dispositive Motions: A renewed motion for summary judgment by Defendant Williams will be filed, focusing on the merits of her beneficiary claims, to be submitted within the court's prescribed timeline.

15. **Jury Trial Request:** Defendants request a bench trial.

16. **Settlement Prospects**: Defendants remain unlikely to agree to a settlement absent a completion of the criminal investigation.

17. **Other Matters:** Compliance with Federal and Local Rules of Civil Procedure is acknowledged. Defendant Williams emphasizes that her entitlement to the proceeds is clear under the policy terms, and she will continue to advocate for a timely and fair resolution of the dispute.

18. **Federal Rules of Evidence 502(d):**

    All relevant evidence, including sensitive communications and documents by Defendant Williams, has been intentionally disclosed to Collin Retzlaff and Anthony Montoya, and there are no current issues regarding accidental disclosure of privileged information. Therefore, the parties agree that a Federal Rule of Evidence 502(d) order is not necessary at this time. However, should new circumstances arise that involve potential privilege concerns, the parties reserve the right to seek appropriate protective measures to ensure that sensitive information is properly safeguarded.

    Dated this 20th day of September, 2024.

    /s/ Anthony R. Montoya

PROPOSED JOINT CASE MANAGEMENT REPORT

Anthony R. Montoya
Arizona State Bar #22322
For Defendants Brittany A. Retzlaff and Denise Hollis

*Tayjalaya S. Williams*
Tayjalaya S. Williams
Defendant
Pro se

*/s/ Anthony R. Montoya with permission from Collin Retzlaff*

_____
Collin Retzlaff

**ORIGINAL FILED via e-mail** and **COPY**
of the foregoing served-
20th day of September 2024 to:
Tayjalaya S Williams
2240 S Elks Ln., Unit 13
Yuma, AZ 85364
Via email: Tayjalayastormwilliams@gmail.com

Collin Retzlaff
11833 Rosewood Dr.
El Mirage, AZ 85335
Via email: skippyjones90@icloud.com

PROPOSED JOINT CASE MANAGEMENT REPORT