FILED ___ LODGED
___ RECEIVED ___ COPY

APR 01 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Tayjalaya S. Williams, Pro Se Defendant

2240 S. Elks Lane, Unit 13

Yuma, Arizona 85364

Tayjalayastormwilliams@gmail.com

928-408-1422

Case No. 2:24-cv-00379-ROS

Transamerica Life Insurance Company,

Plaintiff,

v.

Tayjalaya S. Williams, et al.,

Defendants.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Tayjalaya S. Williams, appearing pro se, respectfully moves this Court for an order granting summary judgment in her favor pursuant to Rule 56 of the Federal Rules

of Civil Procedure and Local Rule 56.1(a). The undisputed evidence demonstrates that there are no genuine issues of material fact, and that Defendant Williams is entitled to judgment as a matter of law. The record affirmatively establishes that Defendant Williams has, since August 28, 2021, been the sole, irrevocable, and 100% primary beneficiary of the life insurance policy issued by Transamerica Life Insurance Company insuring Thomas C. Retzlaff. Defendants' failure to present any admissible evidence and their binding judicial admissions further confirm the absence of any genuine dispute for trial.

This motion is supported by a separately filed Statement of Facts and Exhibits, pursuant to Local Rule 56.1(a).

Moreover, Defendants failed to respond to Defendant Williams' Requests for Admissions. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, the failure to respond within 30 days constitutes a conclusive admission of all facts contained within those requests. Accordingly, it is now conclusively established that:

Defendant Williams has, since August 28, 2021, been the sole, irrevocable, and 100% primary beneficiary of the policy issued by Transamerica Life Insurance Company.

Defendants possess no evidence supporting the applicability of the Slayer Rule.

Defendants have no evidence of fraud, misconduct, or wrongdoing by Defendant Williams.

These judicial admissions eliminate any genuine issue of material fact and establish that summary judgment must be granted in favor of Defendant Williams

STATEMENT OF UNDISPUTED FACTS

1. Thomas Retzlaff's Life Insurance Policy

Thomas Retzlaff purchased a life insurance policy from Transamerica Life Insurance Company on August 21, 2018 (Exhibit A). The policy remained in force through the date of his death and included provisions governing beneficiary designations, which stated that "changes take effect upon signing unless otherwise specified by the insured",(Exhibit B).

2. Beneficiary Designation History

On May 20, 2021, while in a domestic partnership with Defendant Williams, Thomas Retzlaff updated his policy to designate her as the 75% primary beneficiary (Exhibit C). In the same instance Completely removing Denise and Brittany while reducing Collin's share from 45% to 25%. Then on August 28, 2021, the date of their legal marriage, he executed a second change naming Defendant Williams as the sole 100% primary beneficiary, updating her status

from 'Domestic Partner' to 'Wife.' While in the same instance removing Collin's 25% share completely. These changes were executed in compliance with the policy's procedures and were not contested at the time (Exhibit D). Under the policy terms, the change became effective immediately upon signing, and no subsequent changes were made before Mr. Retzlaff's death.

3. Defendants' Admissions of No Evidence (Exhibit E).

    Each of the named defendants has admitted, through failure to respond to Requests for Admissions and in discovery responses, that they:

-Have no evidence disputing the validity of the August 28, 2021, beneficiary designation.

-Have no evidence supporting the applicability of the Slayer Rule.

-Have no evidence that Defendant Williams engaged in fraud, misconduct, or any wrongful behavior.

4. El Mirage Police Department Report (Exhibit F).

The police report from the El Mirage Police Department confirms that:

-Defendant Williams was not classified as a suspect.

-There is no evidence implicating Defendant Williams in any criminal conduct.

-Defendant Williams initiated a wellness check concerning Mr. Retzlaff.

   5. No Arrests or Charges

Defendant Williams has never been arrested, charged, or formally accused of any wrongdoing related to the death of Thomas Retzlaff any other case.

Transamerica contradicting false prime suspect Initial allegation.

6. Communications via email between Defendant Williams and Transamerica's on clarification on what exactly was said Between Transamerica and the El mirage Police Department regarding Defendant Williams accusation of being the prime suspect in Transamerica's complaint to Interpleader under general allegations Doc.1  page 3, sentence 27 and 28 (Exhibit G and H)

Furthermore, dated June 10th 2024 Through June 21st 2024, which Transamerica responded via email stating that "Transamerica spoken to Detective Vargas (was lead investigator) and that Transamerica made no allegations against Defendant Williams", which contradicts Transamerica's original general allegations stating that Defendant Williams was "the prime suspect" in the insured's case (Exhibits G).

In its own court filings, Transamerica has taken contradictory positions regarding Defendant Williams. In Document 20 page 3 sentence 17, filed on March 29, 2024, Transamerica explicitly stated that Defendant Williams was identified as the 'prime suspect' in the El Mirage Police Department's investigation into the death of the insured.

However, in Document 51, filed on August 14, 2024, page 2 sentence 3 and 4 Transamerica contradicted its earlier statements and claimed it had not made any accusations about who was responsible for the homicide and nowhere did they mention the prime suspect allegation. This shift confirms that Transamerica's original basis for filing the interpleader was factually unsupported and misleading. (Exhibit H).

LEGAL STANDARD

Summary judgment is appropriate under Rule 56(a) when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party demonstrates the absence of a genuine issue, the burden shifts to the non-moving party to produce evidence showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

ARGUMENT

I. The Beneficiary Designation is Valid and Enforceable

The life insurance policy issued by Transamerica Life Insurance Company expressly provides that beneficiary changes take effect on the date signed unless otherwise specified. On August 28, 2021, Thomas Retzlaff updated his beneficiary designation to reflect Defendant Williams as his 100% primary beneficiary, identifying her as his legal spouse. This change was made in accordance with policy terms, and no evidence has been presented that it was forged, fraudulent, or invalid.

The defendants have not challenged the authenticity of this designation and have admitted they possess no evidence disputing its validity.

II. The Slayer Rule Does Not Apply

Under A.R.S. § 14-2803, a party seeking to invoke the Slayer Rule must establish by clear and convincing evidence that the beneficiary feloniously and intentionally caused the death of the insured. The defendants have explicitly admitted through discovery that they possess no such evidence. The police report confirms Defendant Williams is not a suspect, and she has never been arrested or charged.

III. Transamerica's Contradictory Slayer Rule Allegations Warrant Judicial Estoppel and Underscore the Absence of Any Genuine Dispute

Although Transamerica has been dismissed from this case, the record reflects that it was Transamerica's initial invocation of the Slayer Rule that gave rise to this interpleader. In its Complaint in Interpleader (Doc. 1), Transamerica expressly invoked Arizona's Slayer Statute, A.R.S. § 14-2803, cited slayer rule case law, and alleged that "Defendant Tayjalaya S. Williams was the prime suspect" in Mr. Retzlaff's homicide. These were not neutral statements—they were legal and factual assertions advanced to cast doubt on Defendant Williams's right to the policy proceeds.

However, in later filings—including Document 51—Transamerica reversed its position, stating it "has not made any accusations about who is responsible for the homicide." It further represented via email that it "made no allegations against Defendant Williams," despite the record showing otherwise. (Exhibits G, H).

This reversal supports application of judicial estoppel, a doctrine designed to prevent a party from "playing fast and loose with the courts" by asserting inconsistent positions. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Judicial estoppel is especially warranted where the first position was accepted by the court or influenced the proceedings, as it did here by forcing protracted litigation and encouraging other defendants to rely on a false premise.

While Defendant Williams seeks no relief against Transamerica in this action due to its dismissal, she raises these facts to:

- Demonstrate that the interpleader was filed under a materially false and prejudicial premise;

- Show that the remaining Defendants' Slayer Rule allegations were not independently formed, but rather derivative of Transamerica's initial assertions;

- Preserve her right to pursue appropriate remedies in a separate action, including claims related to policy interest or insurer misconduct.

Accordingly, Transamerica's contradictory positions are not merely procedural inconsistencies—they materially undermined the integrity of this litigation, and further confirm the absence of any genuine dispute regarding Defendant Williams's lawful entitlement to the policy benefits.

CONCLUSION AND RELIEF REQUESTED

In light of the undisputed material facts and applicable law, Defendant Tayjalaya S. Williams respectfully requests that this Court:

Grant summary judgment in her favor under Rule 56 of the Federal Rules of Civil Procedure;

- Issue an order confirming that Defendant Williams has, at all times since August 28, 2021, been the sole, irrevocable, and 100% primary beneficiary of the life insurance policy issued by Transamerica Life Insurance Company insuring Thomas C. Retzlaff;

- Declare that no other party has any lawful claim to the policy proceeds;

- Enter judgment accordingly in favor of Defendant Williams.

Respectfully submitted,

/s/ Tayjalaya S. Williams

CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion for Summary Judgment was served via U.S. Mail and/or email upon all counsel of record and parties appearing:

Collin Retzlaff

11833 Rosewood Dr.

El Mirage, AZ 85335

skippyjones90@icloud.com

collin.bluemeloncorp@gmail.com


Anthony R. Montoya,

1228 E. Vogel Ave.

Phoenix, AZ 85020

anthony@montoyalawoffice.com

AZ Bar #22322

Attorney for Defendants

Brittany A. Retzlaff and Denise Hollis


DATED this 28 day of March, 2025.

/s/ Tayjalaya S. Williams
Tayjalaya S. Williams
Pro Se Defendant