FILED ____ LODGED
____ COPY

APR 0 1 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## DEFENDANT TAYJALAYA S. WILLIAMS'S SEPARATELY FILED STATEMENT OF FACTS

IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

(Pursuant to LRCiv 56.1(a), District of Arizona)

CV-24-379-PHX-ROS

1. On August 21, 2018, Transamerica Life Insurance Company issued a $100,000 life insurance policy to Thomas Retzlaff.
*(See Exhibit A – Original Insurance Policy)*

2. The policy allows the insured to change beneficiaries through a written request, which becomes effective on the date of signing unless the insured specifies otherwise.
*(See Exhibit B – Policy Provisions, pg. 4: "How to change a Beneficiary")*

3. On May 28, 2021, Mr. Retzlaff executed a beneficiary change form naming Tayjalaya S. Williams as a 75% primary beneficiary and Collin A. Retzlaff as 25%, removing Denise Hollas and Brittany Retzlaff.
*(See Exhibit C – Beneficiary Change Form (May 20, 2021))*

4. On August 28, 2021, Mr. Retzlaff legally married Tayjalaya S. Williams and executed a second change of beneficiary form, naming her as the 100% sole primary beneficiary and updating her status from 'Domestic Partner' to 'Wife'.
*(See Exhibit D – Beneficiary Change Form (August 28, 2021))*

5. The August 28, 2021, beneficiary designation form was properly executed in accordance with the policy terms and no subsequent change was made before Mr. Retzlaff's death.
*(See Exhibit D – Beneficiary Change Form (August 28, 2021))*

6. The other interpleader defendants failed to respond to Requests for Admissions, which constitutes a judicial admission under Federal Rule of Civil Procedure 36(a)(3).
*(See Exhibit E – Requests for Admissions and Non-Response Proof)*

7. These admissions establish that the other defendants have no evidence to dispute the validity of the August 28, 2021, beneficiary designation.
*(See Exhibit E)*

8. The same admissions confirm that the other defendants have no evidence supporting application of the Slayer Rule or accusing Tayjalaya S. Williams of any fraud, misconduct, or wrongdoing.
*(See Exhibit E)*

9. The police report from the El Mirage Police Department confirms Tayjalaya S. Williams was not listed as a suspect and that she was the one who initiated a wellness check on Mr. Retzlaff.
*(See Exhibit F – Police Report, pages 1, 10, and 56,* 4.

10. Tayjalaya S. Williams has never been arrested, charged, or incarcerated in connection with this case or any other

11. Transamerica's original interpleader complaint alleged Defendant Williams was the 'prime suspect,' citing statements from police.
*(See Exhibit G – Transamerica Email (June 10–21, 2024))*

12. In June 2024, Transamerica confirmed via email that they had spoken with Detective Vargas and made no allegations against Defendant Williams.
*(See Exhibit G)*

13. Later court filings from Transamerica disclaim any knowledge or accusation regarding who was responsible for the insured's death.
*(See Exhibit H – Transamerica Court Filings (Docs 1, 20, 51))*

14. These contradictions demonstrate that the original basis for Transamerica's interpleader filing was unsupported and misleading.
*(See Exhibits G and H)*

## INDEX OF EXHIBITS

- Exhibit A – Copy of the original life insurance policy issued by Transamerica Life Insurance Company, dated August 21, 2018.
- Exhibit B – Policy provisions governing beneficiary designation changes (page 4 "How to change a Beneficiary")
- Exhibit C – Beneficiary change form dated May 20, 2021, naming Defendant Williams as 75% primary beneficiary.
- Exhibit D – Beneficiary change form dated August 28, 2021, naming Defendant Williams as 100% primary beneficiary and identifying her as 'Wife.'
- Exhibit E – Requests for Admissions sent to the other defendants and their failure to respond, confirming judicial admissions. Dispite their responses to other written dicovery.
- Exhibit F – El Mirage Police Department report showing Defendant Williams was not a suspect and Involvement is due to wellness check (pages 1,10 and 56) and H.
- Exhibit G – Email correspondence from Transamerica dated June 10–21, 2024, confirming they made no allegations against Defendant Williams.
- Exhibit H – Comparison of Transamerica's contradictory court filings, including Document 1 page 3 sentence 26-28, Document 20 page 3 sentence 17, and Brief Document 51 page 2 sentence 1-6 .

## DECLARATION OF TAYJALAYA S. WILLIAMS

I, Tayjalaya S. Williams, declare as follows:

1. I am the Defendant in the above-captioned case and make this declaration in support of my Motion for Summary Judgment.

2. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

3. On Jul 3, 2024, 5:09 PM , I received a copy of the police report concerning the death of Thomas C. Retzlaff from the El Mirage Police Department via email.

4. The report was sent directly to my email address by a representative of the El Mirage Police Department.

5. A true and correct copy of the police report I received is attached as Exhibit F to my Motion for Summary Judgment.

6. I have not altered, edited, or modified the police report in any way.

7. On June 10th – 21st , 2024, I received email correspondence from a representative of Transamerica Life Insurance Company in response to my inquiry regarding their allegations.

8. The emails confirm that Transamerica spoke to Detective Vargas of the El Mirage Police Department and made no allegations against me.

9. These emails were sent directly to my email account and I have preserved them in their original form.

10. A true and correct copy of this email correspondence is attached as Exhibit G to my Motion for Summary Judgment.

11. I have not altered, edited, or modified the emails in any way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2025, at Yuma, Arizona.

_____

Tayjalaya S. Williams
Pro Se Defendant



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA
Administrative Office:
4333 Edgewood Rd NE
Cedar Rapids, IA 52499
(800) 852-4678

**(Referred to as the Company, we, our or us)**
TLSB15

**Policy Number:** 6600534140       **Initial Face Amount:**    $100,000

                                     **Policy Date:**        AUG 21, 2018

**Insured:** TOM C RETZLAFF

**Owner(s):** TOM C RETZLAFF

We will pay the death benefit to the Beneficiary if the Insured dies while this policy is In Force. All payments are subject to the provisions of this policy.

Signed for the Company at Cedar Rapids, Iowa on the Date of Issue.

Jay Orlandi, Secretary                                  Blake Bostwick, President

**10 DAY RIGHT TO CANCEL** - You may cancel this policy by delivering or mailing a Written Request to us or to the agent from whom it was purchased. You must return the policy to us or the agent before midnight of the 10th day after the day you receive it (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery). Your Written Request given by mail and return of the policy by mail are effective on being postmarked, properly addressed and postage prepaid. We must return all payments made for this policy, including any fees or charges, within 30 days after we receive notice of cancellation and the returned policy.

If you are terminating or borrowing from another life insurance policy owned by you in connection with your purchase of this policy, then this policy may be considered a replacement policy. If this policy is a replacement policy, your right to cancel is extended to midnight of the 30th day after the day you receive it (or such longer period as may be required by applicable law in the state where the policy is delivered or issued for delivery).

Term Insurance to the Policy Anniversary at the Insured's Age 105
Level Death Benefit Payable at Death of the Insured
Prior to the Policy Anniversary at the Insured's Age 105

Premiums Payable During the Life of the Insured to the
Policy Anniversary at the Insured's Age 105

Premiums are Subject to Changes as Stated in the Schedules of
Premiums Provision, But Will Not Exceed Specified Guaranteed Premiums

See Schedule of Guaranteed and Non-Guaranteed Premiums in the Policy Data for Amount of Premiums

Nonparticipating – No Dividends

If you have a complaint, you can contact your State Insurance Department at:
(602)364-2499    AZ

EXHIBIT A

EXHIBIT 8

This policy is a legal contract between you and the Company.

**READ YOUR POLICY CAREFULLY**

### GUIDE TO POLICY PROVISIONS

Assignment of the Policy .......................................................................................... 4
Beneficiary Rights ................................................................................................... 4
Change of Beneficiary.............................................................................................. 4
Conformity with Interstate Insurance Product Regulation standards................................. 7
Death Benefit .......................................................................................................... 4
Definitions.............................................................................................................. 3
Dividends ............................................................................................................... 8
Grace Period for Paying Premiums............................................................................. 6
Incontestability of the Policy..................................................................................... 7
Interest from Date of Death ...................................................................................... 5
Misstatement of Age or Sex ..................................................................................... 7
Ownership Provisions .............................................................................................. 4
Payment of the Death Benefit.................................................................................... 5
Policy Contract ....................................................................................................... 6
Policy Data............................................................................................................. 2
Policy Date............................................................................................................. 2
Premiums............................................................................................................... 5
Proof of Death ........................................................................................................ 5
Reinstatement ........................................................................................................ 6
Riders.................................................................................................................... 7
Schedule of Premiums ........................................................................................... 5-6
Settlement Provisions .............................................................................................. 8
Suicide .................................................................................................................. 7
Termination of Insurance.......................................................................................... 7
Your Rights ............................................................................................................ 8

EXHIBIT B

EXHIBIT

## OWNERSHIP

**Owner of the Policy**
The owner may exercise all rights under this policy during the Insured's lifetime, including the right to transfer ownership subject to applicable law and regulation. If ownership is shared by more than one person, all such persons must act together to exercise a right. Unless otherwise specified, if a co-owner dies during the Insured's lifetime, the co-owner's interest in this policy will pass to the remaining co-owners. If the owner or all co-owners die during the Insured's lifetime, ownership will pass to the contingent owner, if one has been named; otherwise, ownership will pass to the owner's estate. You may change the owner by filing a Written Request with us. We will not be bound by any change of ownership until we record it in our records. Unless otherwise specified by you, the change will then take effect as of the date the change is signed by you, subject to any payments made or actions taken by us prior to our recording of the change.

**Assignment of the Policy**
You may assign this policy by filing a Written Request with us. We will not be bound by any assignment until we record it in our records. Unless otherwise specified by you, the assignment will then take effect on the date the assignment is signed by you, subject to any payments made or actions taken by us prior to our recording of the assignment. We assume no responsibility for the validity or effect of any assignment of this policy or of any interest in it. Any death benefit which becomes payable to an assignee will be payable in a single sum and will be subject to proof of the assignee's interest and the extent of the assignment.

## THE BENEFICIARY

**Who Receives the Death Benefit**
When the death benefit is payable under this policy, we will pay it to the Primary Beneficiary named by you in accordance with this policy. If no Primary Beneficiary has been designated, or if the interest of all designated Primary Beneficiaries has ended before we make payment of the death benefit, we will pay the death benefit to the Contingent Beneficiary, if one has been named. If the interest of all designated Primary and Contingent Beneficiaries has ended before we make payment of the death benefit, we will pay the death benefit to you. If you are not living at that time, we will pay the death benefit to your estate.

Unless you specify otherwise, the following will apply:

1. If any Beneficiary dies before the Insured, at the same time as the Insured, or within 30 days after the Insured, that Beneficiary's interest in the death benefit will end, except as to any death benefits we have already paid to that Beneficiary.
2. If a Beneficiary is a partnership, we will pay the death benefit to the partnership as it existed when the Insured died.

**How to Change a Beneficiary**
You may name or change a Primary or Contingent Beneficiary while the Insured is living by sending us a Written Request. The change will not be effective until we record it in our records. Even if the Insured is not living when we record the change, the change will take effect as of the date it was signed, unless otherwise specified by you. However, any benefits we pay before we record the change will not be subject to the change.

A Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary.

## THE DEATH BENEFIT

**Amount of the Death Benefit**
The amount of the death benefit is equal to the Face Amount. The amount of the death benefit may be affected by the Misstatement of Age or Sex provision of this policy.

EXHIBIT B



RECEIVED AS IS

 TRANSAMERICA
LIFE INSURANCE COMPANY

Transamerica Life Insurance Company
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499
(the "Company")

**Beneficiary
Designation Form**

---

**Policy Number:** 6600534140          **Insured's Name:** Tom Retzlaff

| Owner's Name Tom Retzlaff | Written confirmation of this change, if recorded by the Company, will be mailed to the owner's address unless otherwise indicated below and initialed by the owner. |
|---|---|
| Address PO Box 46424 | Return confirmation to:                          Owner's Initial |
| City           State          Zip Phoenix, AZ 85063-6424 | ☐ General Agency/GA Code_____ ☐ Fax to: (        ) _____ |

☐ **Check if new address update is needed.**

This Beneficiary Designation cancels all prior Beneficiary Designations and settlement agreements for the Policy identified by the number above. Please see instructions, signature requirements, special provisions, and sample Beneficiary Designations before completing the form. If this form is recorded by the Company, such recording does not mean that the Company has passed on the legal adequacy or validity of the transaction requested.

Print the beneficiary's full name, address and relationship to the Insured. The Policy's death benefit will be paid to multiple beneficiaries in equal shares unless otherwise indicated. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in percentage of the Policy's Death Benefit next to their names. *(See next page for additional instructions.)*

Primary Beneficiary(ies): If more than one beneficiary is named, and any beneficiary(ies) predecease the Insured, payment of the share(s) that would have been payable to the deceased beneficiary(ies) will be made in equal shares to the surviving beneficiary(ies) unless otherwise indicated. Percentage for both the primary and contingent beneficiary, if applicable, must separately equal 100%.

| Name (list below)          Address (list below)          City, State, Zip | Relationship | Percentage |
|---|---|---|
| Tayjalaya Storm Williams, 13022 W. Columbine Dr., El Mirage, AZ 85335 | Spouse / domestic partner | 75% |
| Collin A. Retzlaff, 11833 W. Rosewood Dr., El Mirage, AZ 85335 | Son | 25% |

Contingent Beneficiary(ies): Receives proceeds at the death of the Insured only if all of the Primary Beneficiaries predecease the Insured.

| Name (list below)          Address (list below)          City, State, Zip | Relationship | Percentage |
|---|---|---|
| | | |

| 210-317-9800 | Tom Retzlaff |
|---|---|
| Owner's Daytime Telephone Number | Print Owner's Complete Name |
| | 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 |
| Irrevocable Beneficiary Signature (if applicable) | Owner's Social Security Number/Tax ID Number |
| Witness Signature | Owner's Signature (include Title, if Business or Trust) |
| Address of Witness | Owner's Signature (include Title, if Business or Trust) |
| | Date Signed: May 20, 2021 |

TOB 306M-0809          **(SIGNATURE REQUIREMENTS ON NEXT PAGE)**          TG-NF



*DT073*

EXHIBIT C



EXHIBIT 2



**Transamerica Life Insurance Company**
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499
(the "Company")

**Beneficiary Designation Form**

**Policy Number:** 6600534140          **Insured's Name:** Tom Retzlaff

| Owner's Name | | | Written confirmation of this change, if recorded by the Company, will be mailed to the owner's address unless otherwise indicated below and initialed by the owner. | |
| --- | --- | --- | --- | --- |
| Tom Retzlaff | | | | |
| **Address** | | | *Return confirmation to:* | *Owner's Initial* |
| PO Box 46424 | | | ☐ General Agency/GA Code_____ | |
| **City** | **State** | **Zip** | ☐ Fax to: (        )_____ | |
| Phoenix, AZ 85063-6424 | | | | |

☐ **Check if new address update is needed.**

This Beneficiary Designation cancels all prior Beneficiary Designations and settlement agreements for the Policy identified by the number above. Please see instructions, signature requirements, special provisions, and sample Beneficiary Designations before completing the form. If this form is recorded by the Company, such recording does not mean that the Company has passed on the legal adequacy or validity of the transaction requested.

**Print the beneficiary's full name, address and relationship to the Insured. The Policy's death benefit will be paid to multiple beneficiaries in equal shares unless otherwise indicated. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in percentage of the Policy's Death Benefit next to their names.** *(See next page for additional instructions.)*

**Primary Beneficiary(ies):** If more than one beneficiary is named, and any beneficiary(ies) predecease the Insured, payment of the share(s) that would have been payable to the deceased beneficiary(ies) will be made in equal shares to the surviving beneficiary(ies) unless otherwise indicated. Percentage for both the primary and contingent beneficiary, if applicable, must separately equal 100%.

| Name (list below) | Address (list below) | City, State, Zip | Relationship | Percentage |
| --- | --- | --- | --- | --- |
| Tayjalaya Storm Williams | 13022 W. Columbine Dr., El Mirage, AZ 85335 | | Wife | 100% |

**Contingent Beneficiary(ies):** Receives proceeds at the death of the Insured only if all of the Primary Beneficiaries predecease the Insured.

| Name (list below) | Address (list below) | City, State, Zip | Relationship | Percentage |
| --- | --- | --- | --- | --- |
| | | | | |

210-317-9800
**Owner's Daytime Telephone Number**

**Tom Retzlaff**
**Print Owner's Complete Name**

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
**Owner's Social Security Number/Tax ID Number**

**Irrevocable Beneficiary Signature (if applicable)**

**Owner's Signature (include Title, if Business or Trust)**

**Witness Signature**

**Owner's Signature (include Title, if Business or Trust)**

**Address of Witness**

Date Signed: **August 28, 2021**

TOB 306M-0809          **(SIGNATURE REQUIREMENTS ON NEXT PAGE)**    TG-NF

* D T 0 7 3 *

EXHIBIT *D*

EXHIBIT E

# Discovery Requests - Interrogatories, Requests for Production, and Requests for Admissions ▶ Inbox

**Goddess laya** 12/13/2024

to Anthony, collin.blu...

From  Goddess laya · tayjalayastormwilliams@gmail.com

To  Anthony Montoya · anthony@montoyalawoffice.com
collin.bluemeloncorp@gmail.com
Skippy Jones · skippyjones90@icloud.com

Date  Dec 13, 2024, 5:55 AM

View security details

Dear Anthony and Collin

Please find attached a copy of my Interrogatories, Requests for Production, and Requests for Admissions in the case of Transamerica Life Insurance Company v.

Reply

To    Anthony Montoya ·
       anthony@montoyalawoffice.com
       collin.bluemeloncorp@gmail.com
       Skippy Jones · skippyjones90@icloud.com

Date   Dec 13, 2024, 5:55 AM

       View security details

EXHIBIT E

Dear Anthony and Collin

Please find attached a copy of my Interrogatories,
Requests for Production, and Requests for Admissions in
the case of Transamerica Life Insurance Company v.
Tayjalaya S. Williams, et al., Case No.2:24-cv-00379-ROS

These discovery requests are being served pursuant to
Rule 26(b)(1) of the Federal Rules of Civil Procedure. The
responses are due within thirty (30) days of receipt, as
required by the rules.

Respectfully,
Tayjalaya S. Williams

**PDF** **I am sharing '•INTERROGATORIES, REQUESTS
FOR PRODUCTION, AND REQUESTS FOR
ADMISSIONS' with you**

  Reply  



7:03    4G 93%

# Reminder – Overdue Discovery Responses ‼️  Add label

**Goddess laya** Jan 12
to Anthony, collin.blu... ⌄

From    Goddess laya • tayjalayastormwilliams@gmail.com

To    Anthony Montoya •
anthony@montoyalawoffice.com
collin.bluemeloncorp@gmail.com
Skippy Jones • skippyjones90@icloud.com

Date    Jan 12, 2025, 9:06 AM

View security details

Dear Mr. Montoya and Mr. Retzlaff,

I am following up regarding my discovery requests originally served on December 13, 2024. The 30-day deadline for your responses has now passed.

Please find attached the Interrogatories and Requests for Production for your convenience. Provide your written responses no later than January 19, 2025

⟨← ▾ Reply all    →

EXHIBIT E

7:03    4G .ill 93%

EXHIBIT E

Dear Mr. Montoya and Mr. Retzlaff,

I am following up regarding my discovery requests originally served on December 13, 2024. The 30-day deadline for your responses has now passed.

Please find attached the Interrogatories and Requests for Production for your convenience. Provide your written responses no later than January 19, 2025

Should I not receive your responses by this date, I may seek relief from the court.

Thank you for your attention to this matter.

Respectfully,
Tayjalaya S. Williams



PDF ▪INTERROGA...ION (1).pdf

Reply all

EXHIBIT **E**

EXHIBIT E

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Transamerica Life Insurance Company, Plaintiff

v.

Tayjalaya S. Williams, Collin Retzlaff, Brittany A. Retzlaff, Denise A. Hollas, Defendants

Case No.: 2:24-cv-00379-ROS

---

TAYJALAYA WILLIAMS'S

INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS

TO: Brittany A. Retzlaff, Denise A. Hollas, and Collin Retzlaff

FROM: Tayjalaya Williams, Plaintiff

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Tayjalaya Williams submits the following Interrogatories, Requests for Production, and Requests for Admissions to Defendants. You are required to respond in writing within thirty (30) days of service.

Section I: Interrogatories

1. State all facts supporting your claim that you are entitled to any portion of the life insurance proceeds from Thomas Retzlaff's policy.

2. Identify all evidence in your possession disputing the validity of the beneficiary changes made to the policy on June 1, 2021, and August 28, 2021.

3. Describe in detail any communications you had with Transamerica Life Insurance Company regarding the life insurance policy in question, including dates, parties involved, and the substance of those communications.

4. State whether you have any evidence to support the claim that the Slayer Rule applies to Tayjalaya Williams. If yes, describe the evidence in detail.

5. Identify all communications you have had with law enforcement, including Detective Sebero Torres or Detective Vargas, regarding Thomas Retzlaff's death. Include the dates, parties involved, and the nature of these communications.

6. Explain why you listed Detective Sebero Torres as a potential witness in your initial disclosure, and state what specific testimony you expect him to provide.

7. Identify all witnesses you intend to call at trial and describe the testimony you expect each witness to provide.

8. State whether you have any evidence suggesting that Tayjalaya Williams forged or falsified the beneficiary designation forms. If yes, describe the evidence.

9. State whether you are aware of any written or recorded statements from any individuals regarding the life insurance policy, and if so, identify the content and custodian of those statements.

10. State whether you admit or deny that the police report concerning Thomas Retzlaff's death lists no suspects, and provide your explanation if you dispute this fact.

11. Identify any communications or agreements you have had with other defendants regarding how the life insurance proceeds should be divided.

12. State all facts and evidence supporting your position that Detective Sebero Torres has knowledge relevant to this case.

Section II: Requests for Production

1. Produce all documents, communications, and evidence you intend to use at trial.

2. Produce any documents or communications with Transamerica Life Insurance Company regarding Thomas Retzlaff's life insurance policy.

3. Produce all documents or evidence in your possession disputing the beneficiary changes made on June 1, 2021, and August 28, 2021.

4. Produce all correspondence, emails, or other communications between you and law enforcement regarding Thomas Retzlaff's death.

5. Produce any statements, reports, or evidence supporting the claim that the Slayer Rule applies to Tayjalaya Williams.

6. Produce all documents showing your status as a prior beneficiary on Thomas Retzlaff's life insurance policy.

7. Produce all evidence, including documents and communications, showing your claim to the life insurance proceeds.

8. Produce all written or recorded statements, signed or unsigned, from any individuals regarding the beneficiary changes to Thomas Retzlaff's policy.

9. Produce the police report or any law enforcement documents in your possession related to Thomas Retzlaff's death.

10. Produce any documents showing communications between you and Detective Sebero Torres or Detective Vargas regarding this case.

11. Produce any communications, agreements, or discussions with Brittany Retzlaff, Denise Hollas, or Collin Retzlaff regarding the division of the life insurance proceeds.

12. Produce all emails or other written communications between you and any legal representatives regarding this case.

Section III: Requests for Admissions

1. Admit that Tayjalaya Williams is the sole primary beneficiary of Thomas Retzlaff's life insurance policy as of August 28, 2021.

2. Admit that you have no evidence suggesting that Tayjalaya Williams was involved in Thomas Retzlaff's death.

3. Admit that you have no evidence disputing the validity of the beneficiary changes made on June 1, 2021, and August 28, 2021.

4. Admit that you have never communicated with Detective Sebero Torres regarding this case.

5. Admit that you have no evidence to support the application of the Slayer Rule against Tayjalaya Williams.

6. Admit that Transamerica Life Insurance Company has never accused Tayjalaya Williams of being responsible for Thomas Retzlaff's death in any official capacity.

7. Admit that you have no witnesses who can testify that Tayjalaya Williams was involved in Thomas Retzlaff's death.

8. Admit that you have no evidence suggesting that the signature on the beneficiary designation forms is invalid or forged.

9. Admit that the police report concerning Thomas Retzlaff's death does not list any suspects.

10. Admit that you are relying solely on speculation to challenge Tayjalaya Williams's entitlement to the life insurance proceeds.

11. Admit that you have not personally conducted or requested any investigation into the validity of the beneficiary designations made on June 1, 2021, and August 28, 2021.

12. Admit that you have no factual evidence supporting any claim that the life insurance policy proceeds should be divided among multiple parties.

CERTIFICATE OF SERVICE

I hereby certify that on December 13th, 2024, a true and correct copy of the foregoing
Interrogatories, Requests for Production, and Requests for Admissions was served upon
the following parties via email.

Anthony Montoya

Attorney for Brittany Retzlaff and Denise Hollas

anthony@montoyalawoffice.com

Collin Retzlaff

Pro Se Defendant                    EXHIBIT

Collin.bluemeloncorp@gmail.com and skippyjones90@icloud.com

Respectfully submitted,

Tayjalaya S. Williams

2240 South Elks Lane,

Yuma, AZ 85364

Email: tayjalayastormwilliams@gmail.com

Date: December 13th , 2024

EXHIBIT E

EXHIBIT E

1  Anthony R. Montoya,
   1228 E. Vogel Ave.
2  Phoenix, AZ 85020
   anthony@montoyalawoffice.com
3  AZ Bar #22322
   Attorney for Defendants
4
                    UNITED STATES DISTRICT COURT
5
                        DISTRICT OF ARIZONA
6

7
   Transamerica Life Insurance Company,          No.: 2:24-cv-00379-ROS
8
            Plaintiff,
9
   vs.                                           **DEFENDANTS' ANSWERS TO**
10                                               **TAJALAYA S. WILLIAM'S**
   TAYJALAYA S. WILLIAMS, COLLIN RETZLAFF,       **INTERROGATORIES AND**
11 BRITTANY A. RETZLAFF and DENISE A. HOLLAS     **REQUESTS FOR PRODUCTION**
   Defendants
12

13        Defendants: Brittany A. Retzlaff and Denise A. Hollas represented by Attorney Anthony

14     R. Montoya, hereby answer Tajalaya S. Williams' Interrogatories and Requests for

15     Production in compliance with  Fed. R. Civ. Pro. 26:

16
          1.  **State all facts supporting your claim that you are entitled to any portion of the**
17
             **life insurance proceeds from Thomas Retzlaff's policy.:**
18
       Both Brittany A Retzlaff and Denise A. Hollas were named as beneficiaries on previous
19
       versions of the decedents policy.  Because of concerns of Transamerica concerning the
20
       changes to the policy beneficiary and the death of the decedent Defendants Retzlaff and
21
       Hollas were named as Defendants in this action.
22

23
          2.  **Identify all evidence in your possession disputing the validity of the beneficiary**
24
             **changes made to the policy on June 1, 2021, and August 28, 2021.:**
25
                **None**
26
          3.  . Describe in detail any communications you had with Transamerica Life
27

28 DISCOVERY RESPONSE

Insurance Company regarding the life insurance policy in question, including dates, parties involved, and the substance of those communications.:

None.

4. State whether you have any evidence to support the claim that the Slayer Rule applies to Tayjalaya Williams. If yes, describe the evidence in detail.

Defendants do not have any such evidence.

5. Identify all communications you have had with law enforcement, including Detective Sebero Torres or Detective Vargas, regarding Thomas Retzlaff's death. Include the dates, parties involved, and the nature of these communications.

Brittany Retzlaff had a meeting with the El Mirage Police Department. Her attorney was present.

6. Explain why you listed Detective Sebero Torres as a potential witness in your initial disclosure, and state what specific testimony you expect him to provide.

Detective Torres is now leading the investigation into the homicide and thus would be in the best position to advise the court whether the elements of the slayer statute apply.

7. Identify all witnesses you intend to call at trial and describe the testimony you expect each witness to provide.

None; reserving the right to later amend

8. State whether you have any evidence suggesting that Tayjalaya Williams forged or falsified the beneficiary designation forms. If yes, describe the evidence.

These Defendants do not have such evidence.

DISCOVERY RESPONSE

9. **State whether you are aware of any written or recorded statements from any individuals regarding the life insurance policy, and if so, identify the content and custodian of those statements.**

These Defendants are not aware of any such documents.

10. **State whether you admit or deny that the police report concerning Thomas Retzlaff's death lists no suspects, and provide your explanation if you dispute this fact.**

Defendants are not aware of the contents of the police report.

11. **Identify any communications or agreements you have had with other defendants regarding how the life insurance proceeds should be divided.**

Defendants do not have any agreements as to the division of life insurance proceeds.

12. **State all facts and evidence supporting your position that Detective Sebero Torres has knowledge relevant to this case.**

Defendants were informed by the El Mirage police Department that detective Torres was now handling the homicide investigation.


## SECTION II: REQUEST FOR PRODUCTION

1. **Produce all documents, communications, and evidence you intend to use at trial.**

None; reserving the right to later amend.

2. **Produce any documents or communications with Transamerica Life Insurance Company regarding Thomas Retzlaff's life insurance policy.**

None

DISCOVERY RESPONSE

3. **Produce all documents or evidence in your possession disputing the beneficiary changes made on June 1, 2021, and August 28, 2021.**

   None

4. **Produce all correspondence, emails, or other communications between you and law enforcement regarding Thomas Retzlaff's death.**

   None

5. **Produce any statements, reports, or evidence supporting the claim that the Slayer Rule applies to Tayjalaya Williams.**

   None

6. **Produce all documents showing your status as a prior beneficiary on Thomas Retzlaff's life insurance policy.**

   This document was presented by Plaintiff as a supplement to the complaint.

7. **Produce all evidence, including documents and communications, showing your claim to the life insurance proceeds.**

   None, apart from Plaintiffs documents which are already entered into record.

8. **Produce all written or recorded statements, signed or unsigned, from any individuals regarding the beneficiary changes to Thomas Retzlaff's policy.**

   None, apart from Plaintiffs documents which are already entered into record.

9. **Produce the police report or any law enforcement documents in your possession related to Thomas Retzlaff's death.**

   These defendants do not have a copy of the police report.

10. **Produce any documents showing communications between you and Detective Sebero Torres or Detective Vargas regarding this case.**

DISCOVERY RESPONSE

None

**11. Produce any communications, agreements, or discussions with Brittany Retzlaff, Denise Hollas, or Collin Retzlaff regarding the division of the life insurance proceeds.**

None

**12. Produce all emails or other written communications between you and any legal representatives regarding this case.**

Such communications are privileged as Attorney Work Product and Attorney Client Confidentiality

EXHIBIT

Dated this 21st day of January 2025.

/s/ Anthony R. Montoya

_____

Anthony R. Montoya
Arizona State Bar #22322
For Defendants Brittany A. Retzlaff and
Denise Hollis

**via e-mail** :

tayjalayastormwilliams@gmail.com

skippyjones90@icloud.com

DISCOVERY RESPONSE

EXHIBIT E

ExHIBIT **E**

1
Collin A Retzlaff,
11833 West Rosewood DR.
2  El Mirage, AZ 85335
3  skippyjones90@icloud.com

4
                    UNITED STATES DISTRICT COURT
5
                        DISTRICT OF ARIZONA
6

7
Transamerica Life Insurance Company,          No.: 2:24-cv-00379-ROS
8
              Plaintiff,
9
vs.                                           **DEFENDANTS' ANSWERS TO**
                                              **TAJALAYA S. WILLIAM'S**
10                                            **INTERROGATORIES AND**
TAYJALAYA S. WILLIAMS, COLLIN RETZLAFF,       **REQUESTS FOR PRODUCTION**
11  BRITTANY A. RETZLAFF and DENISE A. HOLLAS
    Defendants
12

13        Defendant: Collin Retzlaff represented Pro Se

14        Collin Retzlaff, hereby answer Tajalaya S. Williams' Interrogatories and Requests for

15        Production in compliance with Fed. R. Civ. Pro. 26:

16        1.  **State all facts supporting your claim that you are entitled to any portion of the**
17
18            **life insurance proceeds from Thomas Retzlaff's policy.:**

19        Collin was named as beneficiart on previous versions of the decedents policy.

20        Because of concerns of Transamerica concerning the changes to the policy beneficiary

21         and the death of the decedent Defendant Retzlaff was named as

22
23         Defendant in this action.

24        2.  **Identify all evidence in your possession disputing the validity of the beneficiary**

25            **changes made to the policy on June 1, 2021, and August 28, 2021.:**

26               **None**

27        3.  . **Describe in detail any communications you had with Transamerica Life**

28
DISCOVERY RESPONSE

Insurance Company regarding the life insurance policy in question, including dates, parties involved, and the substance of those communications.:

None.

4.  State whether you have any evidence to support the claim that the Slayer Rule applies to Tayjalaya Williams. If yes, describe the evidence in detail.

Defendant does not have any such evidence.

5.  Identify all communications you have had with law enforcement, including Detective Sebero Torres or Detective Vargas, regarding Thomas Retzlaff's death. Include the dates, parties involved, and the nature of these communications.

Collin had a meeting with the El Mirage Police Department.

6.  Explain why you listed Detective Sebero Torres as a potential witness in your initial disclosure, and state what specific testimony you expect him to provide.

Detective Torres is now leading the investigation into the homicide and thus would be in the best position to advise the court whether the elements of the slayer statute apply.

7.  Identify all witnesses you intend to call at trial and describe the testimony you expect each witness to provide.

None; reserving the right to later amend

8.  State whether you have any evidence suggesting that Tayjalaya Williams forged or falsified the beneficiary designation forms. If yes, describe the evidence.

These Defendant does nott have such evidence.

DISCOVERY RESPONSE

9. **State whether you are aware of any written or recorded statements from any individuals regarding the life insurance policy, and if so, identify the content and custodian of those statements.**

These Defendant is not aware of any such documents.

10. **State whether you admit or deny that the police report concerning Thomas Retzlaff's death lists no suspects, and provide your explanation if you dispute this fact.**

Defendant is not aware of the contents of the police report.

11. **Identify any communications or agreements you have had with other defendants regarding how the life insurance proceeds should be divided.**

Defendant does not have any agreements as to the division of life insurance proceeds.

12. **State all facts and evidence supporting your position that Detective Sebero Torres has knowledge relevant to this case.**

Defendant was informed by the El Mirage police Department that detective Torres was now handling the homicide investigation.

## SECTION II: REQUEST FOR PRODUCTION

1. **Produce all documents, communications, and evidence you intend to use at trial.**

None; reserving the right to later amend.

2. **Produce any documents or communications with Transamerica Life Insurance Company regarding Thomas Retzlaff's life insurance policy.**

None

DISCOVERY RESPONSE

3.  Produce all documents or evidence in your possession disputing the beneficiary changes made on June 1, 2021, and August 28, 2021.

    None

4.  Produce all correspondence, emails, or other communications between you and law enforcement regarding Thomas Retzlaff's death.

    None

5.  Produce any statements, reports, or evidence supporting the claim that the Slayer Rule applies to Tayjalaya Williams.

    None

6.  Produce all documents showing your status as a prior beneficiary on Thomas Retzlaff's life insurance policy.

    This document was presented by Plaintiff as a supplement to the complaint.

7.  Produce all evidence, including documents and communications, showing your claim to the life insurance proceeds.

    None, apart from Plaintiffs documents which are already entered into record.

8.  Produce all written or recorded statements, signed or unsigned, from any individuals regarding the beneficiary changes to Thomas Retzlaff's policy.

    None, apart from Plaintiffs documents which are already entered into record.

9.  Produce the police report or any law enforcement documents in your possession related to Thomas Retzlaff's death.

    The defendant does not have a copy of the police report.

10. Produce any documents showing communications between you and Detective Sebero Torres or Detective Vargas regarding this case.

DISCOVERY RESPONSE

None

**11. Produce any communications, agreements, or discussions with Brittany Retzlaff, Denise Hollas, or Collin Retzlaff regarding the division of the life insurance proceeds.**

None

**12. Produce all emails or other written communications between you and any legal representatives regarding this case.**

Such communications are privileged as Attorney Work Product and Attorney Client Confidentiality

Dated this 21st day of January 2025.

/s/ Collin A Retzlaff

_____

Collin A Retzlaff
Pro Se

**via e-mail :**

tayjalayastormwilliams@gmail.com

anthony@montoyalawoffice.com

DISCOVERY RESPONSE

EXHIBIT *E*

EXHIBIT F

← ↓ 🗑 ✉ ⋮

# Requested report E21090092  ⭐

> Inbox

**PD Records** 📎 7/3/2024
Hello, Your report is now complete. It is
$20.00, you can pay over the phone at

**Goddess laya** 📎 7/3/2024
am writing to request a copy of the police
report and If possible, could you please

**PD Records** 7/3/2024
to me ⌄

☺ ↩ ⋮

🖼 Show pictures

Hello,

Please see attached for a copy of your completed report
and receipt. Thanks!

Show quoted text

📎    ↩ ▾  Reply              ➡  ☺

33

EXHIBIT F

← ⬇ 🗑 ✉ ⋮

# Requested report E21090092 ⭐

⯈ [ Inbox ]

**P**   **PD Records** 7/3/2024    ☺ ↩ ⋮
to me ⌄

From   PD Records · pdrecords@elmirageaz.gov

To   tayjalayastormwilliams@gmail.com

Date   Jul 3, 2024, 8:08 AM

🔒   Standard encryption (TLS).
View security details

🖼 Show pictures

Hello,

Your report is now complete. It is $20.00, you can pay over the phone at 623-500-3000 or at the lobby when picked up. Thank you!

Police Records Tech. Sr.

📎   ↩ ▾ Reply    ↪ ☺

✉ 33    📷



**Goddess laya** 7/3/2024
to pdrecords ⌄

From  Goddess laya · tayjalayastormwilliams@gmail.com

To  pdrecords@elmirageaz.gov

Date  Jul 3, 2024, 4:15 PM

View security details

am writing to request a copy of the police report and If possible, could you please send the report via email, either as a PDF or through a secure drive link?
If email delivery is not feasible,and since I live out of town, I would appreciate it if you could mail a physical copy to my address?

Show quoted text



Reply





🔒 Standard encryption (TLS).
View security details

🖼 Show pictures

Hello,

Please see attached for a copy of your completed report and receipt. Thanks!

**Show quoted text**

**EL MIRAGE POLICE DEPARTMENT**
Officer Report for Incident E21090092

| Nature: Homicide | Address: |
| Location: 12 | |

Offense Codes: HOMI
Received By: M Felix    How Received: T    Agency: EMPD
Responding Officers: S J Hewetson, T A Foster, M A Matson, M R Lowry, D B Armor, S R Montes, N C Brice, D M Jones, K M Willer, R J Thomas, Z J Ohs, C M McDonough, H R Wheat, S C Moncrieff, R D Peoples, C D Campbell, C C Culp, J D Vargas, T M Slater, M S Vanoeski, S N Navarro, A A Go, M J Jacobo, T W McCracken, J A McCullom, D M Crandall, Z J Ohs, J L Johnston, J L Michael, J R Chavez, G K Jordan, I M Takashige, Surprise A/C, Y Bojorquez
Responsible Officer: S J Hewetson    Disposition: CAA 02/23/22
When Reported: 22:43:42 09/01/21    Occurred Between: 22:37:23 09/01/21 and 22:37:23 09/01/21

| Assigned To: J D Vargas | Details: EHOM | Date Assigned: 09/07/21 |
| Status: PND | Status Date: 08/02/22 | Due Date: **/**/** |

📄 PDF   E21090092rpt.pdf   ⬇ ☁

📎   ↩ ▼ Reply   ➡   😊



EXHIBIT F




EXHIBIT F



# EL MIRAGE POLICE DEPARTMENT
Officer Report for Incident E21090092

| | |
|---|---|
| **Nature:** Homicide | **Address:** |
| **Location:** 12 | |

**Offense Codes:** HOMI
**Received By:** M Felix          **How Received:** T          **Agency:** EMPD
**Responding Officers:** S J Hewetson, T A Foster, M A Matson, M R Lowry, D B Armor, S R Montes, N C Brice, D M
Jones, K M Willer, R J Thomas, Z J Ohs, C M McDonough, H R Wheat, S C Moncrieff, R D
Peoples, C D Campbell, C C Culp, J D Vargas, T M Slater, M S Vanorski, S N Navarro, A A Go, M
J Jacobs, T W McCracken, J A McCullom, D M Crandall, Z J Ohs, J L Johnston, J L Michael, J R
Chavez, G K Jordan, I M Takashige, Surprise A/C, Y Bojorquez

**Responsible Officer:** S J Hewetson          **Disposition:** CAA 02/23/22
**When Reported:** 22:43:42 09/01/21          **Occurred Between:** 22:37:23 09/01/21 and 22:37:23 09/01/21

**Assigned To:** J D Vargas          **Detail:** EHOM          **Date Assigned:** 09/07/21
**Status:** PND          **Status Date:** 08/02/22          **Due Date:** **/**/**

**Complainant:** A 240918
**Last:** WILLIAMS          **First:** TAYJALAYA          **Mid:**
**DOB:**          **Dr Lic:**          **Address:** 12600 N B ST
**Race:** B          **Sex:** F          **Phone:** (602)396-3081          **City:** EL MIRAGE, AZ 85335

## Offense Codes
**Reported:** HOMI Homicide          **Observed:** WELF Welfare Check
**Additional Offense:** HOMI Homicide

## Circumstances
LT20 Residence/Home

**Responding Officers:**          **Unit :**

| | |
|---|---|
| S J Hewetson | J222 |
| T A Foster | T312 |
| M A Matson | T312 |
| M R Lowry | J223 |
| D B Armor | J321 |
| S R Montes | 314 |
| N C Brice | 310 |
| D M Jones | K21 |
| K M Willer | J221 |

07/02/24

### Narrative

El Mirage Police Department
Investigation Narrative

The following contact was video and audio recorded using the body worn cameras
(BWC) issued by El Mirage Police Department.   Yes __X__        No _____

Incident/DR Number: E21090092/ Homicide

Date, Time, Reporting Officer:

09/01/2021, 2243 hours, S. Hewetson #3362

Synopsis:

On 09/01/2021 at approximately 2243 hours, Thomas Retzlaff was found deceased
inside of his residence located at █████████████████████

Detailed Narrative:

On September 1, 2021 at approximately 2243 hours, Officer S. Hewetson #3362 was
dispatched to the residence located at █████████████████████

Call notes advised, the female complainant, "Storm", requesting a welfare check
on her husband, Tom Christopher Retzlaff, ███████████████ "Storm" advised she
had not heard from her husband since "last night" and said he usually messages
her back after therapy but has not.

Upon Officer Hewetson's arrival at the residence, Officer Hewetson observed no
vehicles parked in the driveway. Officer Hewetson approached the front door and
observed what appeared to be a security camera located directly above the front
door. Officer Hewetson rang the doorbell and knocked on the door approximately
four times. Officer Hewetson could hear a dog barking from inside and noticed a
light on inside. Officer Hewetson yelled, "Police, welfare check" while standing
at the front door. Officer Hewetson was not able to make contact with anybody at
the residence.



Officer Hewetson has responded to numerous calls involving subjects who have
been seriously injured and exhibited blood loss. During these calls, Officer
Hewetson has observed subjects actively bleeding and has seen remnants of dried



Case 2:24-cv-00379-ROS    Document 80    Filed 04/01/25    Page 51 of 74

### Supplement

El Mirage Police Department
Supplemental Narrative

The following contact was video, and audio recorded using the body worn cameras
(BWC) issued by El Mirage Police Department.   Yes  X        No

Incident/DR Number: E21090092
Supplement Number: Three (3)

Date, Time, Reporting Officer: 10/15/21, 0013 hours, D. Jones #3315
Original supplemental report written on 9/3/21

Additional information received prior to arrival included the EMPD Dispatch
notes:  "RP/WIFE REQUESTING WELFARE CHECK ON HUSBAND, SAID SHE HAS NOT HEARD
FROM HIM SINCE LAST NIGHT. RP SAID HE USUALLY MESSAGES HER BACK AFTER THERAPY
BUT HAS NOT CHECKED IN WITH HER. RP SAID HE DRIVES A  CHRY 300 BLUE IN COLOR.
AND HAS NO MEDICAL HISTORY THAT WOULD STOP HIM FROM KEEPING IN CONTACT WITH HER.
RP IS NOT IN TOWN." "HUSBAND: TOM CHRISTOPHER RETZLASS DOB.





Officer Jones learned the rear, backyard, pedestrian gate on the east side of
the house was secured with a lock. Officer Jones retrieved his bolt cutters from
his patrol K-9 vehicle. Officer Jones provided the bolt cutters to Officer
Armor. Officer Armor and Hewetson went over the gate, with the aid of a ladder,
and facilitated opening the gate by cutting the lock off. Officer Hewetson,
Armor, and Sgt Brice assisted with clearing the backyard.

EXHIBIT F

## Name Involvements:

**Other :** A E46668
    **Last:** PARSONS     **First:** NATALEE     **Mid:** MICHELLE
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** F     **Phone:**     **City:**

**Contacted :** A 177598
    **Last:** ROGERS     **First:** DYLAN     **Mid:** CHASE
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** M     **Phone:**     **City:**

**Victim :** 149363
    **Last:** RETZLAFF     **First:** THOMAS     **Mid:** CHRISTOPHER
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** M     **Phone:** ( ) -     **City:**

**Other :** A E45393
    **Last:** HOLLAS     **First:** DENISE     **Mid:** ANN
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** F     **Phone:**     **City:**

**Contacted :** 165844
    **Last:** RETZLAFF     **First:** BRITTANY     **Mid:** ANASTASIA
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** F     **Phone:**     **City:**

**Contacted :** A E39298
    **Last:** RETZLAFF     **First:** COLLIN     **Mid:** ALEXANDER
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** M     **Phone:**     **City:**

**Mentioned :** A 235666
    **Last:** DEKEN     **First:** NADIA     **Mid:** PATRICIA
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** W     **Sex:** F     **Phone:**     **City:**

**Complainant :** A 240918
    **Last:** WILLIAMS     **First:** TAYJALAYA     **Mid:**
    **DOB:**     **Dr Lic:**     **Address:** 12600 N B ST
    **Race:** B     **Sex:** F     **Phone:** (602)396-3081     **City:** EL MIRAGE, AZ 85335

**Investigative** A 198402
**Lead :**
    **Last:** WILLIAMS     **First:** MARICHAIL     **Mid:** N'NAMDI
    **DOB:**     **Dr Lic:**     **Address:**
    **Race:** B     **Sex:** M     **Phone:**     **City:**

EXHIBIT

07/02/24



EXHIBIT F

←       ⬇    🗑    ✉    ⋮

EXHIBIT G

## 2:24-cv-00379-ROS
## Transamerica Life Insurance
## Company v. Williams et al ➤    ☆

Inbox



**Jacobsohn, Andrew** 🔗 6/10/2024

Ms. Williams, When we spoke on April 30, 2024, I requested that you communicate with



**Goddess laya** 6/10/2024

Mr. Jacobsohn, Thank you for your prompt response. I understand that



**Jacobsohn, Andrew** 🔗 6/11/2024

Ms. Williams, Our file on this matter has closed. From: Goddess laya



**Goddess laya** 🔗 6/11/2024

Dear Mr. Jacobsohn, I acknowledge receipt of your email dated June 11th 2024, stating



**Jacobsohn, Andrew** 🔗 6/21/2024

📎    ⬅ ▼   Reply all      →    ☺

✉ ③③        📷



**Jacobsohn, Andrew** 🔗 6/10/2024

Ms. Williams, When we spoke on April 30, 2024, I requested that you communicate with

 **Goddess laya** 6/10/2024

Mr. Jacobsohn, Thank you for your prompt response. I understand that

**Jacobsohn, Andrew** 🔗 6/11/2024

Ms. Williams, Our file on this matter has closed. From: Goddess laya

 **Goddess laya** 🔗 6/11/2024

Dear Mr. Jacobsohn, I acknowledge receipt of your email dated June 11th 2024, stating

**Jacobsohn, Andrew** 🔗 6/21/2024

Our office spoke with Detective Vargas. Transamerica has made no allegations

 **Goddess laya** 6/21/2024

to Jacobsohn, Bressl... ∨

This contradiction is causing confusion and concern.

 ← ▼ Reply all → 😊

EXHIBIT G



**Goddess Iaya** 📎 6/11/2024

Dear Mr. Jacobsohn, I acknowledge receipt of your email dated June 11th 2024, stating

**Jacobsohn, Andrew** 📎 6/21/2024

Our office spoke with Detective Vargas. Transamerica has made no allegations

**Goddess Iaya** 6/21/2024

to Jacobsohn, Bressl... ⌄

This contradiction is causing confusion and concern.

Specifically, I just need clarity on the following points:

- Why does the legal document state that I was considered a prime suspect based on communication with the El Mirage Police Department, while your email indicates no allegations have been made against me by Transamerica?

- How does Transamerica currently view my involvement in this matter, as reflected in both legal filings and direct communications?

I believe it is crucial for me to resolve this discrepancy to ensure that all parties have a clear and accurate understanding of the situation, and I'm only one person just trying to resolve this, I would really appreciate your help in Clarification.

Reply all



EXHIBIT G

Jacobsohn,...    6/10/2024

to me, Bressler, Hirka... ⌄

| From | Jacobsohn, Andrew • AJacobsohn@lewisroca.com |
| --- | --- |
| To | tayjalayastormwilliams@gmail.com |
| Cc | Bressler, Stephen • SBressler@lewisroca.com
Hirka, George • GHirka@lewisroca.com
Rodriguez, Sonya • SRodriguez@lewisroca.com |
| Date | Jun 10, 2024, 11:09 AM |
| 🔒 | Standard encryption (TLS).
View security details |

Show pictures

Ms. Williams,

When we spoke on April 30, 2024, I requested that you communicate with us via email. Transamerica deposited the life insurance benefit with the Court and has been dismissed from the case.  Its involvement is over.

Reply all

🔒  Standard encryption (TLS).
      View security details

Ms. Williams,

When we spoke on April 30, 2024, I requested that you communicate with us via email. Transamerica deposited the life insurance benefit with the Court and has been dismissed from the case.  Its involvement is over.

Best,

Andrew

**Andrew Jacobsohn**

Associate

AJacobsohn@lewisroca.com

D. 602.262.5782

LEWIS ROCA

Reply all

EXHIBIT G



← ⤓ 🗑 ✉ ⋮

**Goddess laya** 6/10/2024  ☺ ↩ ⋮
to Jacobsohn ∧

From  Goddess laya • tayjalayastormwilliams@gmail.com

To  Jacobsohn, Andrew • AJacobsohn@lewisroca.com

Date  Jun 10, 2024, 12:03 PM

View security details

Mr. Jacobsohn,

Thank you for your prompt response. I understand that Transamerica's involvement in the case has concluded.However, I would like to clarify my request regarding the general allegations stating that I was labeled a prime suspect in my late husband Thomas Retzlaff's case. This information is crucial for my ongoing legal matters and to address any misrepresentations in the current proceedings.

I have records of our 4 Minute phone call, on the phone Aug 18th 2024 at 3:24pm,while you were still involved in the case, I specifically asked who you had spoken to at the police department regarding this matter, and you mentioned that you would get back to me but never did. Could you please confirm if there are any specific

  Reply all 

 

EXHIBIT G

Date   Jun 10, 2024, 12:03 PM

View security details

Mr. Jacobsohn,

Thank you for your prompt response. I understand that Transamerica's involvement in the case has concluded. However, I would like to clarify my request regarding the general allegations stating that I was labeled a prime suspect in my late husband Thomas Retzlaff's case. This information is crucial for my ongoing legal matters and to address any misrepresentations in the current proceedings.

I have records of our 4 Minute phone call, on the phone Aug 18th 2024 at 3:24pm, while you were still involved in the case, I specifically asked who you had spoken to at the police department regarding this matter, and you mentioned that you would get back to me but never did. Could you please confirm if there are any specific documents or communications from Transamerica that led to these allegations?

If so, I kindly request information on who at the police department was spoken to and for these documents to be provided, or guidance on how to obtain them.

Thank you for your assistance.

Show quoted text

Reply all



←      ⤓   🗑   ✉   ⋮

 **Jacobsohn,...**   6/11/2024   ☺   ↩   ⋮

to me, Bressler, Hirka... ⌃

| | |
|---|---|
| From | Jacobsohn, Andrew • AJacobsohn@lewisroca.com |
| To | Goddess laya • tayjalayastormwilliams@gmail.com |
| Cc | Bressler, Stephen • SBressler@lewisroca.com<br>Hirka, George • GHirka@lewisroca.com<br>Rodriguez, Sonya • SRodriguez@lewisroca.com |
| Date | Jun 11, 2024, 8:16 AM |
| 🔒 | Standard encryption (TLS).<br>View security details |

Ms. Williams,

Our file on this matter has closed.

Best,

Andrew

**Andrew Jacobsohn**

    Reply all        



←        ⬇    🗑    ✉    ⋮

 **Goddess laya** 6/11/2024    ☺   ↩   ⋮

to Jacobsohn ⌄

| | |
|---|---|
| From | Goddess laya • tayjalayastormwilliams@gmail.com |
| To | Jacobsohn, Andrew • AJacobsohn@lewisroca.com |
| Date | Jun 11, 2024, 1:15 PM |
| | View security details |

Dear Mr. Jacobsohn,

I acknowledge receipt of your email dated June 11th 2024, stating that Transamerica's file on this matter has been closed. Despite this, I require specific information regarding the allegations made against me and the communications between Transamerica and the El Mirage Police Department.

Specifically, I request:

A detailed account of the allegations made against me.The names and contact information of the individuals at Transamerica who communicated with the El Mirage Police Department.Copies of any correspondence, reports, or documentation shared with the El Mirage Police Department.

Regaedless If this information is not provided voluntarily, I will pursue all available legal avenues, including issuing a

📎    ↩ ▾   Reply all          ➡    ☺



View security details

Dear Mr. Jacobsohn,

I acknowledge receipt of your email dated June 11th 2024, stating that Transamerica's file on this matter has been closed. Despite this, I require specific information regarding the allegations made against me and the communications between Transamerica and the El Mirage Police Department.

Specifically, I request:

A detailed account of the allegations made against me.The names and contact information of the individuals at Transamerica who communicated with the El Mirage Police Department.Copies of any correspondence, reports, or documentation shared with the El Mirage Police Department.

Regaedless If this information is not provided voluntarily, I will pursue all available legal avenues, including issuing a subpoena to obtain the necessary documents and details.

Please respond by june 22nd, to confirm whether you will comply with my request.

Regards,

Show quoted text



EXHIBIT G

**Jacobsohn,...**  6/21/2024

to me, Bressler, Hirka... ⌃

From    Jacobsohn, Andrew • AJacobsohn@lewisroca.com

To      Goddess laya • tayjalayastormwilliams@gmail.com

Cc      Bressler, Stephen • SBressler@lewisroca.com
        Hirka, George • GHirka@lewisroca.com
        Rodriguez, Sonya • SRodriguez@lewisroca.com

Date    Jun 21, 2024, 12:14 PM

🔒      Standard encryption (TLS).
        View security details

Our office spoke with Detective Vargas. Transamerica has made no allegations against you; for any further information, please contact the El Mirage Police Department.


**Andrew Jacobsohn**

Associate

 **Goddess laya** 6/21/2024

to Jacobsohn, Bressl... ⌄

| From | Goddess laya · tayjalayastormwilliams@gmail.com |
|---|---|
| To | Jacobsohn, Andrew · AJacobsohn@lewisroca.com |
| Cc | Bressler, Stephen · SBressler@lewisroca.com<br>Hirka, George · GHirka@lewisroca.com<br>Rodriguez, Sonya · SRodriguez@lewisroca.com |
| Date | Jun 21, 2024, 3:50 PM |

View security details

This contradiction is causing confusion and concern.

Specifically, I just need clarity on the following points:

- Why does the legal document state that I was considered a prime suspect based on communication with the El Mirage Police Department, while your email indicates no allegations have been made against me by Transamerica?

- How does Transamerica currently view my involvement in this matter, as reflected in both legal filings and direct communications?

I believe it is crucial for me to resolve this discrepancy to ensure that all parties have a clear and accurate

Reply all


EXHIBIT G

← 📥 🗑 ✉ ⋮

.com

To      Jacobsohn, Andrew · AJacobsohn@lewisroca
        .com

Cc      Bressler, Stephen · SBressler@lewisroca.com
        Hirka, George · GHirka@lewisroca.com
        Rodriguez, Sonya · SRodriguez@lewisroca
        .com

Date    Jun 21, 2024, 3:50 PM

        View security details

This contradiction is causing confusion and concern.

Specifically, I just need clarity on the following points:

- Why does the legal document state that I was considered a prime suspect based on communication with the El Mirage Police Department, while your email indicates no allegations have been made against me by Transamerica?

- How does Transamerica currently view my involvement in this matter, as reflected in both legal filings and direct communications?

I believe it is crucial for me to resolve this discrepancy to ensure that all parties have a clear and accurate understanding of the situation, and I'm only one person just trying to resolve this, I would really appreciate your help in Clarification.

  Reply all  

 

EXHIBIT G

EXHIBIT

1    beneficiary requests (attached as **Exhibit B**). Specifically, on November 10, 2020,

2    Transamerica updated the Policy pursuant to Insured's change of beneficiary request to

3    name Collin A. Retzlaff and Denise A. Hollas as the only primary beneficiaries. This

4    change specified that Collin A. Retzlaff was to receive 90% of the death benefit, and

5    Denise A. Hollas was to receive 10% of the death benefit.

6         11.    On June 1, 2021, Transamerica updated the Policy pursuant to a change of

7    beneficiary request to name Tayjalaya S. Williams and Collin A. Retzlaff as the only

8    primary beneficiaries. *See* **Exhibit B**. This change specified that Tayjalaya S. Williams

9    was to receive 75% of the death benefit, and Collin A. Retzlaff was to receive 25% of the

10    death benefit.

11         12.    On August 28, 2021, the Insured married Tayjalaya S. Williams. A copy of

12    the Record of Marriage is attached as **Exhibit C.**

13         13.    Four days after getting married, the Insured was murdered on September 1,

14    2021 in El Mirage, Arizona. A copy of the Insured's Certificate of Death is attached as

15    **Exhibit D**. The Arizona Department of Health Services ruled the Insured's death a

16    homicide. *See* **Exhibit D**.

17         14.    On September 2, 2021, one day after the Insured was murdered,

18    Transamerica received a beneficiary change request to name Tayjalaya S. Williams as the

19    sole beneficiary, to receive 100% of the death benefit. This request was dated August 28,

20    2021. Transamerica was unable to verify the authenticity of the signature of the Insured,

21    and has not executed this change. *See* **Exhibit B**.

22         15.    Upon information and belief, the El Mirage Police Department is

23    conducting a murder investigation into the Insured's death. Detectives from the El Mirage

24    Police Department informed Transamerica that neither Collin Retzlaff nor Tayjalaya S.

25    Williams have been cleared of involvement in the death of the Insured. Specifically, on

26    February 1, 2022, Transamerica spoke with the El Mirage police department, who stated

27    that Collin Retzlaff was not cleared of involvement, and that Tayjalaya S. Williams was

28    the prime suspect.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA



EXHIBIT

1   specified that Tayjalaya Williams was to receive 75% of the death benefit, and Collin

2   Retzlaff was to receive 25% of the death benefit. Accordingly, Transamerica updated the

3   Policy pursuant to the request on June 1, 2021.

4        On August 28, 2021, the Insured married Tayjalaya Williams. Four days after

5   getting married, the Insured was murdered on September 1, 2021 in El Mirage, Arizona.

6   The Arizona Department of Health Services ruled the Insured's death a homicide. The El

7   Mirage Police Department is conducting a murder investigation into the Insured's death.

8        On September 2, 2021, one day after the Insured was murdered, Transamerica

9   received a beneficiary change request to name Tayjalaya Williams as the sole beneficiary,

10  to receive 100% of the death benefit. This request was dated August 28, 2021.

11  Transamerica was unable to verify the authenticity of the signature of the Insured, and has

12  not executed this change.

13       El Mirage Police Department detectives have informed Transamerica that neither

14  Collin Retzlaff nor Tayjalaya S. Williams have been cleared of involvement in the death

15  of the Insured. Specifically, on February 1, 2022, Transamerica spoke with the El Mirage

16  police department, who stated that Collin Retzlaff was not cleared of involvement, and

17  that Tayjalaya S. Williams was the prime suspect. Transamerica continued to

18  communicate with the El Mirage police department. On August 30, 2023, Detective Jason

19  Vargas of the El Mirage police department advised Transamerica that their investigation

20  had not changed and that they were still unable to clear Collin Retzlaff of involvement.

21  On October 10, 2023, Detective Joe Johnston again advised Transamerica that the

22  investigation remained ongoing.

23       As a result of Insured's death, the $100,000 death benefit became payable.

24  However, Arizona statues, the federal common law and the laws of every jurisdiction

25  nationwide prohibit a beneficiary who was responsible for the death of an insured from

26  profiting from her own wrongs. A.R.S. § 14-2803; *see e.g.*, *Egelhoff v. Egelhoff*, 532 U.S.

27  141, 152 (2001) (citing *Riggs v. Palmer*, 115 N.Y. 506 (1889)), and noting in dictum that

28  the principles underlying state slayer statues "are well established in the law and ha[ve] a

124011831.1

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA

EXHIBIT H

1        Transamerica has not made any accusations about who is responsible for the

2  homicide. The El Mirage Police Department detectives informed Transamerica that

3  neither Collin Retzlaff nor Tayjalaya S. Williams had been cleared of involvement in the

4  death of the Insured. Shortly before filing this interpleader action, an investigator with

5  Plaintiff's counsel made another inquiry with the El Mirage Police Department and was

6  told the same thing.

7        Transamerica is ready, willing and able to pay the Policy Benefits, but cannot

8  adjudicate the competing claims advanced by the Interpleader Defendants without

9  potential exposing itself to liability. *Cf. Glass v. United States*, 506 F.2d 379 (10th Cir.

10  1974) (Veterans Administration's payment of life insurance policy proceeds to decedent's

11  wife before she was convicted of murder was premature; children, who were contingent

12  beneficiaries, had right to policy proceeds).

13        Interpleader actions proceed in two stages: (1) the Court "determines the right of

14  the party invoking the remedy to compel the claimants to litigate their claims to the stake

15  in one proceeding" and (2) then the Court determines "the respective rights of the

16  claimants to the stake." 7 Fed. Prac. & Proc. Civ. § 1714 (Wright & Miller 3d ed. Jun.

17  2024 Update).

18        At the first stage, Transamerica filed a motion to deposit the Policy Benefits,

19  compel the claimants to litigate their claims, and request a discharge, injunction, and other

20  related relief. ECF No. 20. The only aspect of the motion which any Interpleader

21  Defendant opposed was Transamerica's request for attorneys' fees. And on April 23,

22  2024, the Court granted the motion and ordered:

23  /   /   /

24           EXHIBIT H

25  /   /   /

26

27  /   /   /

28

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA

EXHIBIT **H**