**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Transamerica Life Insurance Company, | No. CV-24-00379-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Tayjalaya S Williams, et al., | |
| Defendants. | |

Before the Court is Defendant Williams' Motion for Reconsideration of the Court's Order denying her Motion for Summary Judgment. (Doc. 91). For the reasons set forth below, the Motion will be denied.

Under the Rules of Practice and Procedure of the U.S. District Court for the District of Arizona,

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in that Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding for a reconsideration motion to be granted, the movant must show (1) an intervening change in controlling law, (2) newly discovered evidence not previously available, or (3) the need to correct clear error or prevent manifest injustice); *see also Planned Parenthood of the Great Nw. & the Hawaiian Islands v. Wasden*, 564 F. Supp. 3d 895, 901 (D. Idaho 2021) ("If the motion to reconsider does not fall within one of these three categories, it must be denied."); *see also Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023) ("Motions for reconsideration are disfavored and should be granted only in rare circumstances.").

Defendant Williams has failed to satisfy the high burden required to grant a motion for reconsideration and modify an existing Court Order.  She did not show the Court manifestly erred in its denial of summary judgment and did not provide any "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  Defendant Williams merely submits an affidavit purporting to authenticate a June 22, 2021 email and a August 8, 2021 text message, both sent by the Decedent and received by Defendant Williams.  (*See* Doc. 91).  Even with proper authentication, the email and text message are not dispositive of "Defendant's intent in making the beneficiary change request to designate Ms. Williams the sole beneficiary of the Policy," as stated in the Court's Order. (Doc. 90 at 7).  No "manifest error" or "rare circumstances" exist warranting reconsideration of the Court's Order.  LRCiv 7.2(g)(1); *Lerner & Rowe PC*, 684 F. Supp. 3d at 955.

Accordingly,

**IT IS ORDERED** Defendant Williams' Motion for Reconsideration (Doc. 91) is **DENIED**.

**IT IS FURTHER ORDERED** the parties shall file a Joint Status Report no later than **September 16, 2025** addressing the status of the litigation and readiness for trial now that discovery and dispositive motion deadlines have passed.  If the parties intend to proceed with trial, they shall be prepared to comply with the trial procedures found on the

Court's website at www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures for Hon. Roslyn O. Silver, including filing a Joint Proposed Pretrial Order by the date specified at the Status Conference.

Dated this 29th day of August, 2025.

_____
Honorable Roslyn O. Silver
Senior United States District Judge