IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Transamerica Life Insurance Company, | No. CV-24-00379-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Tayjalaya S Williams, et al., | |
| Defendants. | |

After numerous violations of Court orders in this matter, the Court ordered the parties to show cause why this action should not be dismissed. (Doc. 114). Defendant Williams filed a Response, (Doc. 116), and the remaining Defendants filed nothing. The Court held a hearing on the issue on December 1, 2025.

The Court recognizes that "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal may not be warranted where noncompliance is not due to "willfulness, bad faith, or any fault of [the defendant]." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 211 (1958). However, dismissal is warranted when parties and counsel display "flagrant bad faith" and "callous disregard of their responsibilities," as found in *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976).[1] Like the petitioners in *National Hockey League*, all

---

[1] *See also Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987) (upholding district court's dismissal of action for Plaintiff's lack of preparation, dilatory conduct, and bad faith); *Stone v. City of Tucson*, 249 F.R.D. 326 (D. Ariz. 2008) (dismissal was justified where "plaintiff's failure to communicate with counsel, to comply with this Court's orders,

Defendants have committed numerous, willful violations of court orders[2] sufficient to justify dismissal.

At the December 1, 2025, hearing, Defendants Brittany Retzlaff and Denise Hollis either took no position or supported dismissal. Defendant Collin Retzlaff, taking no position on dismissal, stated that he had no excuse and he simply "didn't want to deal with it." Only Defendant Williams opposed dismissal. Defendant Williams attributed her violations of Court orders and false and inaccurate filings to a lack of legal training but showed no indication that she could or would remedy the pattern of violating Court orders and fulfill her litigation responsibilities. Instead, she again asked the Court to forgive her because she does not have an attorney. The Court explained that a judge is a neutral authority, and though charitable by nature, is obligated to treat every party the same. On this record of over a year, the Court finds if this case is permitted to continue, Defendants will undoubtedly continue to violate Court orders and commit the same legal errors. As such, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS ORDERED** this case is **DISMISSED**, each party to bear their own fees and costs.

**IT IS FURTHER ORDERED** Defendant Williams' Motion for Subpoena is **DENIED AS MOOT**.

…

…

…

…

…

---

and to prosecute this case has thwarted Defendant's discovery efforts, interfered with the Court's docket, and has unreasonably delayed adjudication of this case on the merits.") *Fressadi v. Town of Cave Creek*, 2012 WL 1655719 (dismissal under Rule 16 was appropriate where the record demonstrated the plaintiff had willfully violated the court's scheduling order); *Williams v. Ryan*, 2024 WL 2391129 (D. Ariz. 2024) (Plaintiff's repeated failure to file a memorandum in violation of court orders justified dismissal).

[2] See Docs. 111 and 114 for a detailed explanation of prior violations.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of dismissal in this matter and close the case.

Dated this 4th day of December, 2025.

_____
Honorable Roslyn O. Silver
Senior United States District Judge